# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> STATE OF NORTH CAROLINA, <br> STATE OF CALIFORNIA, <br> STATE OF COLORADO, <br> STATE OF CONNECTICUT <br> STATE OF MINNESOTA, <br> STATE OF OREGON, <br> STATE OF TENNNESSEE, and <br> STATE OF WASHINGTON, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br> REALPAGE, INC., <br><br>　　　　　Defendant. | Case No. 1:24-cv-00710-LCB-JLW <br><br> **UNOPPOSED MOTION FOR LEAVE FOR PLAINTIFF STATES TO ENTER NOTICES OF SPECIAL APPEARANCE WITHOUT ASSOCIATION OF LOCAL COUNSEL** |

## I. MOTION

Pursuant to Local Civil Rule 83.1(d), Plaintiff States of California, Colorado, Connecticut, Minnesota, Oregon, Tennessee, and Washington, acting by and through their respective Attorneys General ("Plaintiff States"), move for leave to enter notices of special appearance in this Court without association of local counsel in light of the special circumstances of this case. Plaintiff States conferred with counsel for Defendant, and counsel for Defendant consents to Plaintiff States' motion.

Plaintiff State of North Carolina joins in this motion for leave for its fellow Plaintiff States to file notices of special appearance in this action but is not requesting leave to file a special appearance for itself. Lawyers admitted in the Middle District of North Carolina have already appeared to represent North Carolina in this matter.

1

If the motion is granted, Plaintiff States' respective counsel will register as filing users with the Court's CM/ECF system, enter Notices of Special Appearance, and pay the Court's required appearance fee.

Plaintiff United States assents to Plaintiff States' requested relief.

## II. BACKGROUND

Plaintiff States, in conjunction with the United States, have filed a Complaint petitioning this Court pursuant to Section 4 of the Sherman Act, 15 U.S.C. § 4, to prevent and restrain Defendant's alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. Plaintiff States assert these claims based on their independent authority to bring this action pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and common law, and to obtain injunctive and other equitable relief based on Defendant's alleged anticompetitive practices in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. Each Plaintiff State has a particular interest in preventing the alleged anticompetitive conduct that harms their respective residents and general economies and thus, by and through their respective Attorneys General joined the United States and their sister States in bringing this action and in seeking injunctive relief.

## III. ARGUMENT

LR 83.1(d) states that "[a]ttorneys who are members in good standing of the bar of the highest court of any state or the District of Columbia may practice in this Court for a particular case in association with a member of the bar of this Court. To appear by special appearance, an attorney shall associate with a member of the bar of this Court, shall register as a filing user with the Court's CM/ECF system, shall enter a Notice of Special Appearance, and shall pay any

2

appearance fee required by the Court. See LR 5.3(c)(1). No motion is required."

Plaintiff States respectfully request that the Court waive the requirement that they obtain and associate with local counsel. Good cause justifies this request.

First and foremost, LR 83.1(c) already exempts "[f]ederal government attorneys representing the interests of the United States" from the local-counsel requirement. LR 83.1(c)(1). Plaintiff States simply seek the same treatment here so that their respective state interests may be represented directly by their own counsel just as the federal government attorneys are permitted to represent the United States' interests in this action without associating with local counsel. Each Plaintiff State has its own interests in preventing and protecting its residents and general economy against the alleged anticompetitive conduct, warranting full representation by its own counsel in this action. Plaintiff States further submit to the Court's general preference (section H) that there is "no special policy for matters involving out-of-town attorneys, parties or witnesses" and that "[c]ounsel are free to raise any issues they deem necessary." Plaintiff States thus respectfully ask the Court to permit their respective counsel to represent their particular interests in this action by admitting their counsel to practice by special appearance herein and waiving the requirement of association with local counsel under LR 83.1.

Second, there is persuasive authority for allowing state attorneys general to make special appearances without associating with local counsel. In another case filed by federal and state antitrust enforcers currently pending in this District, Magistrate Judge Peake granted plaintiff States' motion for leave to appear pursuant to LR 83.1 without association of local counsel on similar grounds. *FTC et al v. Syngenta Crop Protection, AG et al*, USDC MDNC Case No. 1:22-CV-828, Order, ECF No. 26, October 17, 2022. In that case, the State of North Carolina has not

joined as a plaintiff. Here, however, North Carolina has, and lawyers from the North Carolina Department of Justice have appeared on behalf of their State, but the procedural circumstances of the cases are otherwise similar. In *FTC v. Syngenta*, plaintiff States moved for leave to appear without association of local counsel, and Magistrate Judge Peake granted their request. Specifically, Magistrate Judge Peake ordered that "Plaintiff States are permitted to file Notices of Special Appearance in this case, under Local Rule 83.1(d), without association of local counsel." Plaintiff States seek similar permission here.

Third, as the local rules reflect, the purpose of the local-counsel requirement is to ensure that there is an attorney "responsible to this Court for the conduct of the litigation" who is (a) familiar with the applicable rules, (b) responsible to the Court in the event of any disciplinary proceeding, and (c) present for all pretrial conferences, dispositive proceedings, and trial. LR 83.1(d)(2). Plaintiff States and their counsel hereby certify to the Court that they will meet these standards. In support of the narrow, case-specific request stated herein, Plaintiff States will work with and assist the United States, which will coordinate and lead this litigation through experienced trial counsel from the United States Department of Justice, Antitrust Division ("USDOJ"). This comports with the requirements of LR 83.1.

In addition, by entering a Notice of Special Appearance under LR 83.1(d), counsel for each Plaintiff State agrees that:

> "(i) the attorney will be responsible for ensuring the presence of an attorney who is familiar with the case and has authority to control the litigation at all conferences, hearings, trials and other proceedings; and that

(ii) the attorney submits to the disciplinary jurisdiction of the Court for any misconduct in connection with the litigation for which the attorney is specially appearing."

Because Plaintiff States' counsel will enter Notices of Special Appearance and will register as filing users with the Court's CM/ECF system, they will all receive electronic notice of all docket entries. To the extent the Court or counsel need to coordinate or communicate with the Plaintiff States, Plaintiff States can designate liaison counsel for the Plaintiff States who could address that need, and who could be present during pretrial conferences, potentially dispositive proceedings, and trial.

The attorneys representing the Plaintiff States are fully familiar with the Federal Rules of Civil Procedure, have taken the necessary time to familiarize themselves with local procedural rules and case law, and will seek procedural advice from the USDOJ or in-district attorneys from Plaintiff State of North Carolina when and where appropriate. They are in good standing in the jurisdictions in which they are admitted, submit themselves to the Court's jurisdiction and control, and pledge to demonstrate the judicious and careful practice that the Court properly expects.

Because the Plaintiff States will be litigating this matter alongside experienced counsel from the USDOJ, Plaintiff States commit to cooperating with all noticed attorneys from the USDOJ in supporting consistent application of the Local Civil Rules and all applicable Orders and preferences of this Court. There is thus no practical reason to require Plaintiff States to associate local counsel, given that the Plaintiff States and their counsel certify that they will abide by all applicable rules while practicing in this Court.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff States request that the Court permit Plaintiff States to enter Notices of Special Appearance without association of local counsel. A proposed form of Order is submitted with this application.

Dated this 13th day of September 2024.

        Respectfully submitted,

FOR PLAINTIFF STATE OF OREGON:
ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ Timothy D. Smith*
Timothy D. Smith
Senior Assistant Attorney General
Antitrust and False Claims Unit
Oregon Department of Justice
100 SW Market St, Portland OR 97201
971.673.3885 | tim.smith@doj.oregon.gov
Attorneys for Plaintiff State of Oregon
Notice of Special Appearance forthcoming


FOR PLAINTIFF STATE OF CALIFORNIA:
ROB BONTA
Attorney General of California

*/s/ Doan-Phuong (Pamela) Pham*
DOAN-PHUONG (PAMELA) PHAM
Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6000
Email: Pamela.Pham@doj.ca.gov
Attorneys for Plaintiff State of California
Notices of Special Appearance forthcoming

FOR PLAINTIFF STATE OF COLORADO:
PHILIP J. WEISER
Attorney General of Colorado

*/s/ Bryn Williams*
BRYN A. WILLIAMS
First Assistant Attorney General
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Bryn.Williams@coag.gov
Attorney for Plaintiff State of Colorado
Notice of Special Appearance forthcoming

FOR PLAINTIFF STATE OF CONNECTICUT:
WILLIAM TONG
Attorney General of Connecticut

*/s/ Julián A. Quiñones Reyes*
JULIÁN A. QUIÑONES REYES
Assistant Attorney General
Office of the Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5030
Email: julian.quinones@ct.gov
Attorneys for Plaintiff State of Connecticut
Notices of Special Appearance forthcoming

FOR PLAINTIFF STATE OF MINNESOTA:
KEITH ELLISON
Attorney General of Minnesota

*s/Katherine A. Moerke*
KATHERINE A. MOERKE
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1433
Email: katherine.moerke@ag.state.mn.us
Attorneys for Plaintiff State of Minnesota
Notices of Special Appearance forthcoming

FOR PLAINTIFF STATE OF TENNESSEE:
JONATHAN SKRMETTI
Attorney General of Tennessee

*/s/ Ethan Bowers*
ETHAN BOWERS
Senior Assistant Attorney
Consumer Protection Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Email: ethan.bowers@ag.tn.gov
Attorneys for Plaintiff State of Tennessee
Notices of Special Appearance forthcoming

FOR PLAINTIFF STATE OF WASHINGTON:
ROBERT W. FERGUSON
Attorney General of Washington

*/s/ Brian H. Rowe*
BRIAN H. ROWE, WSBA #56817
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Email: brian.rowe@atg.wa.gov
Attorneys for Plaintiff State of Washington
Notice of Special Appearance forthcoming

FOR PLAINTIFF STATE OF NORTH CAROLINA:
JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ Kunal J. Choksi*
KUNAL J. CHOKSI
Special Deputy Attorney General N.C. Bar. No. 55666
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
Telephone: 919-716-6032
Email: kchoksi@ncdoj.gov
Attorneys for Plaintiff State of North Carolina