# Exhibit A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) NO. 3:23-cv-03071<br>) MDL No. 3071<br>)<br>) THIS DOCUMENT RELATES TO:<br>)<br>) ALL CASES |

## CASE MANAGEMENT ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's January 5, 2024, Order (ECF No. 693), and to secure the just, speedy, and inexpensive determination of this action, the Court orders that the following schedule shall govern these proceedings.

Any motion to modify the case management order or any case management deadline shall be filed at least seven days in advance of the earliest impacted deadline. Unless filed jointly, the motion for modification should include a statement confirming that counsel for the moving Party has met and conferred with opposing counsel about the requested modification(s) or extension(s), and whether there is any objection. The motion for modification should also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also demonstrate good cause as required by Fed. R. Civ. P. 16(b)(4). Counsel must promptly notify the Court of developments in the case that could significantly affect the

1

Case 3:23-md-03071   Document 818   Filed 02/16/24   Page 1 of 9 PageID #: 14766
Case 1:24-cv-00710-LCB-JLW   Document 39-1   Filed 10/17/24   Page 2 of 10

case management schedule.

The Court expects the Parties and their counsel to work cooperatively throughout this litigation to narrow the issues in dispute, and to use reasonable, good faith, and proportional efforts to preserve, request, identify, and produce relevant information and resolve discovery disputes.

**DISCOVERY DEADLINES AND LIMITS**

1. Opening of Discovery: For purposes of Rule 26(d)(1), discovery requests may be served on or after **February 16, 2024.**

2. Initial Disclosures: The Parties shall serve their initial disclosures required by Rule 26(a)(1) on or before **February 26, 2024**. In all subsequently consolidated actions, all newly added Parties shall serve initial disclosures within **21 days** of consolidation. If the newly added Parties disclose documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), they will produce copies of the documents themselves in response to discovery requests.

3. Fact Discovery Deadline: Fact discovery must be commenced in time to be completed on or before **November 21, 2025**. Privilege log procedures shall be governed by the ESI Order.

4. Interim Deadlines for Production of Documents and Data: To facilitate the scheduling and taking of depositions and the briefing of class certification, the Court also establishes the following interim deadlines for the production of documents and data:

    a. Meet and Confer about Custodians: The Parties shall begin meeting and conferring about custodians no later than **March 11, 2024**.

    b. Data Production: The production of structured data responsive to Plaintiffs' First Set of Structured Data Requests, and any data upon which Defendants intend to rely in their defense of the litigation, (together, "Structured Data") shall be complete by **October 25, 2024.** Defendants shall each produce a sample of their Structured Data databases no later than **May 1, 2024**. Plaintiffs shall meet and confer with Defendants, including raising questions about sample productions by **June 5, 2024**, and Defendants shall answer questions about the form and contents of the Structured Data and any perceived deficiencies therein by **July 10, 2024**, in order to facilitate the timely production of an agreed upon scope of Structured Data by **October 25, 2024**.

    c. Commencement of Productions: A responding Party shall begin rolling productions of documents from non-custodial sources in response to requests for production of documents by **April 26, 2024,** or within **60 days** of receipt,

2

Case 3:23-md-03071    Document 818    Filed 02/16/24    Page 2 of 9 PageID #: 14767

Case 1:24-cv-00710-LCB-JLW    Document 39-1    Filed 10/17/24    Page 3 of 10

whichever is later. A responding Party shall begin rolling production of documents from custodial sources no later than **60 days** after finalization of all custodians; provided, however, that if the Parties have a dispute over any specific custodian, the 60-day deadline for that custodian will start upon resolution of any impasse.

d. <u>Completion of Document Production</u>: The Parties must complete all of their document productions by **March 28, 2025**.

5. Limitations on Written Discovery:

   a. <u>Interrogatories</u>: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). The Parties must coordinate efforts and each side must avoid serving duplicative or unduly burdensome interrogatories.

      i. *Plaintiffs*: Plaintiffs may jointly serve 30 interrogatories on each Defendant (defined as each named Defendant in a Defendant family), and Plaintiffs may serve an additional 3 interrogatories on any individual Defendant; provided however, that these additional interrogatories may only relate to issues specific to the Defendant receiving the interrogatory.

      ii. *Defendants*: Defendants may jointly serve 30 interrogatories on each of the individual named Plaintiffs, and each Defendant may serve an additional 3 interrogatories on any individual Plaintiff; provided however, that these additional interrogatories may only relate to 1) issues specific to the serving Defendant, or 2) issues specific to the Plaintiff receiving the interrogatory.

      iii. Any party may request an enlargement of these limits for good cause.

   b. <u>Rule 34 Document Requests</u>: Consistent with Fed. R. Civ. P. 34, there shall be no limits on the number of requests to produce the Parties may serve. Each side must endeavor to jointly serve their requests where there is overlap. Plaintiffs may direct their requests to Defendants or, for any discrete issues, to individual Parties. Defendants may direct their requests to all Plaintiffs or, for any discrete issues, to an individually named Plaintiff. No rights, obligations, or objections available by the Federal Rules of Civil Procedure are modified by this section.

   c. <u>Requests for Admission</u>:

      i. *Plaintiffs*: Plaintiffs may jointly serve 50 Requests for Admission on each Defendant.

ii. *Defendants*: Defendants may jointly serve 30 Requests for Admission on each named Plaintiff, and each Defendant may serve an additional 5 Requests for Admission on any individual Plaintiff; provided however, that these additional Requests for Admission may only relate to 1) issues specific to the serving Defendant, or 2) issues specific to the Plaintiff receiving the Request for Admission.

iii. Any Party may request an enlargement of these limits for good cause.

iv. Requests for Admission must be served no later than **August 21, 2025**, except for requests to establish the authenticity and/or admissibility of documents.

6. <u>Depositions</u>: Depositions shall be governed by the Order on Deposition Protocol and any additional orders concerning discovery limits.

    i. The Parties will meet and confer in good faith to agree on a process for a stipulation and/or a deferred Rule 30(b)(6) deposition concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)).

    ii. With respect to evidentiary issues not addressed in the prior paragraph, all Parties must endeavor to coordinate to ensure that any such requests do not cause unnecessary duplication.

7. <u>Third Party Subpoenas</u>:

    i. Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall third-party subpoenas be served less than 45 days prior to the deadline for completion of fact discovery.

    ii. Plaintiffs and Defendants must give each side notice of the issuance of a third-party subpoena. Such notice must be given at least two (2) business days in advance per Local Rule 45.01(d). Plaintiffs and Defendants must exchange all third-party productions within 7 days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier.

4

Case 3:23-md-03071    Document 818    Filed 02/16/24    Page 4 of 9 PageID #: 14769

Case 1:24-cv-00710-LCB-JLW    Document 39-1    Filed 10/17/24    Page 5 of 10

8. Additional Discovery Orders

    a. The Stipulation and Protective Order, Order on Deposition Protocol, Stipulation and Order on Expert Discovery, and ESI Protocol entered by the Court shall automatically apply to Parties in all subsequently consolidated actions, unless modified by the Court in response to a motion filed by such newly added party within 14 days of their consolidation.

9. Rule 26(A) Disclosures And Expert Discovery

    a. All Parties must serve all expert reports on issues on which they have the burden of proof (including class and merits issues) ("Opening Reports") on or before **February 19, 2026**.

    b. All Parties must serve opposition expert reports ("Rebuttal Reports") on or before **April 20, 2026.**

    c. All Parties must serve reply expert reports ("Reply Reports") on or before **June 4, 2026**.

    d. Expert depositions regarding an expert's opinions for an Opening or Rebuttal Report shall be conducted within 30 days of service of the respective report, unless otherwise agreed upon in writing by the Parties.

    e. All expert material, including back-up data, relied upon in any expert report must be produced no later than three (3) business days after service of the expert report, unless otherwise agreed upon in writing by the Parties.

10. Class Certification And *Daubert*

Upon conclusion of expert disclosures, the Parties will brief class certification and any motions to exclude expert opinions, whether relating to class or merits issues.

    a) Plaintiffs must file and serve their opening motion for class certification on or before **July 20, 2026**. In addition, all Parties must also file and serve any *Daubert* motion seeking to exclude expert opinions pertaining to an Opening Report on or before **July 20, 2026**.

    b) Defendants must file and serve their opposition to Plaintiffs' motion for class certification on or before **September 7, 2026**. In addition, on **September 7, 2026,** all Parties must also file and serve: a) any *Daubert* motion seeking to exclude expert opinions pertaining to a Rebuttal Report; and b) any opposition to a *Daubert* motion pertaining to an Opening Report.

    c) Plaintiffs must file and serve their reply in support of their motion for class certification on or before **October 7, 2026.** In addition, on **October 7, 2026,**

5

Case 3:23-md-03071    Document 818    Filed 02/16/24    Page 5 of 9 PageID #: 14770
Case 1:24-cv-00710-LCB-JLW    Document 39-1    Filed 10/17/24    Page 6 of 10

all Parties must also file and serve: a) any oppositions to a *Daubert* motion pertaining to a Rebuttal Report; and b) any replies in support of a *Daubert* motion pertaining to an Opening Report.

d) On or before **November 6, 2026**, all Parties must file and serve any replies in support of a *Daubert* motion pertaining to a Rebuttal Report.

e) A hearing on class certification and *Daubert* will be held in **November or December, 2026**.

11. Dispositive Motions And Trial Ready Date

Motions for summary judgment under Rule 56(a) shall be made in accordance with the following schedule. No Party may file a motion for summary judgment before all fact and expert discovery has been completed without first obtaining permission from the Court. Permission must be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed. The other Party or Parties may file brief letters in support of or in response to the request within five days. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Eli Richardson's guidance in McLemore v. Gumucio, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that it is a narrow statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

Assuming resolution of Plaintiffs' motion for class certification no later than January 15,

6

2027, the following deadlines shall apply to the Parties' motions for summary judgment under Rule 56.

    a. The Parties shall file any motions for summary judgment and statement of undisputed material facts on or before **March 1, 2027**.

    b. Parties must file and serve their memoranda in responses to any summary judgment motions and response to statement of undisputed material facts on or before **April 30, 2027**.

    c. Parties must file and serve their replies in support of any summary judgment motions on or before **June 14, 2027**.

    d. Argument on the Parties' summary judgment motions, will be held on **July 15 and 16, 2027**, at 9:00 a.m.

    e. For cases filed in the Middle District of Tennessee, the Parties shall be trial ready no later than **October 1, 2027**.

12. Mediation And Alternative Dispute Resolution

    a. The Parties are engaged in ongoing mediation efforts and expect to do so on a dual track alongside of the litigation track. In the event the Parties have not resolved the claims, they shall engage in multiple good-faith mediation or case resolution efforts no later than **August 13, 2027**.

    b. On or before **April 30, 2024**, all parties shall certify to the Court that they have either engaged in mediation or engaged in substantive case resolution settlement discussions without a third-party.

    c. The parties will be required to engage in multiple good faith mediations or case resolution efforts every six months.

    d. Nothing in this Order shall prevent the Parties, or a subset of the Parties, from engaging in additional mediation or settlement conferences with the aim of resolving the claims in this case.

    e. The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.

13. Case Management Conferences

    a. The Court will conduct status conferences at 1:00 p.m. Central Standard Time,

approximately **every 30 days** from **February 16, 2024,** to **August 1, 2026,** on the following dates and times:

**March 8, 2024;**
**April 12, 2024;**
**May 10, 2024;**
**June 14, 2024;**
**July 12, 2024;**
**August 9, 2024;**
**September 13, 2024;**
**October 11, 2024;**
**November 8, 2024, and**
**December 13, 2024**

The Parties will provide their availability for these conferences through March 2025 within ten days of entry of this Order.

b. The Parties will submit a Joint Status Report **seven days** before each status conference utilizing the required Court approved Joint Status Report Form, which will be provided. To the extent that the Parties have a small number of agenda items for a status conference, the Court may elect to conduct the status conference telephonically. If there are no agenda items for a status conference, the Court may cancel the status conference.

14. <u>Trial Date for Middle District of Tennessee Cases:</u> These cases are set for jury trial on **February 1, 2028**, at 9:00 a.m. The final pretrial conference is set for **January 18 and 19, 2028,** at 9:00 a.m. All attorneys who will participate at trial shall attend the final pretrial conference.

The parties shall also submit to the Court, by **January 10, 2028,** the following:

(1) joint proposed jury instructions and verdict forms as follows: Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms. Each counsel shall email a Word/Wordperfect version of the jury instructions and proposed verdict forms to chambers at

8

Case 3:23-md-03071    Document 818    Filed 02/16/24    Page 8 of 9 PageID #: 14773
Case 1:24-cv-00710-LCB-JLW    Document 39-1    Filed 10/17/24    Page 9 of 10

melissa_seay@tnmd.uscourts.gov.

 (2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3), with a short summary of the expected testimony;

 (3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3), with exhibits to be numbered sequentially;

 (4) any stipulations; and

 (5) any expert reports.

<u>Pretrial Conference</u>

Counsel shall be prepared, at the Pretrial Conference, to:

 (1) identify and discuss undisputed facts and issues;

 (2) discuss the status of discovery;

 (3) preview proposed testimony;

 (4) discuss expert testimony;

 (5) preview proposed exhibits;

 (6) discuss motions in limine;

 (7) discuss proposed jury instructions and verdict forms;

 (8) discuss settlement; and

 (9) discuss pretrial briefs.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 3:23-md-03071 Document 818 Filed 02/16/24 Page 9 of 9 PageID #: 14774
Case 1:24-cv-00710-LCB-JLW Document 39-1 Filed 10/17/24 Page 10 of 10