# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *et al.*, )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>REALPAGE INC., )<br>)<br>Defendant. )<br>） | 1:24CV710 |

### MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

On August 23, 2024, Plaintiffs, the United States of America (hereinafter "the United States") and several states, initiated this action against Defendant, RealPage Incorporated (hereinafter "RealPage"), for its alleged anticompetitive practices in violation of §§ 1 and 2 of the Sherman Act. (ECF No. 1.) Before the Court is RealPage's request to transfer venue under 28 U.S.C. § 1404(a) to either the Middle District of Tennessee or the Northern District of Texas. (ECF No. 26.) For the reasons stated below, RealPage's motion will be denied.

**I.     BACKGROUND**

The United States and the states of North Carolina, California, Colorado, Connecticut, Minnesota, Oregon, Tennessee, and Washington (hereinafter "the State Plaintiffs") filed the instant public antitrust enforcement litigation to challenge RealPage's alleged "unlawful information-sharing scheme," and "its illegal monopoly in commercial revenue management software." (ECF No. 1 ¶ 13.) The Complaint alleges that RealPage's proprietary software

relies on "[c]ompetitively sensitive data collected from competing landlords" and is subsequently used by landlords to price apartments. (*Id.* ¶ 15.)

RealPage is a private corporation organized under the laws of the State of Delaware, with its principal place of business in Richardson, Texas, (ECF No. 1 ¶ 218), which lies in the Northern District of Texas. (*See* ECF No. 27 at 7.) RealPage allegedly conducts business in the Middle District of North Carolina and across the United States. (*See* ECF No. 1 ¶¶ 194–97, 200–03, 220–21.)

## II. MOTION TO TRANSFER VENUE

The text of 28 U.S.C. § 1404(a) states in relevant part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In this Circuit, a four-factor standard governs § 1404(a) motions. *Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 444 (4th Cir. 2015). This Court considers "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice" (hereinafter "the *Pipefitters* factors"). *Id.* "Ultimately, the party seeking transfer has the burden of persuasion." *Davis v. Stadion Money Mgmt., LLC*, No. 1:19CV119, 2019 WL 7037426, at *3 (M.D.N.C. Dec. 20, 2019) (internal quotation marks omitted) (internal citation omitted). Further, the standard of review of this Court's decision is an abuse of discretion. *Pipefitters, Inc.*, 791 F.3d at 443 (citing *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991)).

RealPage argues for transfer to either the Middle District of Tennessee, because of the Multidistrict Litigation that is taking place there,[1] or the Northern District of Texas, because that is where: its software was developed, its software is maintained, RealPage is headquartered, and where many employees, likely third parties and witnesses, are located. (ECF No. 27 at 6–7.) Plaintiffs argue that this District is the proper forum and that "RealPage has failed to prove that the convenience of the parties and witnesses or the interest of justice favors transfer" to either of the suggested districts. (ECF No. 39 at 7.)

First, this Court affords substantial weight to the Plaintiffs' choice of venue. *Pipefitters, Inc.*, 791 F.3d at 444; *see also Speed Trac Tech., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 803. This is especially true when plaintiff's chosen forum is the plaintiff's home or has a significant relationship with the cause of action. *See Campbell v. Apex Imaging Servs., Inc.*, Nos. 1:12CV1366, 1:12CV1365, 2013 WL 4039390, at *3 (M.D.N.C. Aug. 7, 2013). Therefore, unless when weighing the factors this Court finds the balance of hardships is *strongly* in favor of the defendant, the plaintiff's choice of forum should not be disturbed. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984); *see also id.*

As to factor one, Plaintiffs chose this District, which was not only chosen by the State of North Carolina, whose home is here, but also by the State of Tennessee, whose home is where the Multidistrict Litigation is taking place. (*See* ECF Nos. 1 ¶ 13; 27 at 6.) Furthermore, this forum was chosen by all State Plaintiffs after considering the evidence of RealPage's operations in their respective states. (*See* ECF No. 1 at Table 1, Table 2, Appendix A.)

---

[1] On April 10, 2023, The United States Judicial Panel on Multidistrict Litigation consolidated twenty-one private antitrust actions lodged against RealPage and other co-defendants in the Middle District of Tennessee under 28 U.S.C. §1407. In re *RealPage, Inc., Rental Software Antitrust Litig.*, 669 F. Supp. 3d 1372, 1374 (U.S. Jud. Pan. Mult. Lit. 2023).

Accordingly, Plaintiffs' well-considered choice of this District is given substantial weight and cuts against transfer. *See Collins*, 748 F.2d at 921.

The second and third *Pipefitters* factors require this Court to consider the convenience of this District for the witnesses and parties. *See Pipefitters, Inc.*, 791 F.3d at 444. However, "even though a defendant may be inconvenienced by litigating an action in a plaintiff's home district, a transfer is not appropriate where it would likely only serve to shift the balance of inconvenience from the plaintiff to the defendant." *comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 687 (E.D. Va. 2013) (internal quotation marks omitted) (citations omitted).

RealPage has not provided sufficient factual evidence to show they will suffer more than inconvenience by litigating in this District or to show why the Middle District of Tennessee,[2] or the Northern District of Texas is more convenient for Plaintiffs. (*See* ECF No. 27 at 15–18, 22–23, 24–27.) This Court accords little weight to the fact that RealPage states evidence about its software, operations, and location of its employees is in the Northern District of Texas.[3] Access to tangible evidence and witnesses, is less of a barrier today for

---

[2] Further, RealPage argues that the Middle District of Tennessee is appropriate for various reasons related to the United States' limited appearance in the Multidistrict Litigation. (ECF No. 27 at 6, 12–13, 18–19.) Plaintiffs argue that the United States' Statement of Interest and limited participation in the Multidistrict Litigation proceedings should not compromise its rights to pursue independent litigation or consenting to that forum for the instant litigation. (ECF No. 39 at 5–6.) The Court finds the Plaintiffs' arguments persuasive. Further, the text of 28 U.S.C. § 517 suggests that a Statement of Interest of the United States should not be construed as an intervenor in a matter, but rather like an *amicus curiae*. 28 U.S.C. § 517; *cf. United States ex rel. Thomas v. Duke Univ.*, No. 4:13-CV-17, 2017 WL 1169734, at *2 (W.D. Va. Mar. 28, 2017). Accordingly, this Court finds that the United States' limited appearance in the Middle District of Tennessee is neutral as to transfer.

[3] RealPage also states that the United States' designation of its employees (who reside in the Northern District of Texas) as document custodians and the Plaintiffs' depositions of RealPage employees in Texas cuts in favor of transfer. (ECF No. 27 at 25.) Yet, the availability of RealPage's *employees* is not squarely relevant to the issue of venue and is certainly not dispositive. *See e.g.*, *Atkins v. Mortara Instrument, Inc.*, No. 2:17-CV-48-DCN, 2017 WL 10754250, at *7 (D.S.C. Sept. 29, 2017).

4

litigation because of modern technology. *See Wyandotte Nation v. Salazar*, 825 F. Supp. 2d 261, 271 (D.D.C. 2011). Further, there is no indication from RealPage in its motion, or in its witness affidavit, that any prospective witness, party, or other person of interest is *unwilling* or *unable* to participate in this litigation in this District. (*See* ECF Nos. 27 Exhibit 1; 28 at 2–3.) Whereas Plaintiffs' Complaint identifies evidence, prospective witnesses, landlords, and markets in North Carolina and this District related to RealPage's software and its alleged use in anticompetitive practices. (*See* ECF No. 1 ¶¶ 194–97, 200–03, 220–22.)

Further, the Court finds that burdens of transfer on Plaintiffs would be considerable, given that nearly all Plaintiffs, apart from the United States, would need to find local counsel to represent them in the Middle District of Tennessee, and all Plaintiffs would need to do so for the Northern District of Texas. (*See* ECF No. 39 at 13.) Therefore, given the record before the Court, transfer would likely only shift the inconveniences of the parties and witnesses, rather than balance inappropriate burdens between the parties. *Davis*, 2019 WL 7037426, at *3 (citation omitted).

Finally, for the fourth *Pipefitters* factor, the interest of justice, this Court considers the pendency of a related action, the court's familiarity with the applicable law, docket conditions and other factors related to systemic integrity and judicial economy. *See* 28 U.S.C.A. S 1404(a); *see also Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 139 (D. Md. 2024) (internal quotation marks omitted) (citations omitted); *see also Pipefitters, Inc.*, 791 F.3d at 444.

To that end, RealPage argues that the Northern District of Texas is less congested than this District and argues that this cuts in favor of transfer. (ECF No. 27 at 26–27.) However, a showing of a significant difference between districts is required before finding that congestion merits transfer. *See Speed Trac*, 567 F. Supp. 2d at 805. Although this Court's

5

docket is not exactly comparable to the Northern District of Texas, this Court is not so congested as to outweigh the other factors in favor of Plaintiff's choice of forum. (ECF No. 27 at 27.)

RealPage further argues that the Middle District of Tennessee is a better venue because of the Multidistrict Litigation taking place there, arguing that judicial economy and the risk of inconsistent rulings favor transfer. (ECF No. 27 at 20–21.) Plaintiff argues that neither judicial economy nor the risk of inconsistent rulings favors transfer to the Middle District of Tennessee. (ECF No. 38 at 20, 21–22, 23–24). The Court is not persuaded by RealPage's arguments. The risk of inconsistent judgments *arises* from trying cases separately. *See Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 320 (E.D. Va. 2013). As noted by Plaintiffs, 28 U.S.C. § 1407 exempts public enforcement antitrust actions from Multidistrict consolidation *specifically* to avoid undue delay, 28 U.S.C. § 1407(g); (ECF No. 38 at 23), and neither party wishes that the case be consolidated with the Multidistrict Litigation. (*See* ECF Nos. 27 at 7 n. 1; 38 at 17, 19.) Further, even if this Court were to grant transfer to the Middle District of Tennessee, that would provide no guarantee that this case would be assigned to the judge managing the Multidistrict Litigation.

Thus, this case will *necessarily* proceed parallel to the Multidistrict Litigation, and proceed at a different pace, regardless of whether it is transferred to any judge in the Middle District of Tennessee or to the judge managing the Multidistrict Litigation. Therefore, proceeding in this venue will likely *avoid* undue delay, given the speed of this Court relative to the Middle District of Tennessee, and create no greater risk in inconsistency of judgement. (ECF No. 38 at 22–23;) *see also United States v. Google LLC*, 661 F. Supp. 3d 480, 493 (E.D. Va. 2023) (citing 15 U.S.C. § 16(a)) (finding that its judgment in a public antitrust enforcement case could be

helpful to concurrent Multidistrict litigation, because it can be prima facie evidence against a defendant in a private antitrust proceeding).

Accordingly, given the submitted evidence before it, this Court finds that RealPage has not met its burden of persuasion under the circumstances of this case, and its motion will be denied.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that RealPage's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), (ECF No. 26), is **DENIED**.

This the 20th day of December 2024.

/s/ Loretta C. Biggs
United States District Judge

7

Case 1:24-cv-00710-LCB-JLW   Document 45   Filed 12/20/24   Page 7 of 7