UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF NORTH CAROLINA, STATE OF CALIFORNIA STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF OREGON, STATE OF TENNESSEE, and STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>REALPAGE, INC., CAMDEN PROPERTY TRUST, CORTLAND MANAGEMENT, LLC, CUSHMAN & WAKEFIELD, INC., GREYSTAR REAL ESTATE PARTNERS, LLC, LIVCOR, LLC, LIVCOR PROPERTY MANAGEMENT SERVICES, LLC, PINNACLE PROPERTY MANAGEMENT SERVICES, LLC, and WILLOW BRIDGE PROPERTY COMPANY, LLC,<br><br>Defendants. | Case No. 1:24-cv-00710-LCB-JLW<br><br>**UNOPPOSED MOTION FOR LEAVE FOR PLAINTIFFS STATE OF ILLINOIS AND COMMONWEALTH OF MASSACHUSSETTS TO ENTER NOTICES OF SPECIAL APPEARANCE WITHOUT ASSOCIATION OF LOCAL COUNSEL** |

I.    MOTION

Pursuant to Local Civil Rule 83.1(d), Plaintiffs State of Illinois and Commonwealth of Massachusetts, acting by and through their respective Attorneys General ("Plaintiff States"), move

1

for leave to enter notices of special appearance in this Court without association of local counsel in light of the special circumstances of this case. Plaintiff States conferred with counsel for Defendants, and counsel for Defendants consent to Plaintiff States' motion.

If the motion is granted, Plaintiff States' respective counsel will register as filing users with the Court's CM/ECF system, enter Notices of Special Appearance, and pay the Court's required appearance fee.

Plaintiffs United States and States of California, Colorado, Connecticut, Minnesota, Oregon, Tennessee, Washington, and North Carolina assent to Plaintiff States' requested relief.

## II.     BACKGROUND

Plaintiff States have joined an Amended Complaint petitioning this Court pursuant to Section 4 of the Sherman Act, 15 U.S.C. § 4, to prevent and restrain certain Defendants' alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and certain state laws and Defendant RealPage's alleged violations of Section 2 of the Sherman Act, 15 U.S.C. § 2. Plaintiff States assert these claims based on their independent authority to bring this action pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and common law, and to obtain injunctive and other equitable relief based on Defendants' alleged anticompetitive practices in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2 and certain state laws. The State of Illinois and Commonwealth of Massachusetts each have a particular interest in preventing the alleged anticompetitive conduct that harms their respective residents and general economies and thus, by and through their respective Attorneys General, joined the United States and their sister States North Carolina, California, Colorado, Connecticut, Minnesota, Oregon, Tennessee, and Washington in bringing this action and in seeking injunctive relief.

The States of California, Colorado, Connecticut, Minnesota, Oregon, Tennessee, and Washington have asked for and been granted a waiver of the requirement that they obtain and associate with local counsel. *United States of America et al v. RealPage, Inc. et al*, USDC MDNC Case No. 1:24-CV-00710, Order, ECF No. 9, September 17, 2024.

### III.  ARGUMENT

LR 83.1(d) states that "[a]ttorneys who are members in good standing of the bar of the highest court of any state or the District of Columbia may practice in this Court for a particular case in association with a member of the bar of this Court. To appear by special appearance, an attorney shall associate with a member of the bar of this Court, shall register as a filing user with the Court's CM/ECF system, shall enter a Notice of Special Appearance, and shall pay any appearance fee required by the Court. See LR 5.3(c)(1). No motion is required."

Plaintiff States respectfully request that the Court waive the requirement that they obtain and associate with local counsel. Good cause justifies this request.

First and foremost, LR 83.1(c) already exempts "[f]ederal government attorneys representing the interests of the United States" from the local-counsel requirement. LR 83.1(c)(1). Plaintiff States simply seek the same treatment here so that their respective state interests may be represented directly by their own counsel just as the federal government attorneys are permitted to represent the United States' interests in this action without associating with local counsel. Each Plaintiff State has its own interests in preventing and protecting its residents and general economy against the alleged anticompetitive conduct, warranting full representation by its own counsel in this action. Plaintiff States further submit to the Court's general preference (section H) that there is "no special policy for matters involving out-of-town attorneys, parties or witnesses" and that "[c]ounsel are free to raise any issues they deem

necessary." Plaintiff States thus respectfully ask the Court to permit their respective counsel to represent their particular interests in this action by admitting their counsel to practice by special appearance herein and waiving the requirement of association with local counsel under LR 83.1.

Second, there is persuasive authority for allowing state attorneys general to make special appearances without associating with local counsel. In another case filed by federal and state antitrust enforcers currently pending in this District, Magistrate Judge Peake granted plaintiff States' motion for leave to appear pursuant to LR 83.1 without association of local counsel on similar grounds. *FTC et al v. Syngenta Crop Protection, AG et al*, USDC MDNC Case No. 1:22-CV-828, Order, ECF No. 26, October 17, 2022. In that case, the State of North Carolina has not joined as a plaintiff. Here, however, North Carolina has, and lawyers from the North Carolina Department of Justice have appeared on behalf of their State, but the procedural circumstances of the cases are otherwise similar. In *FTC v. Syngenta*, plaintiff States moved for leave to appear without association of local counsel, and Magistrate Judge Peake granted their request. Specifically, Magistrate Judge Peake ordered that "Plaintiff States are permitted to file Notices of Special Appearance in this case, under Local Rule 83.1(d), without association of local counsel." Plaintiff States seek similar permission here

Third, as the local rules reflect, the purpose of the local-counsel requirement is to ensure that there is an attorney "responsible to this Court for the conduct of the litigation" who is (a) familiar with the applicable rules, (b) responsible to the Court in the event of any disciplinary proceeding, and (c) present for all pretrial conferences, dispositive proceedings, and trial. LR 83.1(d)(2). Plaintiff States and their counsel hereby certify to the Court that they will meet these standards. In support of the narrow, case-specific request stated herein, Plaintiff States, alongside their sister States, will work with and assist the United States, which will coordinate and lead this

4

litigation through experienced trial counsel from the United States Department of Justice, Antitrust Division ("USDOJ"). This comports with the requirements of LR 83.1.

In addition, by entering a Notice of Special Appearance under LR 83.1(d), counsel for each Plaintiff State agrees that:

> "(i) the attorney will be responsible for ensuring the presence of an attorney who is familiar with the case and has authority to control the litigation at all conferences, hearings, trials and other proceedings; and that
>
> (ii) the attorney submits to the disciplinary jurisdiction of the Court for any misconduct in connection with the litigation for which the attorney is specially appearing."

Because Plaintiff States' counsel will enter Notices of Special Appearance and will register as filing users with the Court's CM/ECF system, they will all receive electronic notice of all docket entries. To the extent the Court or counsel need to coordinate or communicate with the Plaintiff States, Plaintiff States can designate liaison counsel for the Plaintiff States who could address that need, and who could be present during pretrial conferences, potentially dispositive proceedings, and trial.

The attorneys representing the Plaintiff States are fully familiar with the Federal Rules of Civil Procedure, have taken the necessary time to familiarize themselves with local procedural rules and case law, and will seek procedural advice from the USDOJ or in-district attorneys from Plaintiff State of North Carolina when and where appropriate. They are in good standing in the jurisdictions in which they are admitted, submit themselves to the Court's jurisdiction and control, and pledge to demonstrate the judicious and careful practice that the Court properly expects.

5

Case 1:24-cv-00710-LCB-JLW    Document 79    Filed 02/06/25    Page 5 of 7

Because the Plaintiff States, alongside their sister States, will be litigating this matter alongside experienced counsel from the USDOJ, Plaintiff States commit to cooperating with all noticed attorneys from the USDOJ in supporting consistent application of the Local Civil Rules and all applicable Orders and preferences of this Court. There is thus no practical reason to require Plaintiff States to associate with local counsel, given that the Plaintiff States and their counsel certify that they will abide by all applicable rules while practicing in this Court.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff States request that the Court permit Plaintiff States Illinois and Massachusetts to enter Notices of Special Appearance without association of local counsel. A proposed form of Order is submitted with this application.

Dated this 6th day of February, 2025.

                                                              Respectfully submitted,

FOR PLAINTIFF COMMONWEALTH OF MASSACHUSETTS:
ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Katherine W. Krems*
KATHERINE W. KREMS
Assistant Attorney General
JENNIFER E. GREANEY
Assistant Attorney General, Deputy Chief
Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place
18th Floor
Boston, Massachusetts 02108
(617) 963-2189
Katherine.Krems@mass.gov
Jennifer.Greaney@mass.gov

FOR PLAINTIFF STATE ILLINOIS:
KWAME RAOUL
Attorney General of Illinois

*/s/ Daniel Betancourt*
DANIEL BETANCOURT, Assistant Attorney General
JENNIFER M. CORONEL, Assistant Attorney General
PAUL J. HARPER, Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St., Floor 23
Chicago, IL 60603
Tel: (773) 758-4634
Email: jennifer.coronel@ilag.gov

7