# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF NORTH CAROLINA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF ILLINOIS, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF OREGON, and STATE OF TENNESSEE, <br><br> Plaintiffs, <br><br> v. <br><br> REALPAGE, INC., CAMDEN PROPERTY TRUST, CORTLAND MANAGEMENT, LLC, CUSHMAN & WAKEFIELD, INC., GREYSTAR REAL ESTATE PARTNERS, LLC, LIVCOR, LLC, PINNACLE PROPERTY MANAGEMENT SERVICES, LLC, and WILLOW BRIDGE PROPERTY COMPANY, LLC <br><br> Defendants. | Case No. 1:24-cv-00710-WO-JLW <br><br> **MEMORANDUM OF LAW IN SUPPORT OF GREYSTAR REAL ESTATE PARTNERS, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT** <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF GREYSTAR REAL ESTATE PARTNERS, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs' claims against Greystar Real Estate Partners, LLC ("GREP") should be dismissed because their complaint fails to allege that GREP did anything.[1] Plaintiffs premise their claims on RealPage's RMS and belatedly added a few landlords that license RealPage's RMS as defendants. Yet plaintiffs do not allege GREP manages or owns any apartment building, or licenses any RealPage RMS. In fact, **all** plaintiffs allege about GREP is that it "is a privately-owned company . . . headquartered in Charleston, South Carolina." FAC ¶ 247. But plaintiffs "obviously may not pursue an antitrust claim against a defendant who is not alleged to have done anything at all." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423 (4th Cir. 2015).[2]

Rather than identify any act by GREP, plaintiffs resort to the generic refrain "Greystar" throughout the FAC and try to attribute conduct by GREP's separate "management services . . . subsidiaries" to GREP. FAC ¶¶ 247-48. But that is textbook group pleading that the Fourth Circuit prohibits because it fails to "specify how" a "corporate parent[]" like GREP was "involved in

---

[1] GREP fully joins the Customer Defendants' motion to dismiss.

[2] All internal quotations, citations, footnotes, and original alterations are omitted unless specified otherwise. This brief also adopts the abbreviations and naming conventions used in Customer Defendants' joint motion to dismiss.

the alleged conspiracy." *SD3*, 801 F.3d at 422-23. Plaintiffs' claims against GREP should therefore be dismissed.

## ARGUMENT

### PLAINTIFFS' CLAIMS AGAINST GREP SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE ANY ACT BY GREP, MUCH LESS THAT IT VIOLATED FEDERAL AND STATE ANTITRUST LAW

To survive a motion to dismiss, plaintiffs must plead "sufficient facts to allow [a] court to infer liability as to each defendant." *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023). This blackletter rule applies with equal force to corporate parents and their subsidiaries: "[t]he fact that two separate legal entities may have a corporate affiliation does not alter the pleading requirement to separately identify each defendant's involvement in the conspiracy." *SD3*, 801 F.3d at 423; *see also Jien v. Perdue Farms, Inc.*, 2020 WL 5544183, at *4 (D. Md. Sept. 16, 2020) ("[A] complaint cannot rely on indeterminate assertions . . . , a fact that holds true even when some of those defendants are corporate subsidiaries or affiliates of one another."). After all, it is a "general principle of corporate law deeply ingrained in our . . . legal system[] that a parent corporation . . . is not liable for the acts of its subsidiaries." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 350 (4th Cir. 1998).

2

Courts routinely dismiss antitrust claims against corporate parents when plaintiffs fail to identify acts they took to further the alleged conspiracy. For example, in *SD3 LLC v. Black & Decker*, the plaintiffs brought antitrust "claims against . . . corporate parents . . . even though no factual allegations [were] made against them." 801 F.3d at 423. The plaintiffs tried to mask their failure to allege conduct by the corporate parents by "lump[ing]" them together with their subsidiaries. *Id.* The Fourth Circuit affirmed dismissal of the corporate parents, holding that the plaintiffs' "fail[ure] to allege any facts pertaining" to them was fatal because "[a]ntitrust law doesn't recognize guilt by mere association." *Id.* at 423. Instead, *SD3* adopted a clear rule: plaintiffs must "separately identify each defendant's involvement" and "specify how" they took part in the alleged conspiracy. *Id.* at 422-23.

More recently, Judge Gallagher applied *SD3* to dismiss corporate parents in *Jien v. Perdue Farms, Inc.* The plaintiffs there "group[ed] numerous [d]efendants together, and refer[red] to each collective set of corporate subsidiaries by a group label." *Jien*, 2020 WL 5544183, at *4. The court dismissed the corporate parents because this "lump[ing] together without sufficient detail is precisely the type of corporate entity group pleading *SD3* forbids." *Id.*

3

Here, plaintiffs' claims should be dismissed because they fail to "separately identify [GREP's] involvement in the conspiracy." *SD3*, 801 F.3d at 423. In fact, plaintiffs' pleading here is worse than the failed pleadings in *SD3* and *Jien* because plaintiffs identify no act by GREP, much less anything it did to further the alleged conspiracies. FAC ¶ 247. Nor could plaintiffs identify any such acts by GREP because, as plaintiffs know from their extensive pre-suit investigation, GREP does not manage or own multifamily apartments or license RealPage's RMS. The FAC should be dismissed for this reason alone because plaintiffs "obviously may not pursue an antitrust claim against a defendant who is not alleged to have done anything at all." *SD3*, 801 F.3d at 423.

Plaintiffs try to mask their failure to identify any act by GREP by impermissibly conflating GREP with its subsidiaries. Plaintiffs allege that only GREP's "subsidiaries" "own[] or manage[] multifamily rental units across the United States," FAC ¶ 248, and that a separate "management services entity" licenses RealPage's RMS, *id.* ¶ 247. Plaintiffs then lump GREP together with those unidentified "management services" entities and attribute purported conduct by those entities to GREP subsidiaries under the generic label "Greystar." *See, e.g.*, *id.* ¶¶ 19, 25, 93, 129, 206. But "[a]ntitrust law doesn't recognize guilt by mere

4

association," *SD3*, 801 F.3d at 423, and "refer[ring] to . . . corporate [affiliates] by a group label . . . is precisely the type of corporate entity group pleading *SD3* forbids," *Jien*, 2020 WL 5544183, at *4.

## **CONCLUSION**

For these reasons and the reasons in Customer Defendants' joint motion to dismiss, the Court should dismiss plaintiffs' FAC with prejudice as against GREP.

This 10th day of April, 2025.

/s/ *James P. McLoughlin*
James P. McLoughlin
N.C. Bar No. 13795
Moore & Van Allen PLLC
100 North Tryon Street
Charlotte, NC 28202
Phone: (704) 331-1000
Fax: (704) 331-1159
mcloughlinj@mvalaw.com

Karen Hoffman Lent
(LR 83.1(d) Counsel)
Boris Bershteyn
(LR 83.1(d) Counsel)
Evan Kreiner
(LR 83.1(d) Counsel)
Sam Auld
(LR 83.1(d) Counsel)

SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Phone: (212) 735-3000
Fax: (212) 735-2000
karen.lent@skadden.com
boris.bershteyn@skadden.com
evan.kreiner@skadden.com
sam.auld@skadden.com

*Attorneys for Defendant Greystar Real Estate Partners, LLC*

**CERTIFICATE OF WORD COUNT**

I certify that this Memorandum of Law in Support of Defendant Greystar Real Estate Partners, LLC's Motion to Dismiss (the "Memorandum of Law") complies with the applicable word limits excluding the caption, signature line, and any cover page or index in accordance with this Court's March 13, 2025 Order extending the word limitation, Dkt. 123, and Local Civil Rule 7.3(d)(1). This certification is made in accordance with Local Civil Rule 7.3(d)(1). The undersigned relied upon the word count feature provided by word-processing software and the Memorandum of Law contains 924 words.

This 10th day of April, 2025.

/s/ *James P. McLoughlin*

James P. McLoughlin
N.C. Bar No. 13795
Moore & Van Allen PLLC
100 North Tryon Street
Charlotte, NC 28202
Phone: (704) 331-1000
Fax: (704) 331-1159
mcloughlinj@mvalaw.com

*Attorneys for Defendant Greystar Real Estate Partners, LLC*