IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>  Plaintiffs,<br>v.<br><br>REALPAGE, INC., *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00710-WO-JLW<br><br>**DEFENDANT WILLOW BRIDGE PROPERTY COMPANY, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

Defendant Willow Bridge Property Company, LLC ("Willow Bridge") joins in full the Motion to Dismiss filed by the Customer-Defendants and for the additional reasons below, pursuant to Federal Rule of Civil Procedure 12(b)(6), asks the Court to dismiss Plaintiffs' Amended Complaint ("FAC").

## I. STATEMENT OF FACTS

Plaintiffs' claims against Willow Bridge should be dismissed in their entirety because Plaintiffs fail to allege any improper Willow Bridge conduct—much less conduct that violates the antitrust laws. According to Plaintiffs: (1) Willow Bridge shared information via RealPage (Count 1) and agreed with RealPage to consider its recommended rent prices

1

at some Willow Bridge-managed properties (Count 2), influenced in part by the knowledge that other property managers also received recommendations from RealPage, FAC ¶¶ 19, 26, 31, 33, 122, 169; (2) Willow Bridge employees occasionally communicated with industry peers to discuss market trends, *id*. at ¶¶ 87–89, 93, 96–97; (3) Willow Bridge employees participated in trade groups and industry events that, at times, involved discussions of market trends, *id*. at ¶¶ 102–17; and (4) the aforementioned conduct occurred during a period of time that experienced generalized, nationwide increases in the cost of housing.

Plaintiffs' allegations reflect unilateral and independent conduct that Willow Bridge took in its own self-interest to compete in the market.

## II. QUESTION PRESENTED

Whether Plaintiffs have stated plausible antitrust claims against Willow Bridge under either Count 1 or Count 2.

# III. ANALYSIS

Even if the facts alleged by Plaintiffs are true,[1] the FAC fails as a matter of law as to Willow Bridge because it fails "to state a claim upon which relief can be granted." *Jien v. Perdue Farms, Inc.*, No. 1:19-CV-2521-SAG, 2020 U.S. Dist. LEXIS 169582, at *18 (D. Md. Sept. 16, 2020).

**A. Plaintiffs' Claims Against Willow Bridge Are Insufficient.**

To support either of their claims against Willow Bridge, Plaintiffs must plausibly allege (1) an agreement and (2) anticompetitive effects flowing from that agreement. 15 U.S.C. § 1; *see also SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423-24, 432-33 (4th Cir. 2015). They sufficiently allege neither.

The FAC names multiple defendants but fails to allege particular facts against Willow Bridge. *See SD3*, 801 F.3d at 422-23. Plaintiffs' "conclusory allegation[s] of agreement at some unidentified point [do] not supply facts adequate to

---

[1] Willow Bridge accepts as true the facts alleged against it in the Complaint only for purposes of this motion.

show illegality." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also id.* at 424.

Because Plaintiffs benefited from a significant pre-filing investigation, their pleading deficiencies deserve no deference. *Cf. Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("The requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his disposal at the outset."). Plaintiffs fail plausibly to connect Willow Bridge to either an agreement *via* RealPage to exchange information with its competitors (Count 1) or *with RealPage* to align prices (Count 2).[2]

The FAC's specific allegations as to Willow Bridge fall into three buckets, each of which is irrelevant to Plaintiffs' case. First, Plaintiffs include allegations regarding Willow Bridge's unilateral business conduct and advice to its clients. *See* FAC ¶¶ 19, 26, 31, 33, 93, 122, 169, 199, 207. In one such allegation, for example, Willow Bridge

---

[2] Any reference to unidentified "landlords" is impermissible group pleading and cannot be used to establish sufficient allegations against Willow Bridge. *See SD3*, 801 F.3d at 423; *see also Jien*, 2020 U.S. Dist. LEXIS 169582, at *20-21, *31.

4

communicated with another property manager to assist a common client in making a more efficient software transition. *Id*. ¶ 93. This has nothing to do with the alleged unlawful agreements.

Second, Plaintiffs allege that Willow Bridge employees occasionally communicated with industry peers. *Id*. ¶¶ 87–89, 96–97. Plaintiffs allege that a Willow Bridge employee once discussed the functionality of RealPage's auto-accept feature with a peer. *Id*. ¶ 87. Plaintiffs further allege that at the beginning of the COVID-19 pandemic, a Pinnacle employee suggested organizing a call regarding market conditions to a Willow Bridge employee. *Id*. ¶ 88. There is no allegation in the FAC that such a call ever happened.[3] Finally, Plaintiffs allege that other property managers obtained Willow Bridge's strategic plans to respond to the COVID-19 pandemic, but they *do not* allege that Willow Bridge supplied those plans to them. *Id*. ¶ 89. None of these allegations has any bearing on either an alleged agreement to share information or align prices via RealPage's RMS.

---

[3] Plaintiffs' failure to even allege on information and belief that a call ever occurred calls into question the merit of the original allegation.

5

Finally, Plaintiffs allege that Willow Bridge employees participated in RealPage "user group" meetings that involved discussions of market trends. *Id*. ¶¶ 97, 109–10. But merely having employees present at a meeting does not plausibly suggest an unlawful agreement.

Plaintiffs further do not plausibly allege parallel conduct. As to Count 1, nothing in the FAC suggests that Willow Bridge licensed or used RealPage's RMS in a suspiciously similar way to another Customer-Defendant. Similarly, as to Count 2, Plaintiffs fail to allege parallel conduct that suggests a vertical agreement to align rental prices with its competitors. Rather, Plaintiffs rely upon Willow Bridge's mere license of the RMS software, a widely available and customizable commercial product that left Willow Bridge with pricing discretion. That is not enough. *See Gibson v. Cendyn Grp., LLC*, No. 2:23-cv-00140-MMD-DJA, 2024 WL 2060260, at *6 (D. Nev. May 8, 2024).

The ordinary conduct described in the FAC—which is consistent with Willow Bridge's lawful, rational, and competitive behavior—cannot subject it to antitrust liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*

6

*also Jien v. Perdue Farms Inc.*, No. 1:19-CV-2521-SAG, 2022 U.S. Dist. LEXIS 128686, at *34 ("An inference of a mere possibility of misconduct is insufficient to support a plausible claim.").

Finally, the FAC is remarkable in its silence as to the specifics (with whom, what, and when?) regarding Willow Bridge's involvement in either alleged agreement. Both Willow Bridge and the court are left to guess as to key aspects of the alleged agreements that Willow Bridge purportedly participated in, and for this additional reason, the FAC should be dismissed against Willow Bridge. *See Jien*, 2020 U.S. Dist. LEXIS 169582, at *28 (dismissing complaint that "furnishe[d] no clue" as to which defendants supposedly agreed to conspire). At bottom, Plaintiffs have failed to plead a meeting of the minds or a preceding agreement sufficient to survive dismissal, as required under *Twombly* and its progeny. *See* 550 U.S. at 556-57; *SD3*, 801 F.3d at 422-23; *Robertson*, 679 F.3d at 289.

### IV. CONCLUSION

Plaintiffs' allegations against Willow Bridge are insubstantial, indeterminate, and conclusory and should be

7

dismissed. *Twombly*, 550 U.S. at 557. Despite Plaintiffs' access to extensive pretrial discovery – including the deposition of a Willow Bridge witness and Willow Bridge's production of millions of pages of documents – the FAC makes threadbare allegations about Willow Bridge's purported agreements to exchange information and align prices via RealPage. *See SD3*, 801 F.3d at 424; *Robertson*, 679 F.3d at 291; *Jien*, 2020 U.S. Dist. LEXIS 169582, at *21. This is unacceptable, and for the reasons discussed (as well as those in the Joint Motion to Dismiss), the FAC should be dismissed as to Willow Bridge.

This 10th day of April 2025.

## V. CERTIFICATE OF WORD COUNT

Counsel certifies that this brief is 1,242 words in compliance with Local Rule 7.3(d)(1). Counsel understands that Defendants' briefing cumulatively is under 22,000 words, as agreed with Plaintiffs and ordered by the Court.

/s/ Gregory J. Casas
Gregory J. Casas
(LR 83.1(d) Counsel)
DLA PIPER LLP (US)
303 Colorado Street, Suite 3000
Austin, Texas 78701
greg.casas@us.dlapiper.com
Tel: (512) 457-7290
Fax: (512) 721-2390

Carsten M. Reichel
(LR 83.1(d) Counsel)
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
carsten.reichel@us.dlapiper.com
Tel: (202)799-4640
Fax: (202)799-5640

Eric Steven Goodheart
North Carolina Bar No. NC-53476
DLA PIPER LLP (US)
4141 Parklake Avenue, Suite 300
Raleigh, North Carolina 27612-2350
eric.goodheart@us.dlapiper.com
Tel: (919) 786-2012
Fax: (919) 591-0412

Becky L. Caruso
(LR 83.1(d) Counsel)
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
becky.caruso@us.dlapiper.com
Tel: (973) 520-2550
Fax: (973) 520-2551

**ATTORNEYS FOR WILLOW BRIDGE PROPERTY COMPANY, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April 2025, I filed the foregoing document titled **DEFENDANT WILLOW BRIDGE PROPERTY COMPANY, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** using the Court's CM/ECF system which will send notification to all counsel of record.

*/s/ Gregory J. Casas*
Gregory J. Casas
