UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>CORTLAND MANAGEMENT, LLC,<br><br>       Defendant. | No. 1:24-cv-00710-WLO-JLW |

### UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment filed in this civil antitrust proceeding on January 7, 2025 (Doc. 49-1) (attached hereto as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and the Response of the United States to Public Comments on the Proposed Final Judgment ("Response to Public Comments") filed in this matter on January 23, 2025, and May 1, 2025, respectively, (Doc. 63 and Doc. 140) explain why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance

(attached hereto as Exhibit B) showing that the United States and Cortland Management, LLC, have complied with all applicable provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

## I. BACKGROUND

On August 23, 2024, the United States and eight states ("Plaintiffs") filed a civil antitrust Complaint against RealPage, Inc. ("RealPage") (Doc. 1). On January 7, 2025, Plaintiffs amended their civil Complaint (the "Complaint") to add Cortland Management, LLC ("Cortland") and five other landlords as Defendants (Doc. 47). The Complaint alleges that, by unlawfully sharing its confidential and competitively sensitive information with RealPage for use in its and competing landlords' pricing, and by adopting and using RealPage's revenue management software and agreeing with RealPage and competing landlords to align their pricing, Cortland violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

On the same day that Plaintiffs filed the Complaint against Cortland, the United States also filed a proposed Final Judgment and a Stipulation and proposed Order (Doc. 49 & 49-1). The United States subsequently filed the CIS on January 23, 2025, describing the events giving rise to the alleged violations and the proposed Final Judgment. (Doc. 63.) The Stipulation and

proposed Order, which was agreed to by the United States and Cortland, provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment requires Cortland to end its use of RealPage's or other third-party revenue management software or, in the alternative, requires the appointment of a compliance monitor in the event Cortland chooses to use third-party revenue management software; prohibits the use of certain competitively sensitive data in Cortland's own revenue management software; and prohibits Cortland from sharing competitively sensitive information with other landlords. It also requires Cortland to establish an antitrust compliance policy and cooperate with the United States in this litigation. Entry of the proposed Final Judgment will terminate this action as against Cortland, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.  COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum certifies that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least 60 days for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final

Judgment and the CIS with the Court on January 7 and January 23, 2025, respectively; published the proposed Final Judgment and CIS in the Federal Register on January 30, 2025 (*see* 90 Fed. Reg. 8560 (2025)); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published for a period of seven days in the Washington Post from January 29 to February 4, 2025, and in the Greensboro News and Record from January 29 to February 3, 2025, and on March 1, 2025. The United States received one comment. Pursuant to 15 U.S.C. § 16(d), the United States filed a Response to Public Comments on May 1, 2025 (Doc. 140) and published it and the public comment in the Federal Register on May 14, 2025, 90 Fed. Reg. 20501 (2025).

**III. STANDARD OF JUDICIAL REVIEW**

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems

> necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS and Response to Public Comments, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

## IV. ENTRY OF THE PROPOSED FINAL JUDGEMENT IS IN THE PUBLIC INTEREST

Plaintiffs alleged in their Complaint that, by unlawfully sharing its confidential and competitively sensitive information with RealPage for use in its and competing landlords' pricing, and by adopting and using RealPage's revenue management software and agreeing with RealPage and competing landlords to align their pricing, Cortland violated Section 1 of the Sherman Act, 15 U.S.C. §1. As explained in the CIS and the Response to Public Comments, the proposed Final Judgment is designed to eliminate the anticompetitive effects of Cortland's conduct alleged by

- 5 -

Case 1:24-cv-00710-WO-JLW    Document 146    Filed 06/10/25    Page 5 of 7

Plaintiffs by requiring Cortland to end its use of RealPage or other third-party revenue management software or, in the alternative, requiring the appointment of a compliance monitor in the event Cortland chooses to use third-party revenue management software; prohibiting the use of certain competitively sensitive data in Cortland's own revenue management software; and prohibiting Cortland from sharing competitively sensitive information with other landlords. Cortland must also establish an antitrust compliance policy and cooperate with the United States in this litigation. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS and the Response to Public Comments, entry of the proposed Final Judgment is in the public interest.

## V. CONCLUSION

For the reasons set forth in this Motion and Memorandum, the CIS, and the Response to Public Comments, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.

Dated: June 10, 2025

Respectfully submitted,

By: /s/ Henry c. Su
_____
Henry C. Su
David A. Geiger
Kris A. Pérez Hicks
Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Email: henry.su@usdoj.gov