# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>REALPAGE, INC.,<br><br>    *Defendant*. | No. 1:24-cv-00710-WLO-JLW |

## STIPULATION AND ORDER

It is hereby stipulated by and between the undersigned parties, subject to approval and entry of this Order by the Court, as follows.

### I. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over the parties to it. Venue for this action is proper in the United States District Court for the Middle District of North Carolina.

### II. COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

    A.    The proposed Final Judgment filed with this Stipulation and Order, or any amended proposed Final Judgment agreed upon in writing by the United States and RealPage, Inc. ("Defendant"), may be filed with and entered by the Court as the

1

Final Judgment, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on Defendant and by filing that notice with the Court.

B.  From the date of the signing of this Stipulation and Order by Defendant until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, Defendant will comply with all of the terms and provisions of the proposed Final Judgment.

C.  From the date on which the Court enters this Stipulation and Order, the United States will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section XIII of the proposed Final Judgment will also apply to violations of this Stipulation and Order.

D. Defendant agrees to arrange, at its expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after Defendant's receipt of (1) the text of the notice from the United States and (2) the identity of the newspaper or newspapers within which the publication must be made. Defendant must promptly send to the United States (1) confirmation that publication of the newspaper notices has been arranged and (2) the certification of the publication prepared by the newspaper or newspapers within which the notice was published.

E. Any person who wishes to submit to the United States written comments regarding the proposed Final Judgment should do so within 60 calendar days beginning with the first day of the publication of the newspaper notice required by APPA or the publication of the proposed Final Judgment and the Competitive Impact Statement in the <u>Federal Register</u> as required by APPA, whichever is later.

F. This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in

3

writing by the United States and Defendant and filed with the Court.

G.   Defendant represents that the actions it is required to perform pursuant to the proposed Final Judgment can and will be performed and that Defendant will not later raise a claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any provision of the proposed Final Judgment or this Stipulation and Order.

H.   This Stipulation and Order, including the proposed Final Judgment filed with this Stipulation and Order or any amended proposed Final Judgment agreed upon in writing by the United States and Defendant, constitutes the final, complete, and exclusive agreement and understanding between the United States and Defendant with respect to the settlement of the claims expressly stated in the Complaint filed in this above-captioned case, and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.

**III.    DURATION OF OBLIGATIONS**

In the event that (1) the United States has withdrawn its consent, as provided in Paragraph II.A of this Stipulation and Order; (2) the United States voluntarily dismisses the Complaint

4

in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Defendant is released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

Dated: November 24, 2025

| Respectfully submitted, | FOR DEFENDANT REALPAGE, INC.: |
|---|---|
| FOR PLAINTIFF UNITED STATES OF AMERICA: | |
| /s/ Henry C. Su | /s/ Stephen Weissman |
| Henry C. Su | Stephen Weissman |
| David A. Geiger | (*LR 83.1(d) Counsel*) |
| Danielle G. Hauck | sweissman@gibsondunn.com |
| John J. Hogan | |
| Kris A. Perez Hicks | Michael J. Perry |
|  | (*LR 83.1(d) Counsel*) |
| Attorneys | mjperry@gibsondunn.com |
| United States Department of Justice | |
| Antitrust Division | GIBSON, DUNN & CRUTCHER LLP |
| Technology and Digital Platforms Section | Washington, DC 20036-4504 |
| 450 Fifth St. NW, Suite 7100 | 1700 M Street, NW |
| Washington DC 20530 | Telephone: (202) 955-8500 |
| Telephone: (202) 307-6200 | Adam K. Doerr |
| Email: henry.su@usdoj.gov | N.C. Bar No. 37087 |
|  | adoerr@robinsonbradshaw.com |
|  | Robinson, Bradshaw & Hinson, P.A. |
|  | 101 N. Tryon St., Ste. 1900 |
|  | Charlotte, North Carolina, 28246 |
|  | Telephone: (704)377-2536 |

**ORDER**

IT IS SO ORDERED by the Court, this _____ day of
_____, _____.

_____
United States District Judge