# The DMP Supplemental Comment

**Via Federal Register / Tunney Act Comment (15 U.S.C. § 16)**

**Re: Clarification/Protection Addendum — U.S. v. RealPage, Inc., et al. (Greystar) — ▮▮▮▮▮ Comment (Sept. 9, 2025)**

**No. 1:24-cv-00710-WLO-JLW (M.D.N.C.)**

**Date: September 9, 2025**

**Clarification/Protection Addendum (September 9, 2025)**

This addendum supplements my Tunney Act public comment submitted today regarding the proposed Final Judgment as to Greystar in *United States et al. v. RealPage, Inc., et al.*, No. 1:24-cv-00710-WLO-JLW (M.D.N.C.). It is intended for publication and may be appended to my existing comment.

**1) Scope and source of statements.**
All statements in my comment and this addendum are based on my personal knowledge, first-hand experiences, and documents in my possession; on filings I personally made on federal court dockets; and on whistleblower submissions I personally made to federal agencies—specifically, the SEC and DOJ—since 2021. Nothing here relies on sealed material or privileged communications. To the extent I describe webinars, emails, pricing practices, subpoena sequences, detention events, or document properties/metadata, I preserved contemporaneous copies or records and/or filed them on the public dockets referenced in my comment.

**2) Good-faith basis; public-interest purpose.**
I submit this in good faith to assist the Court's public-interest analysis under 15 U.S.C. § 16(e). My objective is to ensure the Court and the public have a clear record regarding: (i) RealPage-linked pricing conduct; (ii) manual competitor-data inputs and call-arounds; (iii) captive-insurance timing/recognition issues; (iv) subpoena alterations; (v) authorship/metadata issues on court orders; and (vi) the six-day detention during which a "settlement-for-release" was conveyed on a recorded call. These items are evidenced by materials in my possession and/or filings on the federal dockets identified in my comment.

**3) Legal protections and rights (for clarity, not to argue the merits).**

- This submission is protected petitioning activity and public commentary under the First Amendment and the Tunney Act's public-comment framework (15 U.S.C. § 16).

- My disclosures to the SEC and DOJ are protected activity under Sarbanes-Oxley § 806 (18 U.S.C. § 1514A) and Dodd-Frank (15 U.S.C. § 78u-6(h)), and any interference with whistleblowing is restricted by SEC Rule 21F-17 (17 C.F.R. § 240.21F-17).

▮▮▮▮▮ – **Clarification/Protection Addendum -**Tunney Act Comment – Page **1** of **2**

- References to altered process, document falsification, or witness pressure invoke broadly applicable federal prohibitions (e.g., 18 U.S.C. §§ 1512, 1519), cited here to anchor why these facts matter to the Court's public-interest review.
- References to court-process integrity (subpoena form/sequence, conflicted authorship) are grounded in Fed. R. Civ. P. 45 and Rule 60(d)(3) ("fraud on the court") as context for why compliance/monitoring provisions in the decree should be robust and why retaliation chills reporting.

**4) Truthfulness and foundation.**

To be explicit: the retaliation I described happened, and the chronology is documented in my preserved records and court filings. Every factual assertion in my comment (including RealPage pricing mechanics, competitor-data practices, the captive-insurance timing/recognition issues, the subpoena-alteration sequence, authorship/metadata observations, and the recorded "settlement-for-release" episode during my six-day detention) is grounded in actual documents, contemporaneous notes/recordings, and/or filings on the dockets identified in my comment. Where my phrasing is evaluative (e.g., describing effects on residents, or why recognition timing created a misleading periodization), that evaluation is explicitly tied to those documents and sequences.

**5) Publication and contact.**

I authorize the Antitrust Division to publish this addendum with my comment. This addendum contains no confidential or sealed information.

**Unsworn declaration (28 U.S.C. § 1746).**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on September 9, 2025.

/s/ ██████████████



Former MAA Employee/Resident; Whistleblower
Defendant–Appellant, Pro Se

██████████████████