UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREYSTAR MANAGEMENT SERVICES, LLC,<br><br>　　　　Defendant. | No. 1:24-cv-00710-WO-JGM |

**UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM
IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment with Defendant Greystar Management Services, LLC ("Greystar") filed in this civil antitrust proceeding on August 8, 2025 (Doc. 152-1) (attached hereto as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and the Response of the United States to Public Comments on the Proposed Final Judgment ("Response to Public Comments") filed in this matter on August 25, 2025, and February 4, 2026, respectively (Docs. 155 and 169), explain why

entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the United States and Greystar have complied with all applicable provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

I.  **BACKGROUND**

On August 23, 2024, the United States and eight States ("Plaintiffs") filed a civil antitrust Complaint against RealPage, Inc. ("RealPage") (Doc. 1). On January 7, 2025, Plaintiffs amended their Complaint to add Greystar and five other landlords as Defendants (Doc. 47). The Complaint alleges that Greystar, by unlawfully sharing its confidential and competitively sensitive information with RealPage for use in its and competing landlords' pricing, and by adopting and using RealPage's revenue management software and agreeing with RealPage and competing landlords to align their pricing, violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

The United Sates also filed a proposed Final Judgment and a Stipulation and Oder on August 8, 2025 (Docs. 152 & 152-1) and a CIS describing the events giving rise to the alleged violation and proposed Final Judgment on August 25, 2025. (Doc. 155.) The Stipulation and Order, which was agreed to by the parties and which was entered by the Court on August 18, 2025 (Doc. 154),

provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met.

The proposed Final Judgment bars Greystar from licensing or using revenue management software that relies on competitively sensitive data and prohibits Greystar from sharing competitively sensitive information with other landlords. Greystar must also establish an antitrust compliance policy and cooperate with the United States in this litigation, among other terms. Entry of the proposed Final Judgment will terminate this action as against Greystar, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

In addition to Greystar, pending are proposed Stipulations and Final Judgments resolving the United States' claims against three other Defendants: Cortland Management, LLC ("Cortland") (Docs. 49 & 49-1), RealPage, Inc. ("RealPage") (Docs. 159 & 159-1), and LivCor, LLC ("LivCor") (Docs. 164 & 164-1). The proposed Stipulations for Cortland, RealPage, and LivCor are similar to the one that the Court entered for Greystar (Doc. 154). The proposed Final Judgment with respect to Cortland has similarly completed the required review process under the APPA, and the United States moved for its entry on June 10, 2025 (Doc. 146).
- 3 -

- 3 -

## II. COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least 60 days for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on August 8 and August 25, 2025, respectively; published the proposed Final Judgment and CIS in the Federal Register on September 5, 2025 (see 90 Fed. Reg. 43070 (2025)); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published for a period of seven days, over a span of two weeks, in The Washington Post and in the Greensboro News and Record from September 2 to September 8, 2025. The United States received five public comments from three commenters. Pursuant to 15 U.S.C. § 16(d), the United States filed its Response to Public Comments on February 4, 2026 (Doc. 169). As authorized by 15 U.S.C. § 16(d) and the Court's December 30, 2025 Order (Doc. 166), on February 9, 2026, the United States published in the Federal Register its Response to Public Comments and the location on the Antitrust Division's website at which the public comments are accessible, 91 Fed. Reg. 05778 (2026).

## III. STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

- (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

- (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS and Response to Public Comments, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

## IV. ENTRY OF THE PROPOSED FINAL JUDGEMENT IS IN THE PUBLIC INTEREST

Plaintiffs alleged in their Complaint that Greystar, by unlawfully sharing its confidential and competitively sensitive information with RealPage for use in Greystar's and competing landlords' pricing, and by adopting and using RealPage's revenue management software and agreeing with RealPage and competing landlords to align their pricing, violated Section 1 of the Sherman Act, 15 U.S.C. § 1. As explained in the CIS and the Response to Public Comments, the proposed Final Judgment is designed to eliminate the anticompetitive effects of Greystar's conduct by barring Greystar from licensing or using revenue management software that relies on competitively sensitive data and prohibiting Greystar from sharing competitively sensitive information with other landlords. Greystar must also establish an antitrust compliance policy and cooperate with the United States in this litigation, among other terms. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS and the Response to Public Comments, entry of the proposed Final Judgment is in the public interest.

**V. CONCLUSION**

For the reasons set forth in this Motion and Memorandum, the CIS, and the Response to Public Comments, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.

Dated: February 20, 2026

Respectfully submitted,

By: /s/ Henry C. Su

Henry C. Su
David A. Geiger
Kris A. Pérez Hicks

Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Email: henry.su@usdoj.gov