UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>LIVCOR, LLC,<br><br>        Defendant. | No. 1:24-cv-00710-WLO |

### UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment with Defendant LivCor, LLC ("LivCor") filed in this civil antitrust proceeding on December 23, 2025 (Doc. 164-1) (attached hereto as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") filed in this matter on January 8, 2026 (Doc. 168), explains why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the United States and LivCor have complied with all applicable

provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

## I.   BACKGROUND

On August 23, 2024, the United States and eight States ("Plaintiffs") filed a civil antitrust Complaint against RealPage, Inc. ("RealPage") (Doc. 1). On January 7, 2025, Plaintiffs amended their Complaint to add LivCor and five other landlords as Defendants (Doc. 47). The Complaint alleges that LivCor, by unlawfully sharing its confidential and competitively sensitive information with RealPage for use in its and competing landlords' pricing, and by adopting and using RealPage's revenue management software and agreeing with RealPage and competing landlords to align their pricing, violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

The United States also filed a proposed Final Judgment and a Stipulation and Order on December 23, 2025 (Docs. 164 & 164-1) and a CIS describing the events giving rise to the alleged violation and proposed Final Judgment on January 8, 2026. (Doc. 168). The Stipulation and Order, which was agreed to by the parties, and which was entered by the Court on March 26, 2026 (Doc. 183), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met.

- 2 -

The proposed Final Judgment bars LivCor from licensing or using revenue management software that relies on competitively sensitive data and prohibits LivCor from sharing competitively sensitive information with other landlords. LivCor must also establish an antitrust compliance policy and cooperate with the United States in this litigation, among other terms. Entry of the proposed Final Judgment will terminate this action as against LivCor, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.  COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least 60 days for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on December 23, 2025, and January 8, 2026, respectively; published the proposed Final Judgment and CIS in the Federal Register on January 21, 2026 (see 91 Fed. Reg. 2592 (2026)); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published for a period of seven days, over a span of two weeks,

- 3 -

in The Washington Post from January 29 to February 4, 2026 and in the Greensboro News and Record from January 29 to February 5, 2026. The United States did not receive any comments.

## III. STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

(A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A),(B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS, the United States explained the meaning and the proper

- 4 -

application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

## IV. ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

Plaintiffs alleged in their Complaint that LivCor, by unlawfully sharing its confidential and competitively sensitive information with RealPage for use in LivCor's and competing landlords' pricing, and by adopting and using RealPage's revenue management software and agreeing with RealPage and competing landlords to align their pricing, violated Section 1 of the Sherman Act, 15 U.S.C. §1. As explained in the CIS, the proposed Final Judgment is designed to eliminate the anticompetitive effects of LivCor's conduct by barring LivCor from licensing or using revenue management software that relies on competitively sensitive data and prohibiting LivCor from sharing competitively sensitive information with other landlords. LivCor must also establish an antitrust compliance policy and cooperate with the United States in this litigation, among other terms. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment, and no comments were submitted. As explained in the CIS, entry of the proposed Final Judgment is in the public interest.

- 5 -

Case 1:24-cv-00710-WO-JGM    Document 188    Filed 04/10/26    Page 5 of 6

## V.   CONCLUSION

For the reasons set forth in this Motion and Memorandum and in the CIS, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.


Dated: April 10, 2026          Respectfully submitted,

By:  /s/ Henry C. Su

Henry C. Su
David A. Geiger
Kris A. Pérez Hicks

Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Email: henry.su@usdoj.gov

- 6 -