IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA, et al.,

    Plaintiffs,

vs.

No. 1:24-cv-00710-WLO

REALPAGE, INC., et al.,

    Defendants.

**STATUS REPORT FROM PLAINTIFFS AND DEFENDANT REALPAGE, INC.
REGARDING REALPAGE'S MOTION TO DISMISS**

In response to the Court's request made during the status conference held on March 25, 2026, Plaintiff United States of America; Plaintiff States of North Carolina, California, Colorado, Connecticut, Illinois, Minnesota, Oregon, and Tennessee, and the Commonwealth of Massachusetts, acting by and through their respective Attorneys General (collectively, the "States"); and Defendant RealPage, Inc., respectfully submit the following status report setting forth their views and suggestions regarding the Court's disposition of RealPage's pending Motion to Dismiss. (Doc. 73.)

## I.    The United States' Position

Plaintiffs filed an amended Complaint on January 7, 2025, against RealPage and seven property management companies. (Doc. 47.) As to RealPage, Plaintiffs (i.e., the United States and all of the States) have asserted four claims for relief under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2. (Id. ¶¶ 259–89.) Additionally, most of the States have asserted their own claim(s) against RealPage under state law(s). (Id. ¶¶ 290–325.)

RealPage moved to dismiss the Complaint on February 4, 2025. (Doc. 73.) Its Motion to Dismiss has been fully briefed (see Docs. 74, 106 & 122) and was submitted on April 7, 2025.

- 1 -

While the Motion to Dismiss has been pending, the United States and RealPage have agreed to a proposed settlement of the United States' claims under Sections 1 and 2 of the Sherman Act, which as noted above are also asserted by the States against RealPage. (See Doc. 159 (Stipulation and Proposed Order) & 159-1 (proposed Final Judgment).) The proposed settlement is currently undergoing the review process prescribed by the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16(b–h), which culminates with a determination by the Court as to whether entry of the proposed Final Judgment is in the public interest. The United States expects to file shortly its response to the public comments that it has received on the proposed Final Judgment, as required under 15 U.S.C. § 16(d).

During the March 25, 2026 status conference, the Court asked whether RealPage's Motion to Dismiss should be denied without prejudice as to the United States' claims under the Sherman Act, given the pendency of the proposed settlement between the United States and RealPage. While the Court could enter such an order, it would still have to resolve the Motion to Dismiss as to the Sherman Act claims because the States are also asserting these claims against RealPage. This approach would not reduce or simplify the Court's resolution of the Motion to Dismiss. Accordingly, the United States agrees with

- 2 -

the States' proposal (see below) that the Court suspend its disposition of RealPage's Motion to Dismiss until the next status conference, scheduled for May 21, 2026. At that status conference, the Court can revisit with the United States, the States, and RealPage how best to address the Motion to Dismiss, taking into account any intervening developments on the docket, like additional filings made by the United States under the APPA.

## II.   The States' Position

The States adopt the recitation of facts outlined above by the United States. The States urge the Court to suspend its disposition of RealPage's Motion to Dismiss until the next status conference, scheduled for May 21, 2026. At that status conference, the Court can revisit with the United States, the States, and RealPage how best to address the Motion to Dismiss, taking into account any intervening developments on the docket, like additional filings made by the United States under the APPA.

## III. RealPage's Position

RealPage respectfully requests that the Court not suspend its disposition of RealPage's Motion to Dismiss insofar as such motion seeks dismissal of the claims filed by the States.

- 3 -

RealPage instead requests that the Court decide RealPage's Motion to Dismiss with the other pending motions to dismiss filed by other Defendants.  As Plaintiffs acknowledge, assuming the Court enters the proposed Final Judgment resolving the United States' claims under the Sherman Act, the Court would still have to resolve RealPage's Motion to Dismiss as to those claims because the States assert them, too.  Suspending the disposition of RealPage's Motion to Dismiss accordingly "would not reduce or simplify the Court's resolution of the Motion to Dismiss," supra at 2, as to the claims filed by the States. If anything, such a delay would require the Court to engage in the potentially inefficient process of having to entertain RealPage's Motion to Dismiss as to the States' claims on a track that loses the efficiency of the Court's contemporaneous review and analysis of the pleadings and law applicable to the other Defendants' motions to dismiss.  RealPage therefore respectfully submits that it would be most efficient for the Court to decide the Motion to Dismiss at least as to the States contemporaneously with the other Defendants' pending motions to dismiss.

Dated: April 17, 2026

Respectfully submitted,

/s/ *Adam K. Doerr*
Adam K. Doerr
N.C. Bar No. 37807
adoerr@robinsonbradshaw.com

Caroline H. Reinwald
N.C. Bar No. 58053
creinwald@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon St., Ste. 2300
Charlotte, North Carolina 28202
Telephone:     704.377.2536

Stephen Weissman
(LR 83.1(d) Counsel)
sweissman@gibsondunn.com

Michael J. Perry
(LR 83.1(d) Counsel)
mjperry@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Washington, DC  20036-4504
1700 M Street, NW
Telephone: (202) 955-8500

*Attorneys for Defendant RealPage, Inc.*

By: /s/ *Henry C. Su*
Henry C. Su
David A. Geiger
Jessica Butler-Arkow
Kris Perez Hicks
Christine Sommer

Attorneys
United States Department of Justice
Antitrust Division

– 5 –

450 Fifth Street N.W., Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Email: henry.su@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ *Kunal J. Choksi*
Kunal J. Choksi
Senior Deputy Attorney General
N.C. Bar. No. 55666
ASA C. EDWARDS IV
Special Deputy Attorney General
N.C. Bar No. 46000
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
(919) 716-6000 | kchoksi@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*

/s/Pamela Pham
DOAN-PHUONG (PAMELA) PHAM
QUYEN TOLAND
Deputy Attorneys General
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 269-6000 | Pamela.Pham@doj.ca.gov

– 6 –

*Attorneys for Plaintiff State of California*

/s/ Elizabeth W. Hereford
Elizabeth. W. Hereford
Assistant Attorney General
Bryn A. Williams
First Assistant Attorney General
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Elizabeth.Hereford@coag.gov

*Attorney for the Plaintiff State of Colorado*

s/ Julián A. Quiñones Reyes
Julián A. Quiñones Reyes
Assistant Attorney General
Office of the Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5030 | julian.quinones@ct.gov

*Attorney for Plaintiff State of Connecticut*

/s/ Katherine W. Krems
KATHERINE W. KREMS
Assistant Attorney General
JENNIFER E. GREANEY
Deputy Chief
Office of the Massachusetts Attorney General
One Ashburton Place
18th Floor
Boston, Massachusetts 02108

- 7 -

(617) 963-2189
Katherine.Krems@mass.gov
Jennifer.Greaney@mass.gov

*Attorneys for Plaintiff
Commonwealth of
Massachusetts*


s/Katherine A. Moerke
KATHERINE A. MOERKE
ELIZABETH ODETTE
SARAH DOKTORI
Assistant Attorneys
General
Office of the Minnesota
Attorney General
445 Minnesota Street, Suite
600
St. Paul, MN 55101  55101-
2130
katherine.moerke@ag.state.mn.
us
Telephone: (651) 757-1288
elizabeth.odette@ag.state.mn.
us
Telephone: (651) 728-7208
sarah.doktori@ag.state.mn.us

Telephone: (651) 583-6694

*Attorneys for Plaintiff State
of Minnesota*

/s/ Timothy D. Smith

Timothy D. Smith
Attorney-in-Charge
Economic Justice Section
Oregon Department of
Justice
100 SW Market St,
Portland OR 97201
503.798.3297 | tim.smith@doj.
oregon.gov

- 8 -

*Attorney for Plaintiff State of Oregon*


/s/ Daniel Lynch
Daniel Lynch
Assistant Attorney General
Sophie Assadnia
Assistant Attorney General
S. Ethan Bowers
Senior Assistant Attorney General
Consumer Protection Division
Office of the Tennessee Attorney General
UBS Building, 20th Floor
315 Deaderick Street,
Nashville, Tennessee 37243
615.532.5732 | Daniel.lynch@ag.tn.gov

*Attorneys for Plaintiff State of Tennessee*


/s/  Daniel R. Betancourt

DANIEL BETANCOURT, Assistant Attorney General
JENNIFER M. CORONEL, Assistant Attorney General
PAUL J. HARPER, Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St., Floor 23
Chicago, IL 60603
Tel: (312) 415-7945
Daniel.betancourt@ilag.gov
Paul.harper@ilag.gov
Jennifer.coronel@ilag.gov

*Attorneys for Plaintiff State of Illinois*

– 9 –