# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff*,<br><br>       v.<br><br>REALPAGE, INC.,<br><br>       *Defendant*. | No. 1:24-cv-00710-WLO |

## UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment with Defendant RealPage, Inc. ("RealPage"), filed in this civil antitrust proceeding on November 24, 2025 (Dkt. No. 159-1) (attached hereto as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and Response of the United States to Public Comments on the Proposed Final Judgment ("Response to Public Comments") filed in this matter on November 24, 2025 and April 30, 2026, respectively, (Dkt. No. 160 and Dkt. No. 191)

explain why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the parties have complied with all applicable provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

## I.    BACKGROUND

On August 23, 2024, the United States filed a civil antitrust Complaint against RealPage, Inc. ("RealPage") (Dkt No. 1). The Complaint alleges that RealPage violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by unlawfully agreeing to share and use landlords' competitively sensitive information and agreeing to use RealPage's software to align pricing among competing landlords. The Complaint also alleges that RealPage violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing or attempting to monopolize the commercial revenue management software market for conventional multifamily rental housing by preventing other software providers from effectively competing with products that do not harm the competitive process.

The United States also filed a proposed Final Judgment, a Stipulation and Order, and a CIS on November 24, 2025, describing the events giving rise to the alleged violation and

2

the proposed Final Judgment. The Stipulation and Order, which was agreed to by the parties and which was entered by the Court on March 26, 2026 (Dkt. No. 182), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment requires RealPage to (i) stop using competitors' non-public, competitively sensitive information to determine rental prices in runtime operation; (ii) restrict the use of such data in model training; (iii) prohibit the use of market surveys to collect competitively sensitive information for pricing or occupancy recommendations; and (iv) not share or disclose competitively sensitive information through pricing advisors. RealPage must also establish an antitrust compliance policy and cooperate with the United States in this litigation, among other terms. Entry of the proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.  COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least 60 days for the submission of written comments relating to

3

the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on November 24, 2025; published the proposed Final Judgment and CIS in the Federal Register on December 5, 2025 (see 90 Fed. Reg. 56286 (2025)); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published for a period of seven days, over a span of two weeks, in The Washington Post from December 10 to 16, 2025 and the Greensboro News and Record from December 10 to 17, 2025. The United States received eight comments from seven commenters Pursuant to 15 U.S.C. § 16(d), the United States filed a Response to Public Comments on April 30, 2026 (Dkt. No. 191). As authorized by 15 U.S.C. § 16(d) and the Court's March 4, 2026 Order (Dkt. No. 174), on May 8, 2026, the United States published in the Federal Register its Response to Public Comments and the location on the Antitrust Division's website at which the public comments are accessible, 91 Fed. Reg. 25373 (2026).

## III. STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In

making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS and Response to Public Comments, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

## IV. ENTRY OF THE PROPOSED FINAL JUDGEMENT IS IN THE PUBLIC INTEREST

The United States alleged in its Complaint that RealPage violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by

5

unlawfully agreeing with landlords to collect and use their competitively sensitive information in pricing recommendations and agreeing with landlords that each would use RealPage's software to align its pricing with that of competing landlords. The Complaint also alleges that RealPage violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing or attempting to monopolize the commercial revenue management software market for conventional multifamily rental housing by preventing other software providers from effectively competing with products that do not harm the competitive process. As explained in the CIS and the Response to Public Comments, the proposed Final Judgment is designed to eliminate the likely anticompetitive effects of RealPage's conduct by requiring RealPage to (i) stop using competitors' non-public, competitively sensitive information to determine rental prices in runtime operation; (ii) restrict the use of such data in model training; (iii) prohibit the use of market surveys to collect competitively sensitive information for pricing or occupancy recommendations; and (iv) not share or disclose competitively sensitive information through pricing advisors. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment. As explained in the CIS and the Response to Public Comments, entry of the proposed Final Judgment is in the public interest.

6

## V. CONCLUSION

For the reasons set forth in this Motion and Memorandum, the CIS, and the Response to Public Comments, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.


Dated: May 14, 2026

Respectfully submitted,


By: /s/ Henry C. Su

Henry C. Su
David A. Geiger
Danielle G. Hauck
Kris A. Perez Hicks

Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 7100
Washington, DC 20530
Telephone: (202) 307-6200
Email: henry.su@usdoj.gov

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA