**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>REALPAGE, INC., *et al.*,<br>*Defendants.* | Case No. 1:24-cv-710 |

**DEFENDANT CAMDEN PROPERTY TRUST'S RESPONSE TO COURT'S AUGUST 25, 2026 ORDER**

Camden submits this notice in response to the Court's recent order regarding pending motions. (Dkt. 209). The Court's statement at page two of the order is correct: "Defendant Camden Property Trust's Motion to Dismiss, (Doc. 133) [remains pending and is ripe for adjudication] insofar as all Plaintiffs continue to bring claims." Camden believes the Court should grant its pending motion to dismiss for the reasons set forth in the briefing.

Camden also states that, even if the Court does not grant the pending motion to dismiss, other settlements have overtaken and mooted numerous claims against Camden. Camden therefore requests that the Court allow for additional briefing on the mootness issue or dismiss all claims against Camden for injunctive relief based on the argument below.

The consent decrees approved by this Court and Camden's settlement of related class action litigation moot the claims for injunctive relief against Camden. Events have overtaken this case and largely resolved many claims in Plaintiffs' favor. *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1209 (10th Cir. 2012) ("[mootness] describes a situation where events in the world have so overtaken a lawsuit that deciding it involves more energy than effect, a

waste of effort on questions now more pedantic than practical.")

This Court's RealPage Final Judgment ensures that Camden can use only RealPage revenue management software approved by Plaintiffs. Dkt. 194 ("RealPage Final Judgment"). Going forward, RealPage can no longer collect or use confidential information in the manner challenged by Plaintiffs, and RealPage is removing the software features in dispute. RealPage is also subject to a Monitor and must implement numerous compliance measures.. *Id.* at VII; VIII.

The Final Judgment addresses and moots Plaintiffs' Section 1 claims regarding use of revenue management software.*Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("no further effective relief can be given Appellants on their constitutional claims because they already have complete injunctive relief and no damages are available. We therefore refrain from addressing these claims on the merits.")

All of RealPage's arguments regarding the mootness of the claims against RealPage apply equally to Camden. The core of Plaintiffs' claims was that Camden violated antitrust law by using RealPage software and injunctive relief was needed to stop that conduct. As RealPage explains in its brief, the

United States designed a remedy to prevent any improper use of RealPage software.

In addition, Camden has agreed to pay $53 million and comply with extensive injunctive relief to resolve the pending Multidistrict Litigation ("MDL") before Judge Crenshaw in the Middle District of Tennessee. *See In re RealPage, Inc. Rental Software Antitrust Litigation (No. II)*, Case No. 3:23-md-3(M.D. Tenn.)at Dkts. 1396-1400 (motion for preliminary approval and supporting materials), 1406 (preliminary approval order).

Camden's MDL settlement includes numerous prohibitions that mirror the terms of other settlements in this case. Paragraph 13(c)(1) provides belt and suspenders protection regarding Camden's use of revenue management software by prohibiting Camden from using software that uses certain types of nonpublic data. These provisions are similar to the prohibitions contained in the DOJ's consent judgments in this case. Paragraph 13(c) goes on to prohibit multiple types of information exchanges and, again, these provisions are similar to prohibitions contained in judgments reviewed by the Court.

The net effect of these settlements is that Camden is barred from the conduct Plaintiffs alleged to be unlawful.[1] Given the extensive web of judgments limiting Camden's conduct going forward, there is no "reasonable expectation" that Camden will engage in any of the conduct alleged in the complaint. *Incumaa v. Ozmint*, 507 F.3d 281, 288 (4th Cir. 2007). The facts of the case have changed because two federal courts have issued orders impacting Camden's use of revenue management software. *See Hanover Ins. Co. v. Blue Ridge Prop. Mgmt., LLC*, 490 F. Supp. 3d 904, 913 (2020) (explaining that a case can be mooted by a change in the facts or the law since the filing of the complaint).

All that could possibly remain of Plaintiffs' injunctive relief claims is some argument that the MDL terms should be marginally bolstered in this case. Plaintiffs' position would be that this Court should continue to adjudicate the injunctive relief claims against Camden because Plaintiffs would prefer slightly different terms.

Camden therefore requests that the Court dismiss all claims for injunctive relief pending against Camden.

---

[1] Camden disputes that its challenged conduct was in fact unlawful.

Respectfully submitted,

September 1, 2026


*<u>/s/ Caroline M. Gieser</u>*
Caroline M. Gieser
(NC Bar No.: 51610)
Shook, Hardy & Bacon LLP
1230 Peachtree St., Ste. 1200
Atlanta, GA 30309
Tel: (470) 867-6013
cgieser@shb.com

Ryan M. Sandrock
(LR 83.1(d) Counsel)
Shook, Hardy & Bacon LLP
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900
rsandrock@shb.com

Laurie A. Novion
(LR 83.1(d) Counsel)
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613
Tel: (816) 474-6550
lnovion@shb.com

Maveric Ray Searle
(LR 83.1(d) Counsel)
Mehgan E.H. Keeley
(LR 83.1(d) Counsel)
Shook, Hardy & Bacon LLP
111 S. Wacker Dr., Ste. 4700
Chicago, IL 60606
Tel: (312) 704-7700
msearle@shb.com
mkeeley@shb.com

*Attorneys for Defendant*
*Camden Property Trust*

**CERTIFICATE OF WORD COUNT**

I certify that this brief complies with LR 7.3 in that it contains 727 words as determined by Microsoft Word's word count feature.

This 1st day of September, 2026.

*/s/ Caroline M. Gieser*