EXHIBIT 1 – MC COMMENT (REDACTED)

**From:** [redacted]
**To:** ATR-Public-Comments-Tunney-Act-MB
**Subject:** [EXTERNAL] Public Comment - Willow Bridge Proposed Final Judgment - 1:24-cv-00710
**Date:** Monday, September 14, 2026 11:54:14 PM
**Attachments:** image0.png
image1.png
image2.png
image3.png

---

Good evening,

I am submitting this comment regarding the proposed Final Judgment involving Willow Bridge Property Company LLC in United States et al. v. RealPage, Inc. et al., Civil Action No. 1:24-cv-00710.

I am a current resident of [redacted] in Dallas, Texas, a Willow Bridge-managed community.

My current lease expires [redacted]. On [redacted], I received a renewal offer for my apartment that included the following rates:

10 months – $1,734/month
11 months – $1,628/month
13 months – $1,622/month
14 months – $1,629/month
15 months – $1,631/month

I recently checked my property's public website and discovered that my exact apartment, is already being marketed to a prospective new resident, with availability beginning [redacted].

The publicly advertised rates for Apartment [redacted] include:

10 months – $1,536/month
11 months – $1,526/month
12 months – $1,517/month
14 months – $1,524/month
15 months – $1,527/month
16 months – $1,517/month

Thus, Willow Bridge is currently offering prospective new renters materially lower rents for the exact same apartment than it offered me to remain in the apartment. Additionally, a concession of 4 weeks free is being offered to all one bedroom floor plans that has been explicitly denied to me.

For example, my 10-month renewal rate was $1,734, while the publicly advertised 10-month rate for my apartment is $1,536 — a difference of $198 per month. My 14-month renewal rate was $1,629 compared with an advertised $1,524, and my 15-month renewal rate was $1,631 compared with an advertised $1,527.

I have screenshots of the public listing and a copy of my written renewal offer documenting these amounts.

I do not know whether my renewal rates or the currently advertised rates were generated, recommended, or influenced by RealPage, AIRM, YieldStar, or another revenue-management system. I am not asserting that this pricing discrepancy alone proves an antitrust violation.

However, because the government's allegations against Willow Bridge concern algorithmic rental pricing and the use of competitively sensitive information in determining rents, I believe this current pricing experience is relevant to whether the proposed Final Judgment adequately protects renters.

In particular, I respectfully ask the Department to consider whether the proposed decree adequately addresses:

1. pricing algorithms used for lease renewals, not merely rents quoted to prospective tenants;
2. situations in which incumbent tenants are offered materially higher prices than the contemporaneous public price for their own apartment;
3. whether tenants should be told when an automated revenue-management system materially influenced their renewal rate;
4. whether Willow Bridge should be required to provide meaningful human review of renewal prices; and
5. whether monitoring under the decree should examine differences between renewal pricing and new-tenant pricing at the same property.

I am providing this information so that the Department and Court have the benefit of a current Willow Bridge resident's experience while evaluating whether the proposed relief is sufficient to protect competition and renters.

Thank you for considering my comment.

[redacted]
Dallas, Texas
[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]