IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REALPAGE, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00710-WO-JGM<br><br>**CAMDEN PROPERTY TRUST'S ANSWER AND AFFIRMATIVE DEFENSES** |

**CAMDEN PROPERTY TRUST'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Camden Property Trust ("Camden") below provides its responses to the numbered paragraphs in the Amended Complaint (the "Complaint"). Camden also sets forth its affirmative defenses. Camden does not provide any responses to the section headings. To the extent the section headings contain allegations requiring a response, Camden denies those allegations. By noting or admitting that the Complaint purports to quote from or characterize particular documents, Camden does not admit the truth of any assertion in the referenced document Except as expressly stated below, Camden denies all allegations in the Complaint not

specifically admitted, including any allegations in footnotes or headings.

1. Camden agrees that renters are entitled to the benefits of vigorous competition and states that Camden has competed vigorously to obtain and maintain business from residents. Camden responds that the remainder of this paragraph contains characterizations and legal conclusions to which no response is required. To the extent a response is required, Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterization of the purported statements. Camden denies the remaining allegations of this paragraph.

2. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that

basis denies the same. Camden denies Plaintiffs' characterization of the purported statements. Camden denies the remaining allegations of this paragraph.

3. Denied.

* * *

4. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

5. Camden admits that RealPage offers revenue management software, and that Plaintiffs refer to Camden, among others, as a "Defendant Landlord." As to footnote 1, as set forth in that footnote, Camden admits that Plaintiffs purport to define the term "landlord" for purposes of the Complaint and states that the footnote is a definitional statement to which no response is required. Camden denies the remaining allegations of this paragraph.

6. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as

to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding RealPage and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

7. Camden admits that Camden pays for licenses to RealPage products. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other landlords and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

8. This paragraph contains legal conclusions and argument to which no response is required. Camden denies any remaining allegations of this paragraph.

9. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding how RealPage's software operates and RealPage's statements to other landlords, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

10. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on

that basis denies the same. Camden denies any remaining allegation of this paragraph.

11. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding RealPage and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

12. Denied.

13. Camden admits that Plaintiffs purport to bring this action pursuant to Sections 1 and 2 of the Sherman Act and seek the relief described in this paragraph. Camden denies that the claims have merit, denies that Plaintiffs are entitled to any relief, and denies that it participated in any unlawful information-sharing or pricing-alignment scheme. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's alleged monopoly and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

14. Camden admits that YieldStar, AIRM, and LRO are RealPage products that can be characterized as revenue

management products, and that RealPage made acquisitions to develop its products. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same. Camden denies any remaining allegations of this paragraph.

15. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage’s collection of data and the manner in which AIRM and YieldStar generate recommendations for other landlords, and on that basis denies the same. Camden denies any remaining allegations of this paragraph.

16. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs’ characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about

the truth of the allegations regarding other landlords and on that basis denies the same. Camden denies any remaining allegations of this paragraph.

17. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding RealPage's data collection practices and on that basis denies the same. Camden denies any remaining allegations of this paragraph.

18. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's practices and on that basis denies the same. Camden denies Plaintiffs' characterizations of the data and of Camden's agreements with RealPage, and denies the remaining allegations of this paragraph. Camden denies any remaining allegations of this paragraph.

19. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Greystar, Willow Bridge, RealPage, and other companies, including their testimony and internal statements, and on

that basis denies the same. Camden denies the remaining allegations of this paragraph.

20. Camden admits that Plaintiffs purport to describe RealPage's marketing and training materials, but lacks knowledge or information sufficient to form a belief about the truth of those allegations or of the allegations regarding other landlords, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

21. Camden admits that RealPage offers property management, benchmarking, and analytics products to owners and managers of multifamily properties. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

22. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

23. Camden denies Plaintiffs' characterization of Camden's agreements with RealPage. Camden lacks knowledge or

information sufficient to form a belief about the truth of the allegations regarding other landlords' agreements and RealPage's use of other landlords' data, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

24. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

25. Camden denies that it agreed with RealPage or any other landlord to the use of its data in the manner alleged. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, including the statements of Greystar's revenue management director, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

26. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding other companies and on that basis denies

the same. Camden denies the remaining allegations of this paragraph.

27. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's Market Analytics product, RealPage's calls to other landlords, and the information collected, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

28. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's expectations and other landlords and on that basis denies the same. As to footnote 2, as set forth in that footnote, Camden admits that it provided feedback to RealPage regarding AIRM. Camden denies the remaining allegations in this Paragraph.

29. Camden admits that it uses RealPage products. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other landlords and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

30. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other landlords and prospective users and on that basis denies the same. To the extent the allegations in this paragraph relate to Camden's practices, denied, except that it admits that Camden knows that RealPage licenses AIRM and YieldStar to multiple companies. Camden denies the remaining allegations of this paragraph.

31. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

32. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden denies that this phrase describes or reflects any agreement or

practice of Camden. Camden denies the remaining allegations of this paragraph.

33. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements by unidentified landlords and by Willow Bridge employees and on that basis denies the same. To the extent the allegations in this paragraph purport to quote a statement by a Camden executive on a 2021 earnings call, Camden admits only that Plaintiffs purport to quote such a statement; Camden denies Plaintiffs' characterization of the statement. Camden states that Camden leadership on that earnings call stated that Camden welcomed competition from other public companies. Camden also states that, as set forth in part in the public earnings statements accompanying that call, Camden kept rents low and occupancy high during the COVID time period in question. Camden denies the remaining allegations of this paragraph.

34. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the same. Camden states

that, as a public company and in accordance with federal securities requirements, it has for decades provided detailed information regarding rents, occupancy, and strategies regarding all of its properties. Camden denies the remaining allegations of this paragraph.

35. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis, denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden denies the remaining allegations of this paragraph.

36. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

37. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on

that basis denies the same. Camden denies the remaining allegations of this paragraph.

38. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

39. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

40. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

41. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

42. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

43. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

44. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

45. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any allegations contained in the image reproduced in this paragraph.

46. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

47. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this

paragraph and on that basis denies the same. As to footnote 3, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations and, as set forth in that footnote, on that basis denies the same.

48. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any suggestion that RealPage's revenue management software prevents Camden from making its own decisions about rent.

49. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

50. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

51. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

52. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

53. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to other defendants and to the mechanics of the RealPage tools and on that basis denies the same. Camden denies any allegation or suggestion that Camden is required to accept any RealPage pricing recommendation, or that RealPage sets rents for Camden properties. Camden denies the remaining allegations of this paragraph.

54. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

55. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that

basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements.

56. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

57. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any suggestion that RealPage's revenue management software prevents Camden from making its own decisions about rent.

58. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

59. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden does not use LRO.

60. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this

paragraph and on that basis denies the same. Camden does not use LRO.

61. Camden admits that AIRM and YieldStar provide daily pricing recommendations. Camden lacks knowledge or information sufficient to form a belief about the truth of the other allegations regarding RealPage's design and practices and on that basis denies the same. Camden denies as to any allegation that Camden is required to accept any RealPage pricing recommendation. Camden denies that it has used RealPage pricing advisors. To the extent the allegations in this paragraph relate to Camden's practices, denied.

62. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

63. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegations of this paragraph and on that basis denies the same.

64. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same. As to footnote 4, as stated in that footnote, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the same.

65. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies any remaining allegations of this paragraph.

66. Camden admits that YieldStar contains Auto-Accept functionality. Camden denies that enabling that feature, or any other RealPage feature, delegates Camden's pricing authority to RealPage, and denies any allegation that Camden

is required to enable any such feature or to accept any RealPage pricing recommendation. Camden also denies that auto-accept results in higher prices. Auto-accept can, and is, used at times to lower rents. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding default parameters and other landlords' settings and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

67. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any allegation or suggestion that Camden is required to accept any RealPage pricing recommendation, or that RealPage sets rents for Camden properties. Camden denies the remaining allegations of this paragraph.

68. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

69. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same. Camden does not use RealPage's pricing advisory services. Camden denies the remaining allegations of this paragraph.

70. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

71. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

72. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

73. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any allegation that its own pricing decisions are properly characterized by the statistics alleged. Camden also states that RealPage's pricing recommendations are based on inputs provided by Camden. Camden denies the remaining allegations of this paragraph.

74. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any suggestion that RealPage's revenue management software prevents Camden from making its own decisions about rent.

75. Denied.

76. The allegations in this paragraph contain characterizations and legal conclusions to which no response is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the circumstances of renters generally and on that basis denies

the same, and denies that conventional multifamily rental housing is the only reasonable option for renters or a relevant antitrust market.

77. Camden denies that demand for apartments is inelastic in the manner alleged. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, including the statistics cited, and on that basis denies the same.

78. Denied as to Camden. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph regarding RealPage and other landlords and on that basis denies the same.

79. Camden denies that the market for multifamily rentals is concentrated in the manner alleged. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

80. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

81. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

82. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph regarding other landlords and on that basis denies the same.

83. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding statements by RealPage and Cushman & Wakefield employees. Camden denies the remaining allegations of this paragraph.

84. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this

paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

85. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the "two other landlords" or the event, and on that basis denies the same. To the extent the allegations in this paragraph relate to Camden's practices, denied.

86. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

87. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

88. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

89. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

90. Camden admits that this paragraph purports to describe communications in September 2020 between a Camden employee and a Greystar employee. Camden denies Plaintiffs' characterization of these communications and also denies that Plaintiffs have accurately and completely quoted these communications. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Greystar's communications, internal practices, and the information Greystar provided, and on that basis denies the same. Camden denies that any such communication reflects or resulted in any agreement with Greystar or any other person concerning prices, renewal pricing, concessions, occupancy, or the use of RealPage software, and denies that Camden's pricing decisions were the product of any such agreement. Camden states that it purposefully kept rents low and occupancy high throughout this time period. Camden further states that, in compliance with federal securities laws, it made public disclosures of its performance and strategies,

including information similar to information disclosed to competitors. Camden denies the remaining allegations of this paragraph.

91. Camden admits that this paragraph purports to describe communications between a Camden employee and a LivCor employee and related internal Camden communications. Camden denies Plaintiffs' characterization of these communications and also denies that Plaintiffs have accurately and completely quoted these communications. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding LivCor's communications with other landlords and on that basis denies the same. Camden denies that any such communication reflects or resulted in any agreement with LivCor or any other person, and denies that Camden's renewal pricing decisions were the product of any such agreement. Camden states that it purposefully kept rents low and occupancy high throughout this time period. Camden further states that, in compliance with federal securities laws, it made public disclosures of its performance and strategies, including information similar

to information disclosed to competitors. Camden denies the remaining allegations of this paragraph.

92. Camden admits that this paragraph purports to describe communications involving a Camden employee and certain internal Camden communications. Camden denies Plaintiffs' characterization of these communications and also denies that Plaintiffs have accurately and completely quoted these communications. Camden denies that any such communication reflects or resulted in any agreement with any competitor. Camden denies the remaining allegations of this paragraph.

93. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

94. Camden admits that this paragraph purports to quote and describe communications between a Camden employee and a LivCor employee in and after November 2021. Camden denies Plaintiffs' characterization of these communications and also denies that Plaintiffs have accurately and completely quoted these communications. Camden states that the communications

cited in part involve a LivCor executive referring to a public statement by Camden about Camden's practice of not "bring[ing] everyone all the way up to Market with each renewal." Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding LivCor's internal communications and practices and on that basis denies the same. Camden denies that any such communication reflects or resulted in any agreement with LivCor or any other person concerning renewal increases, price increases, or the use of RealPage software. Camden denies the remaining allegations of this paragraph.

95. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

96. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

97. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this

paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

98. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden does not have properties in Minnesota.

99. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. To the extent the allegations in this paragraph relate to Camden's practices, denied.

100. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden does not use LRO.

101. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other landlords and on that basis denies the same. Camden admits that it has adopted internal policies prohibiting the

direct exchange of confidential information with competitors. Camden denies the remaining allegations of this paragraph.

102. Camden admits that RealPage hosts user group meetings for users of its products and that Camden has attended YieldStar user groups. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, including the frequency, purposes, and attendance of such meetings, and on that basis denies the same. Camden denies Plaintiffs' characterization of RealPage's user groups. Camden does not use LRO. As to footnote 5, as set forth in that footnote, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the same.

103. Camden admits that it has attended YieldStar user group meetings. To the extent the allegations in this paragraph relate to Camden's practices, including any allegation that Camden discussed competitively sensitive topics with competitors or used any user group meeting to agree upon or align pricing, denied. Camden lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

104. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

105. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

106. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

107. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

108. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because

Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

109. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

110. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

111. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

112. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

113. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

114. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

115. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, in part because Plaintiffs have not provided necessary details about the specific meeting records or documents being referenced, and on that basis denies the same. Camden states that the documents—whatever they are—contain the information that they contain. As to footnote 6, as set forth in that footnote, Camden admits that Plaintiffs purport to define the term "lease up."

116. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies Plaintiffs' characterization of the topics of prior meetings. Camden denies the remaining allegations of this paragraph.

117. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any remaining allegations in this paragraph.

118. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's peer-set selection and floor-plan matching and on that basis denies the same. Camden denies that it has standardized its offerings for the purpose of facilitating coordination with competitors and denies the remaining allegations of this paragraph. Camden denies that the peer set provides anything more than a low and high market range. Camden denies any remaining allegations in this paragraph.

119. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding

RealPage's instructions and amenity data and on that basis denies the same. Camden denies that it has standardized its offerings for the purpose of facilitating coordination with competitors and denies the remaining allegations of this paragraph.

120. Denied as to Camden, including any allegation that Camden's use of RealPage products has harmed the competitive process or renters. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the design of RealPage's products and RealPage's conduct and on that basis denies the same.

121. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding how AIRM and YieldStar

generate recommendations for other landlords and on that basis denies the same. Camden denies that its use of AIRM or YieldStar caused it to raise or hold rents contrary to its own judgment, and denies the remaining allegations of this paragraph.

122. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's design and training and the statements of a Willow Bridge revenue manager and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

123. Denied as to Camden. Camden lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegations of this paragraph and on that basis denies the same.

124. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements.

125. Denied as to Camden. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph regarding RealPage's products and other landlords and on that basis denies the same.

126. Denied as to Camden. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

127. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

128. Camden denies that its use of RealPage products caused its pricing to "move in unison" with that of any competitor. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

129. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

130. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

131. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

132. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. As to footnote 7, and as set forth in the footnote, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

133. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding how AIRM's models are trained and applied to other clients and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

134. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

135. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's design and statements to prospective clients and on that basis denies the same. Camden denies the remaining allegations of this paragraph as to Camden.

136. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

137. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden denies that its use of RealPage products substituted "interdependent decision-making" for its own independent pricing decisions, and denies the remaining allegations of this paragraph.

138. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on

that basis denies the same. Camden denies the remaining allegations of this paragraph.

139. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

140. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

141. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden does not use LRO. Camden denies the allegation that AIRM and YieldStar do what is described and denies the remaining allegations of this paragraph as to Camden.

142. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies

Plaintiffs' characterization of any feature of RealPage's products, including that any such feature serves as a "one-way ratchet" or operates to help landlords at the expense of renters. Camden denies the remaining allegations of this paragraph.

143. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

144. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

145. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

146. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

147. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

148. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

149. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

150. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. As to footnote 8, as set forth in that footnote, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the same.

151. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. As to Footnote 9, as set forth in that footnote, Camden lacks knowledge or

information sufficient to form a belief about the truth of the allegations and on that basis denies the same.

152. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies Plaintiffs' characterizations, including as to RealPage's intent, to the extent directed at Camden.

153. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's practices and on that basis denies the same. To the extent the allegations in this paragraph relate to Camden's practices, denied.

154. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about

the truth of the allegations regarding RealPage's "best practices" documents and on that basis denies the same. To the extent the allegations in this paragraph relate to Camden's practices, denied.

155. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

156. To the extent the allegations in this paragraph relate to Camden's practices, denied. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

157. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden states information regarding supply, including Camden's available units and occupancy is available publicly. Camden denies the remaining allegations of this paragraph.

158. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

159. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

160. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

161. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

162. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements

or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

163. Denied. Camden specifically denies that its use of RealPage products lacks pro-competitive justification.

164. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

165. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

166. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the

extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

167. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

168. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

169. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

170. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the

extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

171. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

172. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

173. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

174. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the

extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

175. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

176. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

177. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

178. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the

extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

179. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

180. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

181. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

182. These allegations relate to monopolization claims brought against RealPage that do not apply to Camden. To the

extent a response is required, Camden lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

183. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden denies that Plaintiffs have properly defined any relevant antitrust market, and denies the remaining allegations of this paragraph.

184. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

185. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden denies that Plaintiffs have properly defined any relevant antitrust market, and denies the remaining allegations of this paragraph. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's business practices and on that basis denies the same.

186. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

187. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that conventional multifamily rental housing is a relevant antitrust market.

188. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

189. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

190. Camden admits that it offers multifamily housing to residents and that its buildings contain more than five units. Camden lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies the same.

191. Denied. Camden admits that Plaintiffs purport to quote statements attributed to RealPage personnel, lacks knowledge or information sufficient to form a belief as to whether those statements were accurately quoted or as to their context, and denies Plaintiffs' characterizations of them.

192. Denied. Camden admits that Plaintiffs purport to quote statements attributed to RealPage personnel, lacks knowledge or information sufficient to form a belief as to whether those statements were accurately quoted or as to their context, and denies Plaintiffs' characterizations of them.

193. Denied.

194. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

195. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden denies that Plaintiffs have properly defined any relevant antitrust market, and denies the remaining allegations of this paragraph.

196. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's ordinary-course practices and on that basis denies the same. Camden denies that RealPage's peer-mapping defines any relevant antitrust market.

197. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

198. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. To the extent the allegations in this paragraph relate to Camden's practices, denied.

199. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

200. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden denies that Plaintiffs have

properly defined any relevant geographic market, and denies the remaining allegations of this paragraph.

201. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's practices and the testimony of a former property manager and on that basis denies the same.

202. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

203. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

204. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding how RealPage defines submarkets and on that basis denies the same. Camden denies that RealPage-defined submarkets are properly defined antitrust markets.

205. Camden admits that Plaintiffs purport to quote statements attributed to RealPage or its personnel. Camden lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have accurately quoted those statements or as to the context in which they were made, and on that basis denies the same. Camden denies Plaintiffs' characterizations of the purported statements. Camden denies that RealPage-defined submarkets are properly defined antitrust markets.

206. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other landlords and industry analysts and on that basis denies the same. Camden denies that RealPage-defined submarkets are properly defined antitrust markets. As to footnote 10, as set forth in that footnote, Camden lacks knowledge or information

sufficient to form a belief about the truth of the allegations and on that basis denies the same.

207. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

208. Camden states that Appendix A speaks for itself. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage-defined submarkets and the properties and landlords listed in Appendix A and on that basis denies the same. Camden denies that the submarkets listed in Appendix A are relevant antitrust markets and denies that any agreement harmed competition in any such submarket.

209. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding penetration rates and RealPage's data and on that basis denies the same, including as to footnote 11. Camden denies that the submarkets identified are relevant antitrust markets, denies that Camden or any other landlord has market power

individually or collectively, and denies that any agreement harmed competition in any such market.

210. Camden states that Appendix B speaks for itself. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the submarkets listed in Appendix B and on that basis denies the same. Camden denies that the submarkets by bedroom count listed in Appendix B are relevant antitrust markets and denies that any agreement harmed competition in any such market. Camden denies the remaining allegations in this paragraph.

211. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding penetration rates and on that basis denies the same. Camden denies that the markets identified are relevant antitrust markets, denies that Camden or any other landlord has market power individually or collectively, and denies that any agreement harmed competition in any such market. Camden denies the remaining allegations in this paragraph.

212. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding

the definition of a core-based statistical area and on that basis denies the same. Camden denies that any CBSA is a relevant antitrust market for the purposes alleged. Camden denies the remaining allegations in this paragraph.

213. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that RealPage's use of the word "markets" defines any relevant antitrust market. Camden denies the remaining allegations in this paragraph.

214. Camden admits that it operates multifamily properties in certain of the core-based statistical areas listed in this paragraph. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding penetration rates and the other landlords operating in the listed CBSAs and on that basis denies the same. Camden denies that the CBSAs identified in Table 1 are relevant antitrust markets and denies that any agreement harmed or is likely to harm competition in any of

them. Camden denies the remaining allegations in this paragraph.

215. Denied.

216. Camden admits that Camden operates multifamily properties in certain of the core-based statistical areas listed in this paragraph. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding penetration rates and the other landlords operating in the listed CBSAs and on that basis denies the same. Camden denies that the CBSAs by bedroom count identified in Table 2 are relevant antitrust markets and denies that any agreement harmed or is likely to harm competition in any of them. Camden denies the remaining allegations in this paragraph.

217. Denied.

218. Denied.

219. This paragraph concerns RealPage's alleged market position, which is the subject of claims pleaded against RealPage only. Camden lacks knowledge or information

sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

220. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

221. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

222. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining

allegations of this paragraph. Camden denies the remaining allegations in this paragraph.

223. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations of this paragraph. Camden denies the remaining allegations in this paragraph.

224. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations in this paragraph. Camden denies the remaining allegations in this paragraph.

225. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on

that basis denies the same. Camden denies the remaining allegations in this paragraph. Camden denies the remaining allegations in this paragraph.

226. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

227. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

228. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, in part because Plaintiffs have not identified the speaker, document, or communication being referenced, and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

229. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

230. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden admits that the United States purports to bring this action pursuant to Section 4 of the Sherman Act, denies that the United States' claims have merit, and denies that the United States is entitled to any relief against Camden. Camden denies the remaining allegations in this paragraph.

231. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden admits that the Attorneys General purport to bring claims on the bases stated, denies that those claims have merit, and denies that the Attorneys

General are entitled to any relief against Camden. Camden denies the remaining allegations in this paragraph.

232. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same, and denies that the Attorneys General are entitled to any relief against Camden. Camden denies the remaining allegations in this paragraph.

233. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Camden states that it does not dispute the Court's subject matter jurisdiction at this time. Camden denies the remaining allegations in this paragraph.

234. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a

belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

235. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

236. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

237. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Camden states that it does not dispute—for purposes of this action only—the Court's personal jurisdiction over Camden and venue in this District. Camden denies the remaining allegations of this paragraph.

238. Admitted.

239. Admitted.

240. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

241. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

242. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

243. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

244. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

245. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

246. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required,

Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

247. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

248. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

249. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph

as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

250. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

251. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

252. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

253. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

254. The allegations in this paragraph concern another Defendant and contain legal conclusions to which no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph as to that Defendant and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

255. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

256. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that RealPage's markets and submarkets are relevant antitrust markets. Camden denies the remaining allegations in this paragraph.

257. Camden admits that it owns or manages one or more properties within the Middle District of North Carolina. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding other Defendants and on that basis denies the same. Camden denies the remaining allegations of this paragraph.

258. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Camden denies that any relevant antitrust market exists as alleged in the paragraphs and appendices cited, denies that competition or renters have been harmed by any conduct of Camden in this District or elsewhere, and denies the remaining allegations of this paragraph. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage and the other Defendants and on that basis denies the same. Camden denies the remaining allegations in this paragraph.

259. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its

responses to paragraphs 1 through 258 above. The First Claim for Relief is asserted against Camden by all Plaintiffs except Washington. Camden denies that the First Claim for Relief states a claim against Camden.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies Plaintiffs' characterization of the design or purpose of RealPage's products. Camden denies the remaining allegations of this paragraph.

265. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any allegation or suggestion that Camden is required to accept any RealPage pricing recommendation, or that RealPage sets

rents for Camden properties. Camden denies the remaining allegations of this paragraph.

266. Denied.

267. Denied.

268. Denied.

269. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's alterations, capabilities, and plans and on that basis denies the same. Camden denies that less restrictive alternatives establish any violation of law and denies the remaining allegations of this paragraph as to Camden. As to footnote 12, as set forth in that footnote, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the same. Camden does not use LRO. Camden denies the remaining allegations in this paragraph.

270. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 269 above. The Second Claim

for Relief is asserted against Camden by all Plaintiffs except Washington. Camden denies that the Second Claim for Relief states a claim against Camden.

271. Denied.

272. Denied.

273. Denied.

274. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies any allegation or suggestion that Camden is required to accept any RealPage pricing recommendation, or that RealPage sets rents for Camden properties. Camden denies the remaining allegations in this paragraph.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

279. Denied.

280. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 279 above. The Third Claim for Relief is asserted against RealPage only, and no response from Camden is required.

281. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

282. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any

exclusionary conduct. Camden denies the remaining allegations in this paragraph.

283. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

284. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

285. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its

responses to paragraphs 1 through 284 above. The Fourth Claim for Relief is asserted against RealPage only, and no response from Camden is required.

286. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

287. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

288. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

289. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden denies that it participated in any exclusionary conduct. Camden denies the remaining allegations in this paragraph.

290. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 289 above.

291. Denied.

292. Denied.

293. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

294. Camden admits that the State of North Carolina purports to seek the relief enumerated in this paragraph, but denies that the State of North Carolina is entitled to any relief and denies the remaining allegations of this paragraph.

295. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 289 above.

296. Denied.

297. Camden admits that the State of California purports to seek the relief enumerated in this paragraph, but denies

that the State of California is entitled to any relief and denies the remaining allegations of this paragraph.

298. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 297 above.

299. Denied.

300. Denied.

301. Denied.

302. Denied.

303. Camden admits that the State of Colorado purports to seek the relief enumerated in this paragraph, but denies that the State of Colorado is entitled to any relief and denies the remaining allegations of this paragraph.

304. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 303 above. Camden admits that the State of Connecticut purports to bring state and federal claims against all Defendants except Cortland, and

denies that those claims have merit. Camden states that it has no properties in Connecticut.

305. Denied.

306. Camden admits that the State of Connecticut purports to seek the relief enumerated in this paragraph, but denies that the State of Connecticut is entitled to any relief and denies the remaining allegations of this paragraph.

307. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 306 above. Camden admits that the State of Illinois purports to bring state and federal claims against all Defendants except Cortland, and denies that those claims have merit. Camden states that it has no properties in Illinois.

308. Denied.

309. Camden admits that the State of Illinois purports to seek the relief enumerated in this paragraph, but denies that the State of Illinois is entitled to any relief and denies the remaining allegations of this paragraph.

310. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 309 above. Camden admits that the Commonwealth of Massachusetts purports to bring state and federal claims against all Defendants except Cortland, and denies that those claims have merit. Camden states that it has no properties in Massachusetts.

311. Denied.

312. Denied.

313. Camden admits that the Commonwealth of Massachusetts purports to seek the relief enumerated in this paragraph, but denies that the Commonwealth of Massachusetts is entitled to any relief and denies the remaining allegations of this paragraph.

314. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding notice given to other Defendants and on that basis denies the same. Camden admits that it received notice of potential actions by states against Camden at least five days before

the commencement of this action. Camden denies the remaining allegations of this paragraph.

315. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 289 above. Camden admits that the State of Oregon purports to bring state and federal claims against all Defendants except Cortland, and denies that those claims have merit. Camden states that it has no properties in Oregon.

316. Denied.

317. Camden admits that the State of Oregon purports to appear in the capacities described and purports to seek the relief enumerated in this paragraph, but denies that the State of Oregon is entitled to any relief and denies the remaining allegations of this paragraph.

318. Camden admits that Plaintiffs purport to repeat the prior allegations, and incorporates by reference its responses to paragraphs 1 through 317 above. Camden admits that the State of Tennessee purports to bring state and

federal claims against all Defendants except Cortland, and denies that those claims have merit.

319. Denied.

320. Denied.

321. Denied.

322. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

323. Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same.

324. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, denied.

325. Camden admits that the State of Tennessee purports to seek the relief enumerated in this paragraph, but denies that the State of Tennessee is entitled to any relief and denies the remaining allegations of this paragraph.

326. Camden admits that the State of Washington purports to incorporate prior allegations other than the portions it describes. The Thirteenth Claim for Relief is not asserted against Camden, and no response from Camden is required. Camden incorporates by reference its responses to paragraphs 1 through 325 above. Camden states that it has no properties in Washington.

327. Camden is not a "Washington Defendant," and no response from Camden is required. To the extent a response is required, Camden admits that the State of Washington purports to bring claims against the Defendants named in this paragraph and denies that those claims have merit. Camden further states that Washington voluntarily dismissed its claims in this Action.

328. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies

the same. Camden further states that Washington voluntarily dismissed its claims in this Action.

329. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden further states that Washington voluntarily dismissed its claims in this Action.

330. This paragraph concerns a claim or defendant other than Camden, and no response from Camden is required. To the extent a response is required, Camden lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies the same. Camden further states that Washington voluntarily dismissed its claims in this Action.

331. Washington's claims are not asserted against Camden, and no response from Camden is required. To the extent a response is required, Camden admits that the State of Washington purports to seek the relief enumerated in this

paragraph from the Washington Defendants, but denies that the State of Washington is entitled to any relief from Camden. Camden further states that Washington voluntarily dismissed its claims in this Action.

332. Camden admits that Plaintiffs purport to seek the relief enumerated in this paragraph. Camden denies that Plaintiffs are entitled to any relief against Camden, denies that Camden has acted unlawfully, and denies the remaining allegations of this paragraph, including each of its lettered subparagraphs. Camden further denies that the Court should enter any relief.

333. This paragraph contains no factual allegations to which a response is required. Camden admits that Plaintiffs demand a jury trial on all issues properly triable to a jury, but states that such a trial is unnecessary because Plaintiffs' claims should be rejected as a matter of law. Camden denies that Plaintiffs are entitled to a jury trial on any claim for injunctive or other equitable relief.

## CAMDEN'S DEFENSES AND AFFIRMATIVE DEFENSES

Camden sets forth below its affirmative defenses. Each defense is asserted as to all claims against Camden. By setting forth these affirmative defenses, Camden does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Camden lists some arguments below to guard against any assertion that an argument must have been presented as an affirmative defense. Some of the arguments below may identify factual deficiencies in Plaintiffs' claims on which Plaintiffs have the burden of proof. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations. As separate and distinct affirmative defenses, Camden alleges as follows:

### FIRST DEFENSE: MOOTNESS

Plaintiffs' claims for injunctive relief against Camden have been mooted by Plaintiffs' settlements with other defendants as well as Camden's settlement of related actions. In particular, this court will be enforcing a judgment that requires RealPage to offer legally compliant revenue

management tools to Camden and others. The judgment also imposes additional requirements on RealPage—including the imposition of a monitor—which will prevent the recurrence of the alleged conduct. In addition, Camden is subject to a court-approved settlement in the Middle District of Tennessee prohibiting Camden from using non-compliant revenue management software or engaging in improper information exchanges. *In re RealPage, Inc., Rental Software Antitrust Litigation (No. II)*, No. 3:23-md-03071, ECF No. 1619 (M.D. Tenn. Oct. 15, 2026).

**SECOND DEFENSE: LACK OF STANDING**

Camden does not have properties in Connecticut, Illinois, Massachusetts, Minnesota, Oregon, or Washington. Accordingly, those states do not have a basis for any recovery against Camden.

**THIRD DEFENSE: LAWFUL, JUSTIFIED, AND PRO-COMPETITIVE CONDUCT.**

Camden is a publicly traded REIT, required to make disclosures of information regarding its properties. Camden has made those disclosures, as set forth in decades of disclosures available on Camden's website. Disclosing the

same or similar information to competitors is not a violation of any law.

Camden's conduct was in no way willful, serious, persistent, or otherwise improper given that (a) Camden adopted YieldStar at a time when it did not contain competitor information; (b) Camden had no indication that its continued use of YieldStar was improper given that the Plaintiffs in this case, although well aware of the product, gave no indication that the product was in any way illegal or otherwise resulted in harm to competition; (c) according to Plaintiffs' own allegations regarding RealPage's alleged monopoly, there was no other competing revenue management product.

Camden's conduct also was in no way willful, serious, persistent, or otherwise improper because: (a) Camden has maintained competitive rents and high occupancy throughout the period in question, particularly during the COVID time period; these facts are set forth in publicly available materials; (b) Camden, throughout the COVID time period, sought to help its residents, including by providing millions of dollars in assistance.

**FOURTH DEFENSE: EXCESSIVE PENALTIES AND DUPLICATIVE RECOVERY**

Camden has already compensated the residents of Plaintiff states through a court-approved $53 million settlement. Plaintiffs cannot obtain any recovery that would overlap with or duplicate this recovery. In addition, Camden's settlement of the class action, including its agreement to substantial injunctive relief, undermines any argument by Plaintiffs that Camden's conduct has been persistent, willful, or otherwise improper.

**FIFTH DEFENSE: LACK OF PER SE UNLAWFUL CONDUCT**

Plaintiffs' claims are barred, in whole and/or in part, because Camden's actions were not per se unlawful. Camden denies, however, that the per se standard is applicable.

**SIXTH DEFENSE: BONA FIDE BUSINESS PRACTICES**

Plaintiffs' claims are barred, in whole and/or in part, because Camden's conduct has not unreasonably restrained trade and was lawful, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of Camden's independent and legitimate business interests.

**SEVENTH DEFENSE: LACK OF MARKET POWER**

Plaintiffs' claims are barred, in whole and/or in part, because Camden and other Defendants do not possess market power, individually or collectively, in any relevant market, including in the geographic areas in which Plaintiffs allege Camden owns or operates multifamily properties.

**EIGHTH DEFENSE: LACK OF ANTICOMPETITIVE EFFECTS**

Plaintiffs' claims are barred, in whole and/or in part, because there are no anticompetitive effects in any relevant geographic market, including in the geographic areas in which Plaintiffs allege Camden owns or operates multifamily properties, and tenants entered into contracts that do not include any purported overcharge.

**NINTH DEFENSE: LACK OF PROPERLY DEFINED RELEVANT MARKET**

Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs have not defined a proper relevant market for purposes of this action.

## TENTH DEFENSE: LACK OF PROPERLY DEFINED PRODUCT OR GEOGRAPHIC MARKET

Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs cannot prove a properly defined product or geographic market.

## ELEVENTH DEFENSE: LACK OF UNREASONABLE RESTRAINT OF TRADE

Plaintiffs' claims are barred, in whole and/or in part, because there is no contract, combination, or conspiracy that unreasonably restrains trade.

## TWELFTH DEFENSE: LACK OF AGREEMENT OR EXCHANGE OF COMPETITIVELY SENSITIVE INFORMATION

Plaintiffs' claims are barred, in whole and/or in part, because Camden has not formed an agreement or exchanged competitively sensitive information in any relevant market, including in the geographic areas in which Plaintiffs allege Camden owns or operates multifamily properties.

## THIRTEENTH DEFENSE: LACK OF HARM TO COMPETITION

Plaintiffs' claims are barred, in whole and/or in part, because none of Camden's alleged actions or omissions that Plaintiffs challenge substantially lessened or otherwise harmed competition within any relevant market, including in

the geographic areas in which Plaintiffs allege Camden owns or operates multifamily properties.

**FOURTEENTH DEFENSE: LACK OF ANTITRUST INJURY**

Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs have not suffered antitrust injury.

**FIFTEENTH DEFENSE: LACK OF ANTITRUST STANDING**

Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs lack standing, including antitrust standing, to assert their claims.

**SIXTEENTH DEFENSE: LACK OF CAUSATION AND PROXIMATE CAUSATION**

Plaintiffs' claims are barred because any alleged conduct by Camden was not the cause, in law or in fact, of any injury Plaintiffs allegedly suffered, and Plaintiffs' alleged losses were not actually or proximately caused by Camden.

**SEVENTEENTH DEFENSE: INJURY TOO REMOTE**

Plaintiffs' claims are barred, in whole and/or in part, because any alleged injury is too remote.

**EIGHTEENTH DEFENSE: SPECULATIVE DAMAGES**

Plaintiffs' claim for damages is barred because their alleged damages, if any, are speculative and uncertain, and

because of the impossibility of ascertaining and allocating their alleged damages.

**NINETEENTH DEFENSE: ADEQUATE REMEDY AT LAW**

Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law.

**TWENTIETH DEFENSE: LACK OF SPECIFICITY**

Plaintiffs fail to allege facts sufficient to support any granting of injunctive relief. Plaintiffs' request for injunctive relief lacks the specificity required by Federal Rule of Civil Procedure 65.

**TWENTY FIRST DEFENSE: STATUTE OF LIMITATIONS**

Plaintiffs' claims are barred, in whole and/or in part, by the applicable statutes of limitations, including, 15 U.S.C. § 15b, N.C. Gen. Stat. § 75-16.2, Cal. Bus. & Prof. Code § 16750.1, 740 ILCS 10/7(2), C.R.S. § 6-4-119, Conn. Gen. Stat. § 35-40, M.G.L. c. 93, § 13 and c. 260, § 5A, and ORS 646.800.

**TWENTY SECOND DEFENSE: LACK OF JURISDICTION**

Some of the state-law claims cannot be brought against Camden because Camden is not subject to the jurisdiction of those states, in particular in states where there are not

Camden properties, including Connecticut, Illinois, Massachusetts, and Oregon.

**TWENTY THIRD DEFENSE: ILLINOIS BRICK**

Plaintiffs' claims are barred, in whole and/or in part, under *Illinois Brick v. Illinois*, 431 U.S. 720 (1977).

**TWENTY FOURTH DEFENSE: FAILURE TO MITIGATE**

Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs have failed to reasonably mitigate their damages, and any relief should be reduced accordingly.

**TWENTY FIFTH DEFENSE: CONSENT**

Plaintiffs' claims are barred, in whole and/or in part, due to their ratification of, and consent to, the alleged conduct they challenge.

**TWENTY SIXTH DEFENSE: ACQUIESCENCE**

Plaintiffs' claims are barred, in whole and/or in part, by the Plaintiffs' knowing acquiescence to the alleged conduct they challenge.

**TWENTY SEVENTH DEFENSE: INTERVENING CONDUCT**

Plaintiffs' claims are barred, in whole and/or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct

of third parties for whom Camden was not responsible, through forces in the marketplace over which Camden has no control, and/or through acts or omissions on the part of one or more of the Plaintiffs.

**TWENTY EIGHTH DEFENSE: NO LIABILITY FOR OTHER DEFENDANTS' CONDUCT**

Plaintiffs' claims are barred, in whole and/or in part, because Camden is not liable for the acts of any other Defendant.

**TWENTY NINTH DEFENSE: WAIVER, LACHES, ESTOPPEL, UNCLEAN HANDS AND IN PARI DELICTO**

Plaintiffs' claims are barred, in whole and/or in part, by the doctrines of waiver, laches, estoppel, unclean hands, and in pari delicto. Plaintiffs have unreasonably delayed asserting their alleged damages, and such delay has caused prejudice to Camden.

**THIRTIETH DEFENSE: IMPROPER ASSERTION OF EXTRATERRITORIAL JURISDICTION**

To the extent the Complaint seeks to assert a claim or obtain relief on behalf of anyone located outside of the Plaintiff States, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would

violate the Due Process Clause, Article I, Section 8, Clause 3 of the U.S. Constitution and various state laws and constitutions.

**THIRTY FIRST DEFENSE: FREE SPEECH**

The Plaintiffs' claims are barred, in whole or in part, to the extent they are based on the exercise of any person or entity's rights under the First Amendment to the U.S. Constitution.

**THIRTY SECOND DEFENSE: RELEASE**

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

**THIRTY THIRD DEFENSE: RES JUDICATA**

The Plaintiffs' claims are barred, in whole or in part, or may become barred, in whole or in part, by the doctrine of res judicata.

**THIRTY FOURTH DEFENSE: ARBITRATION AGREEMENTS, CLASS ACTION WAIVERS, OR OTHER CONTRACTUAL TERMS**

The Plaintiffs' claims are barred, in whole or in part, to the extent the rental lease agreements pursuant to which any person or entity in whose name and/or on behalf of whom the Plaintiffs purport to bring this action entered into an agreement with a Defendant that contains an arbitration

clause covering their claims, a clause providing a different forum for the resolution of their claims, or a provision waiving the ability to bring a claim.

**THIRTY FIFTH DEFENSE: CONTRACTS WITHOUT ANY PURPORTED OVERCHARGE**

The Plaintiffs' claims are barred, in whole or in part, to the extent that renters upon whose purported injury the Plaintiffs' lawsuit is based entered into contracts that do not (or did not) include any purported overcharge.

**THIRTY SIXTH DEFENSE: RIGHT TO SET OFF AMOUNTS PAID**

The Plaintiff States' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to the States and/or those on whose behalf the States seeks to recover by any Defendants who have settled, or do settle, the States' claim against them in this action and any amounts from instances in which the use of RealPage revenue management software resulted in lower-than-market prices.

**THIRTY SEVENTH DEFENSE: LACK OF AUTHORITY**

The Plaintiffs' claims are barred, in whole or in part, to the extent the Plaintiffs do not have the authority to seek the form of relief requested in the Complaint.

**THIRTY EIGHTH DEFENSE: RELIEF NOT IN THE PUBLIC INTEREST**

The relief sought in the Amended Complaint is not in the public interest.

**THIRTY NINTH DEFENSE: RIGHT TO SEPARATE TRIALS**

Plaintiffs' claims are barred, in whole or in part, to the extent that permitting the combined adjudication of the claims of Plaintiffs and of all other persons and entities in whose name and/or on whose behalf Plaintiffs purport to commence this action would violate the Defendants' constitutional right to separate trials.

**FORTIETH DEFENSE: DUE PROCESS AND COMITY**

Plaintiffs' claims are barred, in whole or in part, based upon the filing of duplicative actions seeking recovery on the same alleged conduct, based upon similar theories of recovery, and on behalf of a putative class of plaintiffs that would include many of the persons and entities in whose name and/or on whose behalf Plaintiffs purport to bring this action. It would violate principles of due process and comity to allow duplicative actions to proceed at the same time.

**FORTY FIRST DEFENSE: FAILURE TO STATE A CLAIM**

The Amended Complaint fails to state a claim upon which relief can be granted.

**FORTY SECOND DEFENSE: FAILURE TO JOIN AN INDISPENSIBLE PARTY**

Plaintiffs have failed to join all parties necessary for a just adjudication of their purported claims.

**FORTY THIRD DEFENSE: NO ENTITLEMENT TO INTEREST, ATTORNEYS' FEES, OR COSTS**

Plaintiffs are not entitled to interest, attorneys' fees, or costs in connection with this action.

**FORTY FOURTH DEFENSE: ELECTION OF REMEDIES**

Any attempt by Plaintiffs to seek damages for the injuries alleged in the Amended Complaint is barred, in whole or in part, by the election of remedies doctrine.

**FORTY FIFTH DEFENSE: EFFECTIVE OPT-OUT**

To the extent Plaintiffs seek monetary relief in whose name and/or on behalf of any person or entity that is a member of a putative or certified class in *In re RealPage, Inc., Rental Software Antitrust Litigation (No. II), No. 3:23-md-03071 (M.D. Tenn.)*, or in any other action seeking recovery for the same alleged conduct, such person or entity has

forfeited any recovery or remedies it may be entitled to in those actions, including monetary damages, or is barred from duplicative recovery in this action.

**FORTY SIXTH DEFENSE: NONJUSTICABILITY**

Plaintiffs' claims are barred, in whole or in part, because they are non-justiciable.

**FORTY SEVENTH DEFENSE: FILED RATE DOCTRINE**

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine and by the applicability of rent control ordinances to many of the leases that provide the purported basis for the allegations in the Complaint.

**INCORPORATION OF ANY DEFENSE PLEADED BY ANY OTHER DEFENDANT**

Camden adopts and incorporates by reference any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other Defendant in this action.

**NO WAIVER OF AFFIRMATIVE DEFENSES**

Camden has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Camden reserves

the right to amend or seek to amend its Answer and Affirmative Defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Camden prays that the Complaint be dismissed as to Camden, with prejudice, that judgment be entered in favor of Camden, and that Camden be awarded appropriate relief, including any entitlement to costs and fees.

And for such other relief as the Court deems just and proper.

Dated: November 11, 2026

Respectfully submitted,

**CAMDEN PROPERTY TRUST**

By: */s/ Caroline M. Gieser*

Caroline M. Gieser
N.C. Bar No. 51610
**SHOOK, HARDY & BACON L.L.P.**
1230 Peachtree Street
Suite 1200
Atlanta, Georgia 30309
Telephone: (864) 680-7518
cgieser@shb.com

Ryan M. Sandrock
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street
Suite 2300
San Francisco, California 94105
Telephone: (415) 852-2594
rsandrock@shb.com

Laurie Novion
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
lnovion@shb.com

Maveric R. Searle
Mehgan E.H. Keeley
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive
Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
msearle@shb.com
mkeeley@shb.com

Richard A. Powers
**KRESSIN POWERS LLC**
400 7th Street NW
Suite 300
Washington, D.C. 20004
Telephone: (202) 464-2905
richard@kressinpowers.com

***Attorneys for Defendant, Camden Property Trust***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ *Caroline M. Gieser*

_________________________

Caroline M. Gieser