**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

UNITED STATES OF AMERICA, *et al.*,

Plaintiffs,

v.

REALPAGE, INC., *et al.*,

Defendants.

Case No. 1:24-cv-00710-WO-JGM

**DEFENDANT WILLOW BRIDGE PROPERTY COMPANY, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure, Defendant Willow Bridge Property Company, LLC ("Willow Bridge") by and through its undersigned counsel, hereby answers Plaintiffs'[1] Amended Complaint ("Complaint"), Dkt. No. 47, and asserts its affirmative defenses as follows:

**PRELIMINARY STATEMENT**

All factual allegations are denied unless expressly admitted. Admissions are limited to specific facts addressed, and not to any characterizations, conclusions, or inferences from those facts, or to the relevance of any admission of facts relative to the merits of the action or claims set forth in the Complaint. Except as expressly stated below, and in accordance with Federal Rule of Civil Procedure 8(b)(3), Willow Bridge denies all allegations in the Complaint not specifically admitted.

Any acknowledgement that the Complaint purports to characterize or quote particular documents is not an admission as to the authenticity of any document, nor an adoption of its contents, nor an admission of any other fact or conclusion averred by Plaintiffs.

In paragraph 5 footnote 1 of the Complaint, Plaintiffs define "landlord" as "a variety of entities that are responsible for setting rents and other lease terms at multifamily properties, including owners, operators, and managers." After and despite defining Defendants as "Defendant Landlords" in paragraph 5, Plaintiffs then allege facts against "landlords" throughout the Complaint. For the Court's convenience, Willow Bridge has

[1] Plaintiff United States of America's claims against Willow Bridge are subject to a Proposed Final Judgment [Dkt. 200-1] which the United States asked this Court to enter as a Final Judgment on November 4, 2026 [Dkt. 228]. Plaintiff State of Washington voluntarily dismissed its claims on February 25, 2025. Dkt. 105.

provided Answers as though factual allegations are directed toward the "Defendant Landlords." Any response to any allegation referencing "landlords" is not an admission that Plaintiffs have properly alleged any facts against Willow Bridge.

Solely for the reader's convenience, Willow Bridge has organized this Answer to correspond with the headings, subheadings, and numbering used within the Complaint. In doing so, Willow Bridge does not admit that the headings or subheadings are factually accurate, and to the extent any such headings or subheadings can be read to contain allegations to which an answer is required, Willow Bridge denies each and every one of the allegations. In addition, the Complaint contains footnotes. To the extent the content of the footnote is not addressed in the text of the response to the Complaint paragraphs to which the footnotes relate and/or to the extent that the content of the footnotes can be read to contain factual allegations, Willow Bridge denies any such allegation. The numbers below correspond to the paragraph numbers in Plaintiffs' Complaint.

Defendant also incorporates by reference, each and every defense previously raised through Customer Defendants' Motion to Dismiss the Amended Complaint, Dkt. Nos. 128–129, as well as Defendant Willow Bridge Property Company, LLC's Motion to Dismiss Plaintiffs' Amended Complaint, Dkt. No. 132.

## I. INTRODUCTION

1. To the extent paragraph 1 contains legal conclusions, Willow Bridge states that no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 1 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 1.

2. To the extent paragraph 2 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 2.

3. To the extent paragraph 3 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 3.

4. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 4 and therefore denies them.

5. To the extent paragraph 5 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 5 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 5.

6. To the extent paragraph 6 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 6 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 6.

7. To the extent paragraph 7 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 7.

8. To the extent paragraph 8 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 8 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 8.

9. To the extent paragraph 9 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 9.

10. To the extent paragraph 10 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 10 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 10.

11. To the extent paragraph 11 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. Willow Bridge

lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in paragraph 11 and therefore denies them.

12. To the extent paragraph 12 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 12 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 12.

13. Paragraph 13 contains legal assertions that do not require a response but to the extent a response is required, the legal assertions are denied. To the extent paragraph 13 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 13.

## II. REALPAGE'S REVENUE MANAGEMENT SOFTWARE IS FUELED BY NONPUBLIC, COMPETITIVELY SENSITIVE INFORMATION SHARED BY LANDLORDS

14. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 14 and therefore denies them.

15. Willow Bridge admits that some of its leasing and pricing information for properties Willow Bridge manages that use AIRM or YieldStar is available to RealPage. Willow Bridge denies Plaintiffs' characterization of that information as "competitively sensitive." Willow Bridge denies the remaining allegations of paragraph 15.

16. To the extent paragraph 16 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 16 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 16.

### A. Landlords Agree to Share Nonpublic, Competitively Sensitive Transactional Data with RealPage for Use in Generating Competitors' Pricing Recommendations

17. Willow Bridge denies the allegations of paragraph 17.

18. To the extent paragraph 18 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 18 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 18.

19. To the extent paragraph 19 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 19 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of

any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 19 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 19.

20. To the extent paragraph 20 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 20 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 20.

21. To the extent paragraph 21 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 21.

22. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 22 and therefore denies them.

23. To the extent paragraph 23 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 23 contains allegations that do not pertain to Willow Bridge, Willow Bridge

lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 23.

24. To the extent paragraph 24 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 24 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 24.

25. To the extent paragraph 25 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 25 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies any remaining allegations of paragraph 25.

26. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement.

To the extent the allegations in paragraph 26 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. To the extent the allegations in paragraph 26 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 26.

27. Willow Bridge admits that it understands that RealPage has a product called Market Analytics. To the extent paragraph 27 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies the remaining allegations of paragraph 27.

**B. AIRM and YieldStar Users Agree with RealPage to Use the Software to Align Pricing**

28. To the extent paragraph 28 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 28 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 28.

29. To the extent paragraph 29 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 29.

30. To the extent paragraph 30 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 30 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 30.

31. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 31 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 31.

32. To the extent paragraph 32 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 32.

33. To the extent paragraph 33 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 33 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 33 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 33.

### C. RealPage's Transactional Data Is Fundamentally Different from Other Data Available to Landlords

34. To the extent paragraph 34 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 34.

35. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 35 and therefore denies them.

36. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 36 and therefore denies them.

37. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 37 and therefore denies them.

38. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 38 and therefore denies them.

### D. RealPage Revenue Management Software Uses Nonpublic, Competitively Sensitive Data to Recommend Prices

39. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 39 and therefore denies them.

#### *1. AIRM and YieldStar Leverage Competitively Sensitive Data to Generate Price Recommendations*

40. To the extent paragraph 40 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. Willow Bridge

lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 40 and therefore denies them.

***a) AIRM model training relies on competitively sensitive data to generate learned parameters.***

41. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 41 and therefore denies them.

***b) AIRM and YieldStar incorporate competitors' nonpublic data to generate floor plan price recommendations***

42. To the extent paragraph 42 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 42 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 42.

43. To the extent paragraph 43 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 43 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 43.

44. Willow Bridge denies the allegations of paragraph 44.

45. Willow Bridge denies the allegations of paragraph 45.

46. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 46 and therefore denies them.

47. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 47 and therefore denies them.

48. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 48 and therefore denies them.

49. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 49 and therefore denies them.

50. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 50 and therefore denies them.

51. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 51 and therefore denies them.

52. To the extent paragraph 52 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 52.

***c) AIRM and YieldStar use competitors' nonpublic data—including data on future occupancy—to determine unit-level prices.***

53. Willow Bridge admits that business managers at Willow Bridge-managed properties that use AIRM or YieldStar are expected to review floor plan recommendations daily to determine the floor plan price based on the property owner's individual asset strategy. To the extent paragraph 53 contains allegations that do not pertain to Willow

Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 53.

54. To the extent paragraph 54 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 54 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 54.

55. To the extent paragraph 55 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 55.

56. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 56 and therefore denies them.

57. To the extent paragraph 57 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 57 and therefore denies them.

58. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 58 and therefore denies them.

***2. LRO Relies Primarily on Landlords to Input Data on Competitors***

59. Willow Bridge admits that business managers at Willow Bridge-managed properties using LRO receive pricing recommendations and that competitor information in LRO derives from public websites. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 59 and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 59.

60. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 60 and therefore denies them.

### E. RealPage Uses Multiple Mechanisms to Increase Compliance with Price Recommendations

61. Willow Bridge admits that AIRM and YieldStar provide price recommendations for Willow Bridge-managed properties using AIRM and YieldStar. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 61 and therefore denies them. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 61.

#### 1. *AIRM and YieldStar Make it Easy to Accept Recommendations and More Difficult and Time-Consuming to Decline*

62. To the extent paragraph 62 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 62.

63. To the extent paragraph 63 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the

truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 63.

64. To the extent paragraph 64 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 64.

65. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 65 and therefore denies them.

#### ***2. RealPage Pushes Clients to Adopt Auto-Accept Settings That Automatically Approve Recommendations***

66. To the extent paragraph 66 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 66 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 66.

67. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any allegations in paragraph 67 and therefore denies them.

68. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 68 and therefore denies them.

#### ***3. RealPage Pricing Advisors Provide a "Check and Balance" on Property Managers to Increase Acceptance of Recommendations***

69. Willow Bridge admits that RealPage offers property owners pricing advisory services and that the property owners decide whether to use those services at Willow Bridge-managed properties. To the extent paragraph 69 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, Willow Bridge denies the remaining allegations of paragraph 69.

70. To the extent paragraph 70 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 70.

71. To the extent paragraph 71 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 71.

72. To the extent paragraph 72 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 72 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 72.

### *4. Pricing Recommendations Heavily Influence Landlords' Behavior*

73. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 73 and therefore denies them.

74. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 74 and therefore denies them.

## III. COORDINATION AMONG COMPETING LANDLORDS IS A FEATURE OF THIS INDUSTRY

75. To the extent paragraph 75 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 75 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 75.

### A. Rental Housing is a Necessity for Millions of Americans

76. Willow Bridge denies that conventional multifamily rental housing is the only reasonable option for renters or the insinuation that it is a relevant antitrust market. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies them.

77. To the extent paragraph 77 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 77 and therefore denies them.

### B. The Multifamily Property Industry is Rife with Cooperation Among Ostensible Competitors

78. To the extent paragraph 78 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 78 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 78.

#### ***1. At the Local Level, the Multifamily Property Industry Comprises a Small Number of Large Landlords Managing Buildings with Different Owners***

79. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 79 and therefore denies them.

80. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 80 and therefore denies them.

81. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 81 and therefore denies them.

#### ***2. Landlords Regularly Discuss Competitively Sensitive Topics with Their Competitors and Swap Information***

82. To the extent paragraph 82 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 82 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 82.

83. To the extent paragraph 83 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 83 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 83.

84. To the extent paragraph 84 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 84 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 84.

85. To the extent paragraph 85 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 85 purport to quote or characterize alleged witness statements by other

Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies any remaining allegations of paragraph 85.

86. To the extent paragraph 86 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 86.

87. To the extent paragraph 87 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent the allegations in paragraph 87 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 87 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such

statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge denies that any such communication reflects or resulted in any agreement with Greystar or any other person concerning prices, auto accept, or the use of RealPage software, and denies that Willow Bridge's pricing decisions were the product of any such agreement. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 87.

88. To the extent paragraph 88 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent the allegations in paragraph 88 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 88 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context.

Willow Bridge denies that any such communication reflects or resulted in any agreement with Cushman & Wakefield or any other person concerning prices, concessions, occupancy, or the use of RealPage software, and denies that Willow Bridge's pricing decisions were the product of any such agreement. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 88.

89. To the extent paragraph 89 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 89 purport to quote or characterize a Willow Bridge document, Willow Bridge states that the document speaks for itself and denies any characterization or description that is inconsistent with the content of the document or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 89.

90. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 90 and therefore denies them.

91. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 91 and therefore denies them.

92. To the extent paragraph 92 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 92 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 92.

93. To the extent paragraph 93 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent the allegations in paragraph 93 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 93 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge denies that any such communication reflects or resulted in any agreement with Greystar or any other person concerning prices, concessions, occupancy, or the use of RealPage software, and denies that Willow Bridge's pricing decisions were the product of any such agreement. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 93.

94. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 94 and therefore denies them.

95. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 95 and therefore denies them.

96. To the extent paragraph 96 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 96 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 96.

97. To the extent paragraph 97 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any communications attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any communication attributed to Willow Bridge witnesses or to confirm the accuracy of any such communication. To the extent the allegations in paragraph 97 purport to quote or characterize the statements or documents of Willow Bridge witnesses, Willow Bridge states that such statements or documents speak for themselves and denies any characterization or description that is inconsistent with the statements or documents or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 97.

98. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 98 and therefore denies them.

99. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 99 and therefore denies them.

100. To the extent paragraph 100 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to any of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 100.

101. Willow Bridge admits that it has a policy prohibiting "call arounds" and direct sharing of competitively sensitive information with competitors. To the extent paragraph 101 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 101 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 101.

### ***3. At RealPage User Group Meetings, Landlords Discuss Competitively Sensitive Topics***

102. Willow Bridge admits that it is aware that RealPage holds "user group" meetings. To the extent paragraph 102 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 102 and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 102.

103. Willow Bridge admits it has participated in YieldStar user group meetings. To the extent paragraph 103 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 103 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 103.

104. To the extent paragraph 104 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 104 and therefore denies them.

105. To the extent paragraph 105 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 105 and therefore denies them.

106. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 106 and therefore denies them.

107. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 107 and therefore denies them.

108. To the extent paragraph 108 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief

as to the truth of those allegations and therefore denies them. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 108 and therefore denies them.

109. To the extent paragraph 109 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any communication attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 109 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 109.

110. To the extent paragraph 110 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any communication attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph

110 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 110.

111. To the extent the allegations in paragraph 111 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 111 and therefore denies them.

112. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 112 and therefore denies them.

113. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 113 and therefore denies them.

114. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 114 and therefore denies them.

115. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 115 and therefore denies them.

116. To the extent paragraph 116 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 116 and therefore denies them.

117. To the extent paragraph 117 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 117 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies any remaining allegations of paragraph 117.

### C. RealPage Uses Nonpublic Information to Allow Landlords to More Easily Compare Units on an Apples-to-Apples Basis

118. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 118 and therefore denies them.

119. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 119 and therefore denies them.

## IV. REALPAGE HARMS THE COMPETITIVE PROCESS AND RENTERS BY ENTERING INTO UNLAWFUL AGREEMENTS WITH LANDLORDS TO SHARE AND EXPLOIT COMPETITIVELY SENSITIVE DATA

120. Willow Bridge denies the allegations of paragraph 120.

### A. AIRM and YieldStar Have the Purpose and Effect of Distorting the Competitive Pricing of Apartments

121. To the extent paragraph 121 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief

as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 121.

122. To the extent paragraph 122 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge further lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 122 purport to characterize or describe documents or other sources, Willow Bridge states that such documents speak for themselves and denies any characterization or description that is inconsistent with the documents or taken out of context. Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 122.

123. To the extent paragraph 123 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 123 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further

denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 123.

124. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 124 and therefore denies them.

125. Willow Bridge denies the allegations of paragraph 125.

126. To the extent paragraph 126 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 126.

127. To the extent paragraph 127 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 127.

128. To the extent paragraph 128 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 128 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 128.

129. To the extent paragraph 129 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 129 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 129.

130. To the extent paragraph 130 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 130 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies any remaining allegations of paragraph 130.

131. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 131 and therefore denies them.

132. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 132 and therefore denies them.

133. To the extent paragraph 133 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. Willow Bridge denies the remaining allegations of paragraph 133.

134. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 134 and therefore denies them.

135. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 135 and therefore denies them.

136. To the extent paragraph 136 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 136 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 136.

137. To the extent paragraph 137 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 137 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually

made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 137.

138. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 138 and therefore denies them.

139. To the extent paragraph 139 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent paragraph 139 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 139.

140. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 140 and therefore denies them.

141. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 141 and therefore denies them.

### B. AIRM and YieldStar Impose Multiple Guardrails Intended to Artificially Keep Prices High or Minimize Price Decreases

142. To the extent paragraph 142 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent the allegations in paragraph 142 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually

made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 142.

143. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 143 and therefore denies them.

144. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 144 and therefore denies them.

145. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 145 and therefore denies them.

146. To the extent paragraph 146 asserts legal conclusions, no response is required but to the extent a response is required, the legal conclusions are denied. To the extent the allegations in paragraph 146 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 146.

147. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 147 and therefore denies them.

148. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 148 and therefore denies them.

149. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 149 and therefore denies them.

150. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 150 and therefore denies them.

151. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 151 and therefore denies them.

152. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 152 and therefore denies them.

### C. AIRM and YieldStar Harm the Competitive Process by Discouraging the Use of Discounts and Price Negotiations

153. Willow Bridge denies the allegations of paragraph 153.

154. To the extent paragraph 154 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 154.

155. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 155 and therefore denies them.

156. To the extent paragraph 156 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 156 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or

information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 156.

### D. AIRM and YieldStar Increase and Maintain Landlords' Pricing Power by Using Competitors' Data to Manage Lease Expirations

157. To the extent paragraph 157 asserts legal conclusions, no response is required. To the extent the allegations in paragraph 157 do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any allegations in paragraph 157 and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 157.

158. Willow Bridge denies the allegations of paragraph 158.

159. To the extent paragraph 159 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 159.

160. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 160 and therefore denies them.

161. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 161 and therefore denies them.

162. Willow Bridge denies the allegations of paragraph 162.

### E. No Procompetitive Benefit Justifies, Much Less Outweighs, RealPage's Use of Competitively Sensitive Data to Align Competing Landlords

163. Willow Bridge denies the allegations of paragraph 163.

## V. REALPAGE USES LANDLORDS' COMPETITIVELY SENSITIVE DATA TO MAINTAIN ITS MONOPOLY AND EXCLUDE COMMERCIAL REVENUE MANAGEMENT SOFTWARE COMPETITORS

164. To the extent paragraph 164 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 164.

165. To the extent paragraph 165 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 165.

166. To the extent paragraph 166 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 166.

### A. Landlords Are Drawn to RealPage Because of Access to Nonpublic Transactional Data That Is Used to Increase Landlords' Revenue

167. To the extent paragraph 167 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 167 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or

information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 167.

168. To the extent paragraph 168 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 168 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 168.

169. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 169 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context.

Willow Bridge further denies the characterization of the allegations and denies the remaining allegations of paragraph 169.

170. To the extent paragraph 170 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 170 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 170.

171. To the extent paragraph 171 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 171 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 171.

### B. RealPage's Collection and Use of Competitively Sensitive Data Excludes Competition in Commercial Revenue Management Software

172. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 172 and therefore denies them.

173. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 173 and therefore denies them.

174. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 174 and therefore denies them.

175. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 175 and therefore denies them.

176. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 176 and therefore denies them.

177. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 177 and therefore denies them.

178. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 178 and therefore denies them.

179. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 179 and therefore denies them.

180. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 180 and therefore denies them.

181. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 181 and therefore denies them.

182. Paragraph 182 contains legal assertions to which no response is required. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient

to form a belief as to the truth of any of the allegations in paragraph 182 and therefore denies them.

## VI. RELEVANT MARKETS

### A. Conventional Multifamily Rental Housing Markets

#### *1. Product Markets*

183. Paragraph 183 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 183.

184. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 184 and therefore denies them.

##### *(a) Conventional Multifamily Rentals Are Distinct From Other Types of Multifamily Housing*

185. Paragraph 185 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 185.

186. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 186 and therefore denies them.

187. Paragraph 187 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 187 and therefore denies them.

188. Paragraph 188 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. Willow Bridge lacks

knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 188 and therefore denies them.

189. Paragraph 189 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 189 and therefore denies them.

***(b) Single-Family Housing Is Not A Reasonable Substitute to Multifamily Rentals***

190. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 190 and therefore denies them.

191. Paragraph 191 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 191 and therefore denies them.

192. Paragraph 192 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of paragraph 192 and therefore denies them.

193. Paragraph 193 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. To the extent paragraph 193 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and

therefore denies them. To the extent the allegations in paragraph 193 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 193.

194. Paragraph 194 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. To the extent paragraph 194 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 194 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge denies the remaining allegations of paragraph 194.

***(c) Conventional Multifamily Rental Units With Different Bedroom Counts Are Relevant Product Markets***

195. Paragraph 195 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. Willow Bridge denies the remaining allegations of paragraph 195.

196. Paragraph 196 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. To the extent paragraph 196 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 196.

197. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations of paragraph 197 and therefore denies them.

198. To the extent paragraph 198 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 198.

199. To the extent the allegations in paragraph 199 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge further states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information

sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 199 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge denies the remaining allegations of paragraph 199.

***2. Geographic Markets***

200. Paragraph 200 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 200. To the extent paragraph 200 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 200 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

201. Paragraph 201 contains legal assertions that do not require any response but to the extent a response is required, the legal assertions are denied. To the extent the allegations in paragraph 201 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements

or taken out of context. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 201 and therefore denies them.

202. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies them.

203. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 and therefore denies them.

***a) RealPage-Defined Submarkets Identify Relevant Geographic Markets***

204. To the extent paragraph 204 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 204 and specifically denies that RealPage defined submarkets are cognizable antitrust markets.

205. To the extent paragraph 205 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent the allegations in paragraph 205 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements

or taken out of context. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 205 and specifically denies that RealPage defined submarkets are cognizable antitrust markets.

206. To the extent the allegations in paragraph 206 purport to quote or characterize alleged witness statements by other Defendants and/or third parties to this action, Willow Bridge lacks knowledge or information sufficient to form a belief concerning whether the purported witness actually made the alleged statements and, therefore, denies the allegations; Willow Bridge further denies any characterization or description that is inconsistent with the alleged statements or taken out of context. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 206 and therefore denies them.

207. Willow Bridge states that Plaintiffs have failed to adequately identify the source of any statements attributed to Willow Bridge and therefore Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of any statement attributed to Willow Bridge witnesses or to confirm the accuracy of any such statement. To the extent the allegations in paragraph 207 purport to quote or characterize the statements or testimony of Willow Bridge witnesses, Willow Bridge states that such statements or testimony speak for themselves and denies any characterization or description that is inconsistent with the statements or testimony or taken out of context. Willow Bridge denies the remaining allegations of paragraph 207.

208. Paragraph 208 cites a document that speaks for itself. Paragraph 208 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 208 and specifically denies that RealPage defined submarkets are cognizable antitrust markets.

209. Paragraph 209 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 209. To the extent paragraph 209 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 209 and specifically denies that RealPage defined submarkets are cognizable antitrust markets and denies that Plaintiffs sufficiently allege a cognizable market or submarket.

210. Paragraph 210 cites a document that speaks for itself. Paragraph 210 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 210. Willow Bridge specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

211. Paragraph 211 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 211. To the extent paragraph 211 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining

allegations of paragraph 211 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

### *b) Core-Based Statistical Areas (CBSAs) Are Relevant Geographic Markets*

212. Paragraph 212 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 212. To the extent paragraph 212 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 212 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

213. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 and therefore denies them.

214. Paragraph 214 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 214. To the extent paragraph 214 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 214 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

215. Paragraph 215 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 215.

Willow Bridge denies the remaining allegations of paragraph 215 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

216. Paragraph 216 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 216. To the extent paragraph 216 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 216 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

217. Paragraph 217 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 217. Willow Bridge denies the remaining allegations of paragraph 217 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

218. Willow Bridge denies the allegations of paragraph 218.

**B. Commercial Revenue Management Software Market**

219. Paragraph 219 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 219. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 219 and therefore denies them.

***1. Product Market***

220. Paragraph 220 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 220.

221. Paragraph 221 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 221. To the extent paragraph 221 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 221.

222. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 and therefore denies them.

223. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223 and therefore denies them.

224. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 224 and therefore denies them.

225. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 and therefore denies them.

226. Paragraph 226 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 226. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 226 and therefore denies them.

227. Paragraph 227 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 227. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 227 and therefore denies them.

228. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228 and therefore denies them.

### *2. Geographic Market*

229. Paragraph 229 contains legal assertions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations of paragraph 229. To the extent paragraph 229 contains allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

## VII. JURISDICTION, VENUE, AND COMMERCE

230. Paragraph 230 contains legal conclusions that do not require any response. To the extent a response is required, Willow Bridge denies the allegations in paragraph 230 to the extent the Court has entered a Final Judgment or a Proposed Final Judgment has been filed on claims brought by the United States against certain Defendants; admits that as to the other Defendants, the United States purports to bring this action pursuant to Section 4 of the Sherman Act, 15 U.S.C. § 4, for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; and denies all remaining allegations in paragraph 230.

231. Paragraph 231 contains legal conclusions that do not require any response. To the extent a response is required, Willow Bridge denies that the Attorneys General are entitled to relief against Willow Bridge.

232. Paragraph 232 contains legal conclusions that do not require any response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232 and therefore

denies them, and denies that the Attorneys General are entitled to relief against Willow Bridge.

233. Paragraph 233 contains legal conclusions that do not require any response. To the extent a response is required, Willow Bridge states that it is not presently challenging the Court's subject matter jurisdiction over this action.

234. Paragraph 234 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 and therefore denies them.

235. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 and therefore denies them.

236. Paragraph 236 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 and therefore denies them.

237. Paragraph 237 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 and therefore denies them.

238. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 and therefore denies them.

239. Paragraph 239 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239 and therefore denies them.

240. Paragraph 240 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240 and therefore denies them.

241. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 and therefore denies them.

242. Paragraph 242 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 and therefore denies them.

243. Paragraph 243 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 and therefore denies them.

244. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244 and therefore denies them.

245. Paragraph 245 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 245 and therefore denies them.

246. Paragraph 246 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 and therefore denies them.

247. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 and therefore denies them.

248. Paragraph 248 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248 and therefore denies them.

249. Paragraph 249 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 and therefore denies them.

250. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 and therefore denies them.

251. Paragraph 251 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 and therefore denies them.

252. Paragraph 252 contains legal conclusions that do not require a response. To the extent a response is required, Willow Bridge admits that it transacts business within the State of North Carolina. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 252.

253. Willow Bridge admits that it is a Delaware limited liability company headquartered in Dallas, Texas. Willow Bridge admits that it is registered to do business in the State of North Carolina as a foreign corporation offering services for the multifamily real estate industry. Willow Bridge admits that it manages multifamily rental properties using AIRM within the State of North Carolina. Except as expressly admitted, Willow Bridge denies any remaining allegations of paragraph 253.

254. Paragraph 254 contains legal conclusions that do not require a response. Willow Bridge admits that it manages multifamily rental units in various states across the United States, including in the State of North Carolina. Willow Bridge admits that it markets rental properties on its website. Except as expressly admitted, Willow Bridge denies the remaining allegations of paragraph 254.

255. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255 and therefore denies them.

256. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256 and therefore denies them. Willow Bridge specifically denies that RealPage defined markets and submarkets are cognizable antitrust markets.

257. Paragraph 257 contains legal assertions that do not require a response. To the extent paragraph 257 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge admits that it manages properties within the Middle District of North Carolina, and denies the remaining allegations of paragraph 257.

258. Paragraph 258 contains legal assertions that do not require a response. To the extent paragraph 258 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 258 and specifically denies that Plaintiffs sufficiently allege any cognizable market or submarket.

## VIII. VIOLATIONS ALLEGED

### *First Claim for Relief: Violation of Section 1 of the Sherman Act by Unlawfully Sharing Information for Use in Competitors' Pricing*

**(By All Plaintiffs Against RealPage, Cushman & Wakefield, Greystar, LivCor, and Pinnacle; By All Plaintiffs Except Washington Against Camden and Willow Bridge; By the United States, Colorado, and North Carolina Against Cortland)**

259. In response to the allegations in paragraph 259, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 259.

260. To the extent paragraph 260 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a

belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 260.

261. To the extent paragraph 261 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 261.

262. To the extent paragraph 262 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 262.

263. To the extent paragraph 263 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 263.

264. To the extent paragraph 264 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 264.

265. To the extent paragraph 265 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 265.

266. Paragraph 266 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 266.

267. Paragraph 267 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 267.

268. Willow Bridge denies the allegations of paragraph 268.

269. Paragraph 269 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding RealPage's alterations, capabilities, and plans and on that basis denies the same. Willow Bridge denies the remaining allegations of paragraph 269.

***Second Claim for Relief: Violation of Section 1 of the Sherman Act Through Agreements to Align Pricing***

**(By All Plaintiffs Against RealPage, Cushman & Wakefield, Greystar, LivCor, and Pinnacle; By All Plaintiffs Except Washington Against Camden and Willow Bridge; By the United States, Colorado, and North Carolina Against Cortland)**

270. In response to the allegations in paragraph 270, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 270.

271. To the extent paragraph 271 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a

belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 271.

272. To the extent paragraph 272 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 272.

273. To the extent paragraph 273 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 273.

274. To the extent paragraph 274 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 274.

275. To the extent paragraph 275 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 275.

276. Paragraph 276 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 276.

277. Willow Bridge denies the allegations of paragraph 277.

278. Paragraph 278 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 278.

279. Paragraph 279 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 279.

### *Third Claim for Relief: Violation of Section 2 of the Sherman Act Through Monopolization of the Commercial Revenue Management Software Market*

**(By All Plaintiffs Against RealPage)**

280. In response to the allegations in paragraph 280, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 280. The Third Claim for Relief is asserted against RealPage only, and no response from Willow Bridge is required.

281. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 281 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 281 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

282. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is

required, paragraph 282 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 282.

283. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 283 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 283.

284. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 284 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 284.

***Fourth Claim for Relief, in the Alternative: Violation of Section 2 of the Sherman Act Through Attempted Monopolization of the Commercial Revenue Management Software Market***

**(By All Plaintiffs Against RealPage)**

285. In response to the allegations in paragraph 285, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth

herein in response to paragraph 285. The Fourth Claim for Relief is asserted against RealPage only, and no response from Willow Bridge is required.

286. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 286 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 286 and specifically denies that Plaintiffs sufficiently allege a cognizable market or submarket.

287. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 287 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 287.

288. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 288 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 288.

289. This paragraph concerns a claim against a defendant other than Willow Bridge, and no response from Willow Bridge is required. To the extent a response is required, paragraph 289 contains factual allegations that do not pertain to Willow Bridge and Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Willow Bridge denies the remaining allegations of paragraph 289.

***Fifth Claim for Relief: Violation of North Carolina Law***

290. In response to the allegations in paragraph 290, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 290.

291. Willow Bridge denies the allegations of paragraph 291.

292. Paragraph 292 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 292 and specifically denies that it has in any way violated the North Carolina Unfair or Deceptive Trade Practices Act.

293. Paragraph 293 contains legal conclusions to which no response is required. To the extent paragraph 293 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

294. Paragraph 294 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of North Carolina is entitled to any damages or other relief whatsoever.

### *Sixth Claim for Relief: Violation of California Law*

295. In response to the allegations in paragraph 295, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 295.

296. Paragraph 296 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 296 and specifically denies that it has in any way violated the Sections 1 and 2 of the Sherman Act or California's Unfair Competition Law.

297. Paragraph 297 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of California is entitled to any damages or other relief whatsoever.

### *Seventh Claim for Relief: Violation of Colorado Law*

298. In response to the allegations in paragraph 298, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 298.

299. Paragraph 299 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 299 and specifically denies that it has in any way violated the Colorado Antitrust Act.

300. Paragraph 300 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 300 and specifically denies that it has in any way violated C.R.S. § 6-4-113.

301. Paragraph 301 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 301 and specifically denies that it has in any way violated C.R.S. § 6-4-113(2)(c).

302. Paragraph 302 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 302 and specifically denies that it has in any way violated C.R.S. § 6-4-113(2)(d).

303. Paragraph 303 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of Colorado is entitled to any damages or other relief whatsoever.

***Eighth Claim for Relief: Violation of Connecticut Law***

304. In response to the allegations in paragraph 304, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 304.

305. Paragraph 305 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 305 and specifically denies that it has in any way violated the Connecticut Antitrust Act.

306. Paragraph 306 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of Connecticut is entitled to any damages or other relief whatsoever.

***Ninth Claim for Relief: Violation of Illinois Law***

307. In response to the allegations in paragraph 307, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 307.

308. Paragraph 308 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 308 and specifically denies that it has in any way violated the Illinois Antitrust Act.

309. Paragraph 309 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of Illinois is entitled to any damages or other relief whatsoever.

***Tenth Claim for Relief: Violation of Massachusetts Law***

310. In response to the allegations in paragraph 310, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 310.

311. Paragraph 311 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 311 and specifically denies that it has in any way violated the Massachusetts Consumer Protection Act.

312. Paragraph 312 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 312 and specifically denies that it has in any way violated the Massachusetts Consumer Protection Act.

313. Paragraph 313 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff Commonwealth of Massachusetts is entitled to any damages or other relief whatsoever.

314. Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 314 regarding notice given to other Defendants and therefore denies them. Willow Bridge admits that it received notice of a potential action by the Commonwealth of Massachusetts at least five days before the commencement of this action. Willow Bridge denies the remaining allegations of paragraph 314.

***Eleventh Claim for Relief: Violation of Oregon Law***

315. In response to the allegations in paragraph 315, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 315.

316. Paragraph 316 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 316 and specifically denies that it has in any way violated the Oregon Antitrust Law. Willow Bridge did not manage any properties in Oregon.

317. Paragraph 317 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of Oregon is entitled to any damages or other relief whatsoever. Willow Bridge did not manage any properties in Oregon.

***Twelfth Claim for Relief: Violation of Tennessee Law***

318. In response to the allegations in paragraph 318, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 318.

319. Paragraph 319 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 319.

320. Paragraph 320 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 320.

321. Paragraph 321 contains legal conclusions to which no response is required. To the extent a response is required, Willow Bridge denies the allegations of paragraph 321 and specifically denies that it has in any way violated the Tennessee Trade Practices Act.

322. Paragraph 322 contains legal conclusions to which no response is required. To the extent paragraph 322 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

323. Paragraph 323 contains legal conclusions to which no response is required. To the extent paragraph 323 contains factual allegations that do not pertain to Willow Bridge, Willow Bridge lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent a response is required, Willow Bridge denies the allegations of paragraph 323.

324. Willow Bridge denies the allegations of paragraph 324.

325. Paragraph 325 contains no factual allegations to which a response is required. To the extent a response is required, Willow Bridge denies that Plaintiff State of Tennessee is entitled to any damages or other relief whatsoever.

***Thirteenth Claim for Relief: Violation of Washington Law***

326. In response to the allegations in paragraph 326, Willow Bridge incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to paragraph 326.

327. The State of Washington's claims are not asserted against Willow Bridge and therefore, no response is required. Furthermore, the State of Washington has withdrawn its claims, Dkt. 105.

328. The State of Washington's claims are not asserted against Willow Bridge and therefore, no response is required. Furthermore, the State of Washington has withdrawn its claims, Dkt. 105.

329. The State of Washington's claims are not asserted against Willow Bridge and therefore, no response is required. Furthermore, the State of Washington has withdrawn its claims, Dkt. 105.

330. The State of Washington's claims are not asserted against Willow Bridge and therefore, no response is required. Furthermore, the State of Washington has withdrawn its claims, Dkt. 105.

331. The State of Washington's claims are not asserted against Willow Bridge and therefore, no response is required. Furthermore, the State of Washington has withdrawn its claims, Dkt. 105.

## IX. REQUEST FOR RELIEF

332. Willow Bridge denies any and all allegations contained in Plaintiffs' request for relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Willow Bridge.

## X. DEMAND FOR A JURY TRIAL

333. Plaintiffs' Demand for a Jury Trial contains no factual assertions to which a response is required. Plaintiffs' Demand for a Jury Trial further states legal assertions and Plaintiffs' characterization of this action, with which Willow Bridge disagrees and to which no response is required. Willow Bridge further denies that Plaintiffs have stated claims that are triable. Willow Bridge denies any remaining allegations of Plaintiffs' Demand for a Jury Trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Willow Bridge asserts the following avoidances and defenses to Plaintiffs' claims. Willow Bridge incorporates by reference the admissions, allegations, and denials contained in its Answer, and reserves the right to amend this Answer and to assert other defenses as this action proceeds.

Federal Rule of Civil Procedure 8 sets forth the avoidances and defenses that must be affirmatively stated in a pleading. See Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]").

To the extent necessary, Willow Bridge alleges Plaintiffs' claims are barred because the acts Plaintiffs allege Willow Bridge undertook in furtherance of the alleged conspiracy were in Willow Bridge's unilateral business interest. Willow Bridge reserves the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial. Willow Bridge also incorporates by reference each and every defense previously raised through Customer Defendants' Motion to Dismiss the Amended Complaint, Dkt. Nos. 128–129, as well as Willow Bridge's Motion to Dismiss Plaintiffs' Amended Complaint, Dkt. Nos. 132, 132-1, 139.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Willow Bridge's alleged conduct did not unreasonably restrain trade. Any such conduct was lawful, fair, and non-deceptive, expressly authorized by law, justified, and procompetitive. It constituted bona fide business practices and was carried out in furtherance of Willow Bridge's independent and legitimate business interests. To the extent any challenged conduct restrained trade, that restraint was ancillary to such lawful and procompetitive conduct.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, good faith, estoppel, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged harm or damages suffered by Plaintiffs were not proximately caused by any actions or conduct of Willow Bridge. In particular, any harm suffered by Plaintiffs was not a direct result of Willow Bridge's conduct but rather resulted from other intervening factors or superseding events that broke the causal chain between Willow Bridge's conduct and Plaintiffs' alleged injuries. These intervening causes include, but are not limited to, actions by third parties, market forces, or other external factors beyond Willow Bridge's control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no antitrust injury. To allege antitrust injury, Plaintiffs must show that they suffered a type of injury that the antitrust laws were intended to prevent as a result of a defendant's unlawful, competition-reducing conduct. Defendants' independent decisions to license a revenue management product that generates pricing outputs based on individualized decisions do not mean those users somehow conspired to (and succeeded in) inflating apartment rents. Mere use of revenue management software is not unlawful conduct, and it is not the type of injury that the antitrust laws were intended to prevent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate, minimize, or avoid their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for damages are barred because their alleged damages, if any, are speculative and uncertain, and because of the impossibility of ascertaining and allocating their alleged damages.

## **NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Willow Bridge's actions were not *per se* unlawful.

## **TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Willow Bridge and other Defendants do not possess market power, individually or collectively, in any relevant market.

## **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there are no anticompetitive effects in any relevant geographic market.

## **TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to allege a properly defined geographic market.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Willow Bridge's actions did not lessen competition in a relevant market.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to sue for the injuries alleged in the Complaint, or to prosecute the claims alleged for any reason.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any claimed injuries or damages have been offset by benefits received by Plaintiffs with respect to the challenged conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they would constitute duplicative recovery.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred (or may become barred), in whole or in part, by the doctrine of release and/or *res judicata*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Willow Bridge was not responsible, through forces in the marketplace over which Willow Bridge has no control, and/or through acts or omissions on the part of the Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, because Willow Bridge is not liable for the acts of any other Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, to the extent that renters upon whose purported injury Plaintiffs' lawsuit is based entered into contracts that do not (or did not) include any purported overcharge.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs, or the renters whose alleged injuries form the basis of Plaintiffs' lawsuit, knowingly acquiesced to the restraints of trade alleged in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, authorized and consented to the conduct of Willow Bridge.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent that the rate paid for a multifamily residential rental unit by any renter upon whose purported injuries Plaintiffs' lawsuit is based was subject to or influenced by

rates filed with any applicable regulator, whether under rent-control laws or otherwise, Plaintiffs' claims are barred by the immunities and exemptions conferred by the filed rate doctrine.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims are barred to the extent that such conduct was committed by any individual acting *ultra vires* or beyond the scope of any individual's express or implied authority as an agent or employee of Willow Bridge.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole and/or in part, to the extent that permitting the combined adjudication of the claims of Plaintiffs and of all other persons and entities in whose name and/or on whose behalf Plaintiffs purport to commence this action would violate Willow Bridge's constitutional right to separate trials.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The relief sought in the Complaint is not in the public interest.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by Defendants' right to set off any amount paid to any person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action by damages attributable to that person or entity's conduct, including to the extent those persons or entities shared information found to be competitively sensitive regarding their rental lease agreements or potential alternative rental lease agreements.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because all of Willow Bridge's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and procompetitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was an essential part of Willow Bridge's lawful business operations.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law and fail to allege facts sufficient to support any granting of injunctive relief. Plaintiffs' requests for injunctive relief lack the specificity required by Fed. R. Civ. P. 65(d).

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims and any claimed right to trial by jury are barred, in whole or in part, to the extent residents entered into rental contracts that require arbitration of the claims at issue, require suit in a different forum, preclude a jury trial, or preclude a representative proceeding.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Willow Bridge pleads each and every affirmative defense set forth in Fed. R. Civ. P. 8(c) to the extent not already explicitly set forth herein and to the extent applicable.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Willow Bridge adopts and incorporates by reference any and all other additional or affirmative defenses asserted, or to be asserted, by any other Defendant in this proceeding to the extent that Willow Bridge may share in such additional or affirmative defenses.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Willow Bridge has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Willow Bridge reserves the right to amend or seek to amend its Answer and Affirmative Defenses.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The State of Oregon's claims and requests for relief against Willow Bridge are barred because Willow Bridge did not manage properties in Oregon.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for injunctive relief against Willow Bridge are mooted by Plaintiffs' settlements with other defendants, as well as Willow Bridge's settlement with the Department of Justice in this action and Willow Bridge's settlement of the related action *In re RealPage, Inc., Rental Software Antitrust Litigation (No. II)*, No. 3:23-md-03071, ECF No. 1619 (M.D. Tenn. Oct. 15, 2026).

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Willow Bridge has already compensated the residents of Plaintiff states through a court-approved $12 million settlement in *In re RealPage, Inc., Rental Software Antitrust Litigation* (No. II), No. 3:23-md-03071 (M.D. Tenn.). To the extent Plaintiffs seek monetary relief in the name and/or on behalf of any person or entity that is a member of a

putative or certified class in *In re RealPage, Inc., Rental Software Antitrust Litigation* (No. II), No. 3:23-md-03071 (M.D. Tenn.), or in any other action seeking recovery for the same alleged conduct, such person or entity has forfeited any recovery or remedies it may be entitled to in those actions, including monetary damages, or is barred from duplicative recovery in this action.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are non-justiciable.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent any Plaintiff does not have the authority, whether under statute, common law, equity, or otherwise, to seek a form of relief requested in the Complaint, including but not limited to seeking recovery on behalf of individuals and entities, and including but not limited to seeking damages under federal or state law.

**FORTIETH AFFIRMATIVE DEFENSE**

To the extent the Complaint seeks to assert a claim or obtain relief on behalf of anyone located outside of the State or Commonwealth asserting that claim, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce that State or Commonwealth's laws as to the residents of other states would violate the Due Process Clause and the Commerce Clause, Article I, Section 8, Clause 3 of the U.S. Constitution and various state laws and constitutions.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and under the other state consumer protection and unfair trade practices statutes invoked in the Complaint, are barred in whole or in part because the alleged business practices are not unlawful, unfair, fraudulent, deceptive, or likely to mislead consumers within the meaning of those statutes or otherwise.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have waived any right to seek damages for the injuries alleged in the Complaint to the extent they have failed to assert a claim for such relief in the Complaint.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Any attempt by Plaintiffs to seek damages for the injuries alleged in the Complaint is barred, in whole or in part, by the election of remedies doctrine.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to interest, attorneys' fees, or costs in connection with this action.

Wherefore, Willow Bridge requests that all of Plaintiffs' claims be dismissed with prejudice and that judgment be entered in Willow Bridge's favor, with costs and fees to Willow Bridge and any other relief as to which it may be entitled.

Respectfully submitted,

*/s/ Eric Steven Goodheart*

Eric Steven Goodheart
N.C. Bar No. 53476
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel.: (215) 656-3371

*eric.goodheart@us.dlapiper.com*

Gregory J. Casas
(LR 83.1(d) Counsel)
Emily W. Collins (LR 83.1(d) Counsel)
Claire Smith (LR 83.1(d) Counsel)
DLA PIPER LLP (US)
303 Colorado Street, Suite 3000
Austin, Texas 78701
Tel.: (512) 457-7290
Fax: (512) 721-2390
*greg.casas@us.dlapiper.com*
*emily.collins@us.dlapiper.com*
*claire.smith@us.dlapiper.com*

Becky L. Caruso
(LR 83.1(d) Counsel)
DLA PIPER LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
Tel.: (973) 520-2550
Fax: (973) 520-2551
*becky.caruso@us.dlapiper.com*

***ATTORNEYS FOR DEFENDANT WILLOW BRIDGE PROPERTY COMPANY, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2026, I filed the foregoing document titled **DEFENDANT WILLOW BRIDGE PROPERTY COMPANY, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** using the Court's CM/ECF system which will send notification to all counsel of record.

*/s/ Eric Steven Goodheart*
Eric Steven Goodheart