IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF NORTH CAROLINA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF ILLINOIS; COMMONWEALTH OF MASSACHUSETTS; STATE OF MINNESOTA; STATE OF OREGON; STATE OF TENNESSEE; and STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>REALPAGE, INC.; CAMDEN PROPERTY TRUST; CORTLAND MANAGEMENT, LLC; CUSHMAN & WAKEFIELD, INC.; GREYSTAR REAL ESTATE PARTNERS, LLC; LIVCOR, LLC; PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; and WILLOW BRIDGE PROPERTY COMPANY, LLC,<br><br>Defendants. | Case No. 1:24-cv-00710 |

**DEFENDANT REALPAGE, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant RealPage, Inc. ("RealPage") hereby answers the Amended Complaint (ECF No. 47) of Plaintiffs the States of North Carolina, California, Colorado, Connecticut, Illinois,

Minnesota, Oregon, and Tennessee, and the Commonwealth of Massachusetts (collectively, the "Plaintiffs"), as follows.[1] Any allegation not explicitly admitted is denied. By noting or admitting that the Amended Complaint purports to quote from or characterize particular documents, RealPage does not admit the truth of any assertion in the referenced document. Moreover, headings, subheadings, figures, charts, tables, images, appendices, and footnotes are not substantive allegations that require an answer. To the extent headings, subheadings, figures, charts, tables, images, appendices, and footnotes are deemed to be substantive allegations that require an answer, RealPage answers by denying them. To the extent images, charts, tables, or figures are substantive allegations, RealPage's response to the paragraph in which the image, chart, table, or figure appears is RealPage's response to that image, chart, table, or figure as well. RealPage responds to the Amended Complaint as follows:

[1] The Court entered Final Judgment as to Plaintiff United States of America's claims against RealPage on May 19, 2026. Dkt. 194. Plaintiff State of Washington voluntarily dismissed its claims on February 25, 2025. Dkt. 105.

## AMENDED COMPLAINT

### I. INTRODUCTION

1. RealPage admits that Paragraph 1 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 1.

2. RealPage admits that Paragraph 2 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 2.

3. RealPage denies the allegations in Paragraph 3.

4. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5. RealPage admits that it offers revenue management software products—Lease Rent Options ("LRO"), YieldStar, and AI Revenue Management ("AIRM")—to owners and managers of residential rental apartments. Except as expressly admitted, RealPage denies the allegations in Paragraph 5.

6. RealPage denies the allegations in Paragraph 6.

7. RealPage admits that Paragraph 7 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 7.

8. RealPage denies the allegations in Paragraph 8.

9. RealPage admits that Paragraph 9 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 9.

10. RealPage admits that Paragraph 10 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 10.

11. RealPage admits that Paragraph 11 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 11.

12. RealPage denies the allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that

Plaintiffs purport to bring this action under Sections 1 and 2 of the Sherman Act. Except as expressly admitted, RealPage denies the allegations in Paragraph 13.

## II. REALPAGE'S REVENUE MANAGEMENT SOFTWARE IS FUELED BY NONPUBLIC, COMPETITIVELY SENSITIVE INFORMATION SHARED BY LANDLORDS

14. RealPage admits that it offers revenue management software products—LRO, YieldStar, and AIRM—to owners and managers of residential rental apartments. RealPage further admits that it acquired the LRO revenue management software in 2017. Except as expressly admitted, RealPage denies the allegations in Paragraph 14.

15. RealPage denies the allegations in Paragraph 15.

16. RealPage denies the allegations in Paragraph 16.

### A. Landlords Agree to Share Nonpublic, Competitively Sensitive Transactional Data with RealPage for Use in Generating Competitors' Pricing Recommendations

17. RealPage denies the allegations in Paragraph 17.

18. RealPage denies the allegations in Paragraph 18.

19. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to what "Landlords understand," and on that basis denies them. RealPage admits that Paragraph 19 purports to quote from and characterize sources that speak for themselves. Except as

expressly admitted, RealPage denies the allegations in Paragraph 19.

20. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to what landlords "understand," and on that basis denies them. RealPage admits that Paragraph 20 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 20.

21. RealPage denies the allegations in Paragraph 21.

22. RealPage admits that it offers products called OneSite, Performance Analytics with Benchmarking, and Business Intelligence. Except as expressly admitted, RealPage denies the allegations in Paragraph 22.

23. RealPage denies the allegations in Paragraph 23.

24. RealPage admits that Paragraph 24 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 24.

25. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to what "Landlords understand," and on that basis denies them.

RealPage admits that Paragraph 25 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 25.

26. RealPage admits that Paragraph 26 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 26.

27. RealPage admits that it offers a product called Market Analytics. Except as expressly admitted, RealPage denies the allegations in Paragraph 27.

### B. AIRM and YieldStar Users Agree with RealPage to Use the Software to Align Pricing

28. RealPage denies the allegations in Paragraph 28.

29. RealPage denies the allegations in Paragraph 29.

30. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 30 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 30.

31. RealPage admits that Paragraph 31 purports to characterize a source that speaks for itself. Except as

expressly admitted, RealPage denies the allegations in Paragraph 31.

32. RealPage admits that Paragraph 32 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 32.

33. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 33 and on that basis denies them. RealPage admits that Paragraph 33 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 33.

### C. RealPage's Transactional Data Is Fundamentally Different from Other Data Available to Landlords

34. RealPage denies the allegations in Paragraph 34.

35. RealPage admits that Paragraph 35 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 35.

36. RealPage admits that Paragraph 36 purports to quote from and characterize a source that speaks for itself. Except

as expressly admitted, RealPage denies the allegations in Paragraph 36.

37. RealPage admits that Paragraph 37 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 37.

38. RealPage admits that Paragraph 38 purports to characterize and show an image from a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 38.

**D. RealPage Revenue Management Software Uses Nonpublic, Competitively Sensitive Data to Recommend Prices**

39. RealPage admits that AIRM and YieldStar are built on a similar code base. RealPage admits that RealPage did not originally develop LRO and that LRO works differently from AIRM and YieldStar. Except as expressly admitted, RealPage denies the allegations in Paragraph 39.

**1. *AIRM and YieldStar Leverage Competitively Sensitive Data to Generate Price Recommendations***

40. RealPage denies the allegations in Paragraph 40.

**a) *AIRM model training relies on competitively sensitive data to generate learned parameters.***

41. RealPage denies the allegations in Paragraph 41.

### b) ***AIRM and YieldStar incorporate competitors' nonpublic data to generate floor plan price recommendations.***

42. RealPage denies the allegations in Paragraph 42.

43. RealPage denies the allegations in Paragraph 43.

44. RealPage admits that Paragraph 44 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 44.

45. RealPage admits that a market range chart is available in the AIRM and YieldStar user interface. Except as expressly admitted, RealPage denies the allegations in Paragraph 45.

46. RealPage denies the allegations in Paragraph 46.

47. RealPage denies the allegations in Paragraph 47.

48. RealPage denies the allegations in Paragraph 48.

49. RealPage denies the allegations in Paragraph 49.

50. RealPage admits that Paragraph 50 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 50.

51. RealPage denies the allegations in Paragraph 51.

52. RealPage admits that AIRM/YieldStar generates a daily price recommendation for each floorplan group at each AIRM/YieldStar client's property. Except as expressly admitted, RealPage denies the allegations in Paragraph 52.

c) ***AIRM and YieldStar use competitors' nonpublic data—including data on future occupancy—to determine unit-level prices.***

53. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 53 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 53.

54. RealPage denies the allegations in Paragraph 54.

55. RealPage admits that Paragraph 55 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 55.

56. RealPage denies the allegations in Paragraph 56.

57. RealPage denies the allegations in Paragraph 57.

58. RealPage denies the allegations in Paragraph 58.

2. ***LRO Relies Primarily on Landlords to Input Data on Competitors***

59. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 59 and on that basis denies them. RealPage admits that LRO generates price recommendations. Except as expressly admitted, RealPage denies the allegations in Paragraph 59.

60. RealPage admits that LRO includes an optional feature called AutoComp. Except as expressly admitted, RealPage denies the allegations in Paragraph 60.

### E. RealPage Uses Multiple Mechanisms to Increase Compliance with Price Recommendations

61. RealPage admits that AIRM and YieldStar provide daily price recommendations. Except as expressly admitted, RealPage denies the allegations in Paragraph 61.

#### 1. *AIRM and YieldStar Make it Easy to Accept Recommendations and More Difficult and Time-Consuming to Decline*

62. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 62 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 62.

63. RealPage admits that Paragraph 63 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 63.

64. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 64 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 64.

65. RealPage admits that Paragraph 65 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 65.

### 2. *RealPage Pushes Clients to Adopt Auto-Accept Settings That Automatically Approve Recommendations*

66. RealPage admits that AIRM and YieldStar each include optional Auto-Accept functionality. RealPage further admits that Auto-Accept includes various parameters that the user can set. Except as expressly admitted, RealPage denies the allegations in Paragraph 66.

67. RealPage admits that Paragraph 67 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 67.

68. RealPage admits that Paragraph 68 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 68.

### 3. ***RealPage Pricing Advisors Provide a "Check and Balance" on Property Managers to Increase Acceptance of Recommendations***

69. RealPage admits that it offers optional revenue management advisory services to customers of its revenue management software products. Except as expressly admitted, RealPage denies the allegations in Paragraph 69.

70. RealPage admits that Paragraph 70 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 70.

71. RealPage admits that Paragraph 71 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage denies the allegations in Paragraph 71.

72. RealPage admits that it provides a certification program to customers that choose to internalize pricing advisory services. Except as expressly admitted, RealPage denies the allegations in Paragraph 72.

#### 4. *Pricing Recommendations Heavily Influence Landlords' Behavior*

73. RealPage admits that Paragraph 73 purports to characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 73.

74. RealPage denies the allegations in Paragraph 74.

## III. COORDINATION AMONG COMPETING LANDLORDS IS A FEATURE OF THIS INDUSTRY

75. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 75 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 75.

### A. Rental Housing is a Necessity for Millions of Americans

76. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis denies them.

77. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and on that basis denies them.

### B. The Multifamily Property Industry is Rife with Cooperation Among Ostensible Competitors

78. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 78 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 78.

#### 1. *At the Local Level, the Multifamily Property Industry Comprises a Small Number of Large Landlords Managing Buildings with Different Owners*

79. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 79 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 79.

80. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 80 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 80.

81. RealPage admits that Paragraph 81 purports to characterize sources that speak for themselves. RealPage admits that a pricing advisor may be assigned to properties managed by different landlords. Except as expressly admitted, RealPage denies the allegations in Paragraph 81.

### 2. *Landlords Regularly Discuss Competitively Sensitive Topics with Their Competitors and Swap Information*

82. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 82 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 82.

83. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 83 and on that basis denies them. RealPage admits that Paragraph 83

purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 83.

84. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 84 and on that basis denies them. RealPage admits that Paragraph 84 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 84.

85. RealPage admits that Paragraph 85 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 85 and on that basis denies them.

86. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 86 and on that basis denies them.

87. RealPage admits that Paragraph 87 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 87 and on that basis denies them.

88. RealPage admits that Paragraph 88 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 88 and on that basis denies them.

89. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 89 and on that basis denies them.

90. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 90 and on that basis denies them.

91. RealPage admits that Paragraph 91 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth

of the allegations in Paragraph 91 and on that basis denies them.

92. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 92 and on that basis denies them.

93. RealPage admits that Paragraph 93 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 93 and on that basis denies them.

94. RealPage admits that Paragraph 94 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 94 and on that basis denies them.

95. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 95 and on that basis denies them.

96. RealPage admits that Paragraph 96 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 96 and on that basis denies them.

97. RealPage admits that Paragraph 97 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 97 and on that basis denies them.

98. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 98 and on that basis denies them. RealPage admits that Paragraph 98 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 98.

99. RealPage admits that Paragraph 99 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 99 and on that basis denies them.

100. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 100 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 100.

101. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 101 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 101.

### 3. ***At RealPage User Group Meetings, Landlords Discuss Competitively Sensitive Topics***

102. RealPage admits that it hosts user group meetings for AIRM, YieldStar, and LRO. RealPage further admits that Paragraph 102 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 102.

103. RealPage admits that it provides an Idea Exchange where users can submit ideas related to RealPage's software products. RealPage further admits that Paragraph 103 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 103.

104. RealPage admits that Paragraph 104 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 104.

105. RealPage admits that Paragraph 105 purports to characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 105.

106. RealPage admits that Paragraph 106 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 106.

107. RealPage admits that Paragraph 107 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage denies the allegations in Paragraph 107.

108. RealPage admits that Paragraph 108 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 108.

109. RealPage admits that Paragraph 109 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 109.

110. RealPage admits that Paragraph 110 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 110.

111. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements, conduct, or status of others set forth in Paragraph 111 and on that basis denies them. RealPage admits that Paragraph 111 purports to characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 111.

112. RealPage admits that Paragraph 112 purports to characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 112.

113. RealPage admits that Paragraph 113 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 113.

114. RealPage admits that Paragraph 114 purports to characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 114.

115. RealPage admits that Paragraph 115 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 115.

116. RealPage admits that Paragraph 116 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 116.

117. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements, conduct, or status of others set forth in Paragraph 117 and on that basis denies them. RealPage admits that Paragraph 117 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 117.

### C. RealPage Uses Nonpublic Information to Allow Landlords to More Easily Compare Units on an Apples-to-Apples Basis

118. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 118 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 118.

119. RealPage denies the allegations in Paragraph 119.

## IV. REALPAGE HARMS THE COMPETITIVE PROCESS AND RENTERS BY ENTERING INTO UNLAWFUL AGREEMENTS WITH LANDLORDS TO SHARE AND EXPLOIT COMPETITIVELY SENSITIVE DATA

120. RealPage denies the allegations in Paragraph 120.

### A. AIRM and YieldStar Have the Purpose and Effect of Distorting the Competitive Pricing of Apartments

121. RealPage admits that Paragraph 121 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage denies the allegations in Paragraph 121.

122. RealPage admits that Paragraph 122 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 122.

123. RealPage admits that Paragraph 123 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 123.

124. RealPage admits that Paragraph 124 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 124.

125. RealPage denies the allegations in Paragraph 125.

126. RealPage denies the allegations in Paragraph 126.

127. RealPage denies the allegations in Paragraph 127.

128. RealPage admits that Paragraph 128 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 128.

129. RealPage admits that Paragraph 129 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 129.

130. RealPage admits that Paragraph 130 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 130.

131. RealPage admits that Paragraph 131 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 131.

132. RealPage denies the allegations in Paragraph 132.

133. RealPage denies the allegations in Paragraph 133.

134. RealPage admits that Paragraph 134 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 134.

135. RealPage admits that Paragraph 135 purports to quote from and characterize a source that speaks for itself. Except

as expressly admitted, RealPage denies the allegations in Paragraph 135.

136. RealPage admits that Paragraph 136 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 136.

137. RealPage admits that Paragraph 137 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 137.

138. RealPage admits that Paragraph 138 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 138.

139. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to what "Landlords understand," and on that basis denies them. RealPage admits that Paragraph 139 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 139.

140. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 140 and on that basis denies them. RealPage admits that Paragraph 140 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 140.

141. RealPage admits that Paragraph 141 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 141.

**B. AIRM and YieldStar Impose Multiple Guardrails Intended to Artificially Keep Prices High or Minimize Price Decreases**

142. RealPage denies the allegations in Paragraph 142.

143. RealPage denies the allegations in Paragraph 143.

144. RealPage denies the allegations in Paragraph 144.

145. RealPage admits that Paragraph 145 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 145.

146. RealPage admits that Paragraph 146 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 146.

147. RealPage denies the allegations in Paragraph 147.

148. RealPage admits that Paragraph 148 purports to quote from a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 148.

149. RealPage denies the allegations in Paragraph 149.

150. RealPage admits that Paragraph 150 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 150.

151. RealPage denies the allegations in Paragraph 151.

152. RealPage denies the allegations in Paragraph 152.

### C. AIRM and YieldStar Harm the Competitive Process by Discouraging the Use of Discounts and Price Negotiations

153. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 153 regarding "concessions" and on that basis

denies them. RealPage denies the remaining allegations in Paragraph 153.

154. RealPage admits that Paragraph 154 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 154.

155. RealPage denies the allegations in Paragraph 155.

156. RealPage admits that Paragraph 156 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 156.

### D. AIRM and YieldStar Increase and Maintain Landlords' Pricing Power by Using Competitors' Data to Manage Lease Expirations

157. RealPage admits that Paragraph 157 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 157.

158. RealPage denies the allegations in Paragraph 158.

159. RealPage denies the allegations in Paragraph 159.

160. RealPage admits that market seasonality applies after a user decides to accept or override the AIRM or

YieldStar floorplan price recommendation. Except as expressly admitted, RealPage denies the allegations in Paragraph 160.

161. RealPage denies the allegations in Paragraph 161.

162. RealPage admits that Paragraph 162 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 162.

### E. No Procompetitive Benefit Justifies, Much Less Outweighs, RealPage's Use of Competitively Sensitive Data to Align Competing Landlords

163. Paragraph 163 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 163.

## V. REALPAGE USES LANDLORDS' COMPETITIVELY SENSITIVE DATA TO MAINTAIN ITS MONOPOLY AND EXCLUDE COMMERCIAL REVENUE MANAGEMENT SOFTWARE COMPETITORS

164. RealPage admits that Paragraph 164 purports to characterize documents that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 164.

165. RealPage denies the allegations in Paragraph 165.

166. RealPage denies the allegations in Paragraph 166.

### A. Landlords Are Drawn to RealPage Because of Access to Nonpublic Transactional Data That Is Used to Increase Landlords' Revenue

167. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements or conduct of others set forth in Paragraph 167 and on that basis denies them. RealPage admits that Paragraph 167 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 167.

168. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements or conduct of others set forth in Paragraph 168 and on that basis denies them. RealPage admits that Paragraph 168 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 168.

169. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements or conduct of others set forth in Paragraph 169 and on that basis denies them. RealPage admits that Paragraph 169 purports to quote from and characterize sources that speak

for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 169.

170. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements, conduct, or status of others set forth in Paragraph 170 and on that basis denies them. RealPage admits that Paragraph 170 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 170.

171. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements, conduct, or status of others set forth in Paragraph 171 and on that basis denies them. RealPage admits that Paragraph 171 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 171.

### B. RealPage's Collection and Use of Competitively Sensitive Data Excludes Competition in Commercial Revenue Management Software

172. RealPage admits that Paragraph 172 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage denies the allegations in Paragraph 172.

173. RealPage admits that Paragraph 173 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 173.

174. RealPage admits that Paragraph 174 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 174.

175. RealPage admits that Paragraph 175 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 175.

176. RealPage admits that Paragraph 176 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 176.

177. RealPage admits that Paragraph 177 purports to quote from and characterize sources that speak for themselves.

Except as expressly admitted, RealPage denies the allegations in Paragraph 177.

178. RealPage admits that Paragraph 178 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 178.

179. RealPage admits that Paragraph 179 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 179.

180. RealPage admits that Paragraph 180 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 180.

181. RealPage admits that Paragraph 181 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 181.

182. RealPage denies the allegations in Paragraph 182.

## VI. RELEVANT MARKETS

### A. Conventional Multifamily Rental Housing Markets

#### 1. *Product Markets*

183. Paragraph 183 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 183.

184. RealPage admits that Paragraph 184 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 184.

##### a) *Conventional Multifamily Rentals Are Distinct From Other Types of Multifamily Housing*

185. Paragraph 185 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Paragraph 185 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 185.

186. RealPage admits that it offers different versions of AIRM and OneSite for student housing. RealPage further admits that Paragraph 186 purports to characterize sources

that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186 and on that basis denies them.

187. Paragraph 187 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and on that basis denies them.

188. Paragraph 188 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Paragraph 188 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188 and on that basis denies them.

189. Paragraph 189 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and on that basis denies them.

### b) ***Single-Family Housing Is Not A Reasonable Substitute to Multifamily Rentals***

190. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to classifications of properties by others as set forth in Paragraph 190 and on that basis denies them.

191. Paragraph 191 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Paragraph 191 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 191.

192. RealPage admits that Paragraph 192 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 192 and on that basis denies them.

193. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 193 and on that basis denies them.

194. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 194 and on that basis denies them.

#### c) *Conventional Multifamily Rental Units With Different Bedroom Counts Are Relevant Product Markets*

195. Paragraph 195 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations as to the conduct or status of others set forth in Paragraph 195 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 195.

196. RealPage denies the allegations in Paragraph 196.

197. RealPage admits that Paragraph 197 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 197.

198. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 198 and on that basis denies them. RealPage admits that Paragraph 198 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 198.

199. RealPage admits that Paragraph 199 purports to characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 199 and on that basis denies them.

**2. *Geographic Markets***

200. Paragraph 200 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 200.

201. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements of the former property manager set forth in

Paragraph 201 and on that basis denies them. RealPage admits that Paragraph 201 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 201.

202. RealPage admits that it created a tool called "True Comps." RealPage further admits that Paragraph 202 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 202.

203. RealPage denies the allegations in Paragraph 203.

**a) *RealPage-Defined Submarkets Identify Relevant Geographic Markets***

204. RealPage admits that it uses geographic submarkets in the ordinary course of business. Except as expressly admitted, RealPage denies the allegations in Paragraph 204.

205. RealPage admits that Paragraph 205 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and on that basis denies them.

206. RealPage admits that Paragraph 206 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 206 and on that basis denies them.

207. RealPage admits that Paragraph 207 purports to characterize a source that speaks for itself. Except as expressly admitted, RealPage lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 207 and on that basis denies them.

208. Paragraph 208 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 208, including the allegations in Appendix A.

209. RealPage denies the allegations in Paragraph 209.

210. Paragraph 210 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the

allegations in Paragraph 210, including the allegations in Appendix B.

211. RealPage denies the allegations in Paragraph 211.

### b) *Core-Based Statistical Areas (CBSAs) Are Relevant Geographic Markets*

212. Paragraph 212 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies them. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 212 and on that basis denies them.

213. RealPage admits that Paragraph 213 purports to quote from sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 213.

214. RealPage denies the allegations in Paragraph 214, including the allegations in Table 1.

215. RealPage denies the allegations in Paragraph 215.

216. RealPage denies the allegations in Paragraph 216, including the allegations in Table 2.

217. RealPage denies the allegations in Paragraph 217.

218. Paragraph 218 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and on that basis denies them.

**B. Commercial Revenue Management Software Market**

219. RealPage denies the allegations in Paragraph 219.

**1. *Product Market***

220. RealPage denies the allegations in Paragraph 220.

221. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 regarding "others in the industry" and on that basis denies them. RealPage denies the remaining allegations in Paragraph 221.

222. RealPage admits that Paragraph 222 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 222.

223. RealPage admits that Paragraph 223 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 223.

224. RealPage admits that Paragraph 224 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 224.

225. RealPage admits that Paragraph 225 purports to quote from and characterize a source that speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 225.

226. RealPage denies the allegations in Paragraph 226.

227. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements, conduct, or status of others set forth in Paragraph 227 and on that basis denies them. RealPage admits that Paragraph 227 purports to quote from and characterize sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 227.

228. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the statements, conduct, or status of others set forth in Paragraph 228 and on that basis denies them. RealPage admits that Paragraph 228 purports to quote from and characterize

sources that speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 228.

### 2. ***Geographic Market***

229. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to the conduct or status of others set forth in Paragraph 229 and on that basis denies them. RealPage denies the remaining allegations in Paragraph 229.

## VII. JURISDICTION, VENUE, AND COMMERCE

230. Paragraph 230 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 230 to the extent the Court has entered Final Judgment on claims brought by the United States against certain Defendants, including RealPage; admits that as to the other Defendants, the United States purports to bring this action pursuant to Section 4 of the Sherman Act, 15 U.S.C. § 4, for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; and denies all remaining allegations in Paragraph 230.

231. Paragraph 231 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage admits that the Plaintiff States purport to bring this action pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and seek injunctive and other equitable relief. Except as expressly admitted, RealPage denies the allegations in Paragraph 231.

232. Paragraph 232 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 232.

233. Paragraph 233 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead subject-matter jurisdiction pursuant to Section 4 of the Sherman Act, 15 U.S.C. § 4, and 28 U.S.C. §§ 1331, 1337(a), and 1345.

234. Paragraph 234 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead personal jurisdiction over RealPage and venue pursuant to Section 12 of the Clayton Act,

15 U.S.C. § 22, and 28 U.S.C. § 1391. Except as expressly admitted, RealPage denies the allegations in Paragraph 234.

235. RealPage admits that it is a corporation headquartered in Richardson, Texas, organized and existing under the laws of Delaware, and that it is registered to do business in the State of North Carolina. Except as expressly admitted, RealPage denies the allegations in Paragraph 235.

236. Paragraph 236 states legal conclusions or characterizations to which no response is required.

237. Paragraph 237 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead personal jurisdiction over Camden and venue pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391. RealPage otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and on that basis denies them.

238. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 238, and on that basis denies them.

239. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and on that basis denies them.

240. Paragraph 240 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead personal jurisdiction over Cortland and venue pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391. RealPage otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and on that basis denies them.

241. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and on that basis denies them.

242. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and on that basis denies them.

243. Paragraph 243 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that

Plaintiffs purport to plead personal jurisdiction over Cushman & Wakefield and Pinnacle and venue pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391. RealPage otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and on that basis denies them.

244. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and on that basis denies them.

245. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and on that basis denies them.

246. Paragraph 246 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead personal jurisdiction over Greystar and venue pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391. RealPage otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and on that basis denies them.

247. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 247, and on that basis denies them.

248. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and on that basis denies them.

249. Paragraph 249 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead personal jurisdiction over LivCor and venue pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391. RealPage otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 and on that basis denies them.

250. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and on that basis denies them.

251. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 and on that basis denies them.

252. Paragraph 252 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage admits that Plaintiffs purport to plead personal jurisdiction over Willow Bridge and venue pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391. RealPage otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and on that basis denies them.

253. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 and on that basis denies them.

254. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 and on that basis denies them.

255. RealPage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 and on that basis denies them.

256. RealPage admits that it has information on the number of rental housing units that have a license to use its commercial revenue management software products and where

those units are located. RealPage admits that it uses geographic submarkets in the ordinary course of business and some of those markets and submarkets are entirely or partially within North Carolina. Except as expressly admitted, RealPage denies the allegations in Paragraph 256.

257. RealPage denies the allegations in Paragraph 257.

258. RealPage denies the allegations in Paragraph 258.

## VIII. VIOLATIONS ALLEGED

### *First Claim for Relief: Violation of Section 1 of the Sherman Act by Unlawfully Sharing Information for Use in Competitors' Pricing*

**(By All Plaintiffs Against RealPage, Cushman & Wakefield, Greystar, LivCor, and Pinnacle; By All Plaintiffs Except Washington Against Camden and Willow Bridge; By the United States, Colorado, and North Carolina Against Cortland)**

259. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

260. Paragraph 260 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 260.

261. Paragraph 261 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 261.

262. Paragraph 262 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 262.

263. Paragraph 263 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 263.

264. Paragraph 264 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 264.

265. Paragraph 265 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 265.

266. Paragraph 266 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 266.

267. Paragraph 267 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 267.

268. Paragraph 268 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 268.

269. Paragraph 269 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 269.

***Second Claim for Relief: Violation of Section 1 of the Sherman Act Through Agreements to Align Pricing***

**(By All Plaintiffs Against RealPage, Cushman & Wakefield, Greystar, LivCor, and Pinnacle; By All Plaintiffs Except Washington Against Camden and Willow Bridge; By the United States, Colorado, and North Carolina Against Cortland)**

270. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

271. Paragraph 271 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 271.

272. Paragraph 272 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 272.

273. RealPage lacks knowledge or information sufficient to form a belief regarding the truth of allegations as to what landlords "understand," and on that basis denies them. Paragraph 273 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 273.

274. Paragraph 274 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 274.

275. Paragraph 275 states legal conclusions to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 275.

276. Paragraph 276 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 276.

277. Paragraph 277 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 277.

278. Paragraph 278 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 278.

279. Paragraph 279 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 279.

### ***Third Claim for Relief: Violation of Section 2 of the Sherman Act Through Monopolization of the Commercial Revenue Management Software Market***

**(By All Plaintiffs Against RealPage)**

280. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

281. Paragraph 281 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 281.

282. Paragraph 282 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 282.

283. Paragraph 283 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 283.

284. Paragraph 284 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 284.

***Fourth Claim for Relief, in the Alternative: Violation of Section 2 of the Sherman Act Through Attempted Monopolization of the Commercial Revenue Management Software Market***

**(By All Plaintiffs Against RealPage)**

285. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

286. Paragraph 286 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 286.

287. Paragraph 287 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage denies the allegations in Paragraph 287.

288. Paragraph 288 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 288.

289. Paragraph 289 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 289.

***Fifth Claim for Relief: Violation of North Carolina Law***

290. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

291. Paragraph 291 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 291.

292. Paragraph 292 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage denies the allegations in Paragraph 292.

293. Paragraph 293 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 293.

294. Paragraph 294 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 294.

***Sixth Claim for Relief: Violation of California Law***

295. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

296. Paragraph 296 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 296.

297. Paragraph 297 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage denies the allegations in Paragraph 297.

***Seventh Claim for Relief: Violation of Colorado Law***

298. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

299. Paragraph 299 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 299.

300. Paragraph 300 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 300.

301. Paragraph 301 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 301.

302. Paragraph 302 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage denies the allegations in Paragraph 302.

303. Paragraph 303 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 303.

***Eighth Claim for Relief: Violation of Connecticut Law***

304. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein. Paragraph 304 otherwise states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 304.

305. Paragraph 305 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 305.

306. Paragraph 306 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage denies the allegations in Paragraph 306.

***Ninth Claim for Relief: Violation of Illinois Law***

307. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein. Paragraph 307 otherwise states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 307.

308. Paragraph 308 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 308.

309. Paragraph 309 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 309.

***Tenth Claim for Relief: Violation of Massachusetts Law***

310. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein. Paragraph 310

otherwise states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 310.

311. Paragraph 311 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 311.

312. Paragraph 312 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 312.

313. Paragraph 313 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 313.

314. Paragraph 314 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 314.

***Eleventh Claim for Relief: Violation of Oregon Law***

315. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein. Paragraph 315 otherwise states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 315.

316. Paragraph 316 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 316.

317. Paragraph 317 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 317.

***Twelfth Claim for Relief: Violation of Tennessee Law***

318. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein. Paragraph 318 otherwise states legal conclusions or characterizations to

which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 318.

319. Paragraph 319 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 319.

320. Paragraph 320 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 320.

321. Paragraph 321 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 321.

322. Paragraph 322 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 322.

323. Paragraph 323 states legal conclusions or characterizations to which no response is required. To the

extent a response is deemed required, RealPage denies the allegations in Paragraph 323.

324. Paragraph 324 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 324.

325. Paragraph 325 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 325.

### ***Thirteenth Claim for Relief: Violation of Washington Law***

326. Paragraph 326 does not require a response because the State of Washington has voluntarily dismissed its claims against all Defendants. To the extent a response is deemed required, RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Amended Complaint as though fully set forth herein.

327. Paragraph 327 does not require a response because the State of Washington has voluntarily dismissed its claims against all Defendants. To the extent a response is deemed required, Paragraph 327 states legal conclusions or

characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 327.

328. Paragraph 328 does not require a response because the State of Washington has voluntarily dismissed its claims against all Defendants. To the extent a response is deemed required, Paragraph 328 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 328.

329. Paragraph 329 does not require a response because the State of Washington has voluntarily dismissed its claims against all Defendants. To the extent a response is deemed required, Paragraph 329 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 329.

330. Paragraph 330 does not require a response because the State of Washington has voluntarily dismissed its claims against all Defendants. To the extent a response is deemed required, Paragraph 330 states legal conclusions or

characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 330.

331. Paragraph 331 does not require a response because the State of Washington has voluntarily dismissed its claims against all Defendants. To the extent a response is deemed required, Paragraph 331 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 331.

## IX. REQUEST FOR RELIEF

332. Paragraph 332 states legal conclusions or characterizations to which no response is required. To the extent a response is deemed required, RealPage denies the allegations in Paragraph 332.

## X. DEMAND FOR A JURY TRIAL

333. RealPage admits that Plaintiffs demand a trial by jury of all issues so triable.

## REALPAGE'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof of production

that it would not otherwise bear, RealPage asserts the following avoidances and defenses. Nothing stated herein is intended or shall be construed as an admission that any issue or subject matter is relevant to Plaintiffs' allegations. To the extent necessary, RealPage alleges that to the extent Plaintiffs' claims rest on an alleged conspiracy, they are barred because the acts Plaintiffs allege RealPage undertook in furtherance of the alleged conspiracy were in RealPage's unilateral business interest.

**FIRST DEFENSE**

**(Statute of Limitations)**

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2. To the extent Plaintiffs seek to bring claims outside the applicable statute of limitations, such claims are time-barred.

3. To the extent Plaintiffs' Amended Complaint relies on information made public before the applicable statute of limitations period, Plaintiffs' Amended Complaint is time-barred.

**SECOND DEFENSE**

**(Failure to Mitigate)**

4. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, failed to exercise reasonable care to mitigate any damages they may have suffered.

5. To the extent Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, believed Defendants agreed to use RealPage RMS and that such agreement had the effect of raising rental prices above competitive levels, Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, had an obligation to mitigate their damages by seeking other sources of supply, including from other property managers or owners. Failure by Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, to exercise reasonable care to mitigate damages was the complete or partial cause of any damages they may have suffered.

## THIRD DEFENSE

**(Lack of Proximate Cause & Intervening/Superseding Conduct)**

6. Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of RealPage or were caused, if at all, solely and proximately by the conduct of parties other than RealPage.

## FOURTH DEFENSE

**(Waiver)**

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, continuing rental leases at what they now allege are prices above the competitive level manifests an intention to waive any right to bring this suit and is inconsistent with any other intention.

9. Plaintiffs, and/or any other person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

**FIFTH DEFENSE**

**(Laches)**

10. Plaintiffs' claims are barred by the equitable doctrine of laches.

11. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claim.

12. Plaintiffs' unreasonable lack of diligence in bringing their claim now bars it.

**SIXTH DEFENSE**

**(Arbitration Agreements, Class Action Waivers, or Other Contractual Terms)**

13. Plaintiffs' claims are barred, in whole or in part, to the extent the rental lease agreements pursuant to which any person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action rented its apartment or other agreements any person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action entered into with a Defendant contain arbitration clauses, clauses providing a different forum for the resolution of their claims, or provisions waiving the ability to bring a representative claim.

## SEVENTH DEFENSE

**(Right to Set Off Amounts Paid)**

14. Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

## EIGHTH DEFENSE

**(Improper Damages)**

15. Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## NINTH DEFENSE

**(Lack of Standing)**

16. Plaintiffs' claims are barred, in whole or in part, insofar as they lack standing to assert any or all of the claims alleged in the Amended Complaint.

## TENTH DEFENSE

**(Justified & Pro-Competitive Conduct)**

17. Some or all of Plaintiffs' claims are barred because all of RealPage's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was a part of RealPage's lawful business operations.

**ELEVENTH DEFENSE**

**(Incorporating Other Defendants' Defenses)**

18. RealPage adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to RealPage.

**TWELFTH DEFENSE**

**(Relief Not in Public Interest)**

19. The relief sought in the Amended Complaint is not in the public interest.

**THIRTEENTH DEFENSE**

**(Right to Separate Trials)**

20. Plaintiffs' claims are barred, in whole or in part, to the extent that permitting the combined adjudication of the claims of Plaintiffs and of all other persons and entities

in whose name and/or on whose behalf Plaintiffs purport to commence this action would violate the Defendants' constitutional right to separate trials.

**FOURTEENTH DEFENSE**

**(Due Process and Comity)**

21. Plaintiffs' claims are barred, in whole or in part, based upon the filing of duplicative actions seeking recovery on the same alleged conduct, based upon similar theories of recovery, and on behalf of a putative class of plaintiffs that would include many of the persons and entities in whose name and/or on whose behalf Plaintiffs purport to bring this action. It would violate principles of due process and comity to allow duplicative actions to proceed at the same time.

**FIFTEENTH DEFENSE**

**(Lack of Authority)**

22. Plaintiffs' claims are barred, in whole or in part, to the extent any Plaintiff does not have the authority, whether under statute, common law, equity, or otherwise, to seek a form of relief requested in the Amended Complaint, including but not limited to seeking recovery on behalf of

individuals and entities, and including but not limited to seeking damages under federal or state law.

**SIXTEENTH DEFENSE**

**(Res Judicata and Release)**

23. Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying the same, Plaintiffs' claims are barred, or may become barred, in whole or in part, by the doctrine of release and/or res judicata.

**SEVENTEENTH DEFENSE**

**(Lack of Jurisdiction)**

24. To the extent the Amended Complaint seeks to assert a claim or obtain relief on behalf of anyone located outside of the State or Commonwealth asserting that claim, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce that State's or Commonwealth's laws as to residents of other states would violate the Due Process Clause and the Commerce Clause, Article I, Section 8, Clause 3 of the U.S. Constitution and various state laws and constitutions.

**EIGHTEENTH DEFENSE**

**(Right to Assert Other Defenses)**

25. RealPage reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**NINETEENTH DEFENSE**

**(Failure to State a Claim)**

26. The Amended Complaint fails to state a claim upon which relief can be granted.

**TWENTIETH DEFENSE**

**(Adequate Remedy at Law)**

27. Plaintiffs' requests for injunctive and other equitable relief are barred, in whole or in part, by the existence of adequate remedies at law.

**TWENTY-FIRST DEFENSE**

**(Legitimate Business Justifications, Ancillary Restraints)**

28. RealPage alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition. Plaintiffs' claims are barred, in whole or in part, because any challenged conduct by RealPage was ancillary to lawful

and procompetitive conduct and reasonably necessary to achieve the legitimate objectives of those agreements.

**TWENTY-SECOND DEFENSE**

**(No Injury or Threatened Injury)**

29. Plaintiffs' claims are barred, in whole or in part, because neither Plaintiffs nor any person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action has sustained, or is threatened by, any injury in fact or antitrust injury proximately caused by an act or omission by RealPage.

**TWENTY-THIRD DEFENSE**

**(No Entitlement to Injunctive Relief)**

30. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs, or to any person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, is not immediate or irreparable, is self-inflicted, and is not of a nature that warrants the relief requested in the Amended Complaint.

**TWENTY-FOURTH DEFENSE**

**(Failure to Join an Indispensable Party)**

31. Plaintiffs have failed to join all parties necessary for a just adjudication of their purported claims.

**TWENTY-FIFTH DEFENSE**

**(Protected Rights – Intellectual Property & Other Statutes)**

32. Plaintiffs' claims are barred, in whole or in part, insofar as they make claims or seek remedies that conflict with RealPage's rights under intellectual property law or other statutes.

**TWENTY-SIXTH DEFENSE**

**(Protected Rights – Contract)**

33. Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs, or any person or entity in whose name and/or on behalf of whom Plaintiffs purport to bring this action, make claims or seek remedies that conflict with, are barred by, or are waived by the terms of their agreements with RealPage.

**TWENTY-SEVENTH DEFENSE**

**(Estoppel)**

34. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, including because Plaintiffs, and/or any other person or entity in whose name and/or on

behalf of whom Plaintiffs purport to bring this action, have long been aware of the conduct now challenged and continued to accept the benefits of their relationships with Defendants without objection.

**TWENTY-EIGHTH DEFENSE**

**(Unclean Hands)**

35. Plaintiffs' claims for injunctive and other equitable relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-NINTH DEFENSE**

**(Non-Justiciability)**

36. Plaintiffs' claims are barred, in whole or in part, because they are non-justiciable.

**THIRTIETH DEFENSE**

**(Not Unlawful, Unfair, or Fraudulent)**

37. Plaintiffs' claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and under the other state consumer protection and unfair trade practices statutes invoked in the Amended Complaint, are barred in whole or in part because the alleged business practices are not unlawful, unfair, fraudulent, deceptive, or

likely to mislead consumers within the meaning of those statutes or otherwise.

**THIRTY-FIRST DEFENSE**

**(Waiver of Damages)**

38. Plaintiffs have waived any right to seek damages for the injuries alleged in the Amended Complaint to the extent they have failed to assert a claim for such relief in the Amended Complaint.

**THIRTY-SECOND DEFENSE**

**(Election of Remedies)**

39. Any attempt by Plaintiffs to seek damages for the injuries alleged in the Amended Complaint is barred, in whole or in part, by the election of remedies doctrine.

**THIRTY-THIRD DEFENSE**

**(Effective Opt-Out)**

40. To the extent Plaintiffs seek monetary relief in whose name and/or on behalf of any person or entity that is a member of a putative or certified class in *In re RealPage, Inc., Rental Software Antitrust Litigation (No. II)*, No. 3:23-md-03071 (M.D. Tenn.), or in any other action seeking recovery for the same alleged conduct, such person or entity

has forfeited any recovery or remedies it may be entitled to in those actions, including monetary damages, or is barred from duplicative recovery in this action.

## THIRTY-FOURTH DEFENSE

### (No Entitlement to Interest, Attorneys' Fees, or Costs)

41. Plaintiffs are not entitled to interest, attorneys' fees, or costs in connection with this action.

## ADDITIONAL DEFENSES

42. RealPage presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated, defenses. RealPage has not knowingly and intentionally waived any applicable defenses and reserves the right to assert additional defenses as they become known to it through discovery in this matter. RealPage reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through clarification of Plaintiffs' Amended Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, RealPage prays:

43. That the Amended Complaint be dismissed as to RealPage, with prejudice, and for such other relief as the Court deems just and proper, including any entitlement to costs or fees.

Dated: November 11, 2026 Respectfully submitted,

/s/ Adam K. Doerr

ADAM K. DOERR
N.C. BAR NO. 37807
ADOERR@RBH.COM
CAROLINE H. REINWALD
N.C. BAR NO. 58053
CREINWALD@RBH.COM

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. TRYON ST., STE. 1900
CHARLOTTE, NORTH CAROLINA 28246
TELEPHONE: 704.377.2536
FACSIMILE: 704.378.4000

STEPHEN WEISSMAN
(LR 83.1(D) COUNSEL)
SWEISSMAN@GIBSONDUNN.COM
MICHAEL J. PERRY
(LR 83.1(D) COUNSEL)
MJPERRY@GIBSONDUNN.COM

GIBSON, DUNN & CRUTCHER LLP
1700 M STREET, NW
WASHINGTON, DC 20036-4504
TELEPHONE: (202) 955-8500

BEN A. SHERWOOD
(LR 83.1(D) COUNSEL)
BSHERWOOD@GIBSONDUNN.COM

GIBSON, DUNN & CRUTCHER LLP
200 PARK AVENUE
NEW YORK, NY 10166-0193
TELEPHONE: (212) 351-2671

DANIEL G. SWANSON
(LR 83.1(D) COUNSEL)
DSWANSON@GIBSONDUNN.COM

JAY P. SRINIVASAN
(LR 83.1(D) COUNSEL)
JSRINIVASAN@GIBSONDUNN.COM

GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-3197
TELEPHONE: (213) 229-7000

CHRIS WHITTAKER
(LR 83.1(D) COUNSEL)
CWHITTAKER@GIBSONDUNN.COM

GIBSON, DUNN & CRUTCHER LLP
3161 MICHELSON DRIVE, SUITE 1200
IRVINE, CA 92612-4412
TELEPHONE: (949) 451-4337

*Attorneys for Defendant RealPage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2026, I filed the foregoing document titled **DEFENDANT REALPAGE, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** using the Court's CM/ECF system which will send notification to all counsel of record.

*/s/ Adam K. Doerr*
Adam K. Doerr